# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 24-2801

**Case Name** Padilla, et al. v. U.S. Immigration and Customs Enforcement, et al.

**Counsel submitting this form** David Kim

**Represented party/parties** Defendants-Appellants

*Briefly describe the dispute that gave rise to this lawsuit.*

Appellees challenge certain aspects of the government's implementation of the expedited removal statute, 8 U.S.C. § 1225(b)(1). Under that statute, certain noncitizens arriving in the United States who lack valid entry documentation may be ordered removed without further hearing or review unless they indicate an intention to apply for asylum or a fear of persecution. At that point, an asylum officer must assess whether the noncitizen has a credible fear of persecution. In their operative complaint, Appellees alleged that due process entitles noncitizens under expedited removal to a credible fear interview within ten days of an expression of fear and that, for those individuals found to have a credible fear, the government must provide a bond hearing within seven days of a request for one, along with certain procedural protections. The district court below certified two nationwide classes corresponding to those dual claims: a "credible fear interview class" and a "bond hearing class."

There was previously litigation (including a petition for certiorari) over a preliminary injunction ordered by the district court, but the case was remanded to the district court, and on March 3, 2023, the government filed a motion to dismiss Appellees' complaint. In that motion, the government argued that Appellees' suit was foreclosed by statute, where they challenged policies implementing the expedited removal statute. The government also argued that Appellees' claim of a constitutional entitlement to bond hearings should be dismissed, where neither the Constitution nor any statute provides for such a right. As for the credible fear interview class, all of those claims have since been settled.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Rev. 09/01/22*

*Briefly describe the result below and the main issues on appeal.*

On December 4, 2023, the district court issued its ruling on the government's motion to dismiss. The district court dismissed Appellees' notice-and-comment claim, as well as their claim of unreasonable delay under the APA. The district court denied the rest of the government's motion. Specifically, it found that it had jurisdiction to hear Appellees' challenge to the government's implementation of the expedited removal statute. It also found that Appellees had alleged a viable due process claim. In particular, the district court was unpersuaded by the government's reliance on the decision in Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. ___, 140 S. Ct. 1959 (2020), where it was of the view that Appellees' claims in this case do not implicate the admission process in any way and thus do not track the claims in Thuraissigiam.

The main issues on appeal are as follow:
(1) Whether 8 U.S.C. § 1252 limits judicial review, if any, to the District Court for the District of Columbia with respect to claims challenging the government's systemwide implementation of the expedited removal statute;
(2) Whether Thuraissigiam supports the proposition that noncitizens under expedited removal have only those due process rights provided by statute; and
(3) Whether noncitizens under expedited removal are entitled to bond hearings, despite the lack of statutory recognition of any such right.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

This case was previously before this Court on the government's appeal of the district court's preliminary injunction ordering bond hearings within seven days of request, inter alia. The Court affirmed insofar as it recognized a due process right to bond hearings for the class, but remanded for further findings as to the particular procedures due. Padilla v. Immigration and Customs Enforcement, 953 F.3d 1134 (9th Cir. 2020), cert. granted Immigration and Customs Enforcement v. Padilla, 141 S. Ct. 1041. The government filed a petition for a writ of certiorari. The Supreme Court granted, vacated, and remanded this Court's decision "for further consideration in light of" Thuraissigiam. The parties explored mediation with this Court's mediator to no avail. Subsequently, this Court remanded to the district court to vacate its preliminary injunction and for further consideration in light of Thuraissigiam.

**Signature** s/David Kim    **Date** 05/08/2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**    Rev. 09/01/22