No. 24-2801

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

YOLANY PADILLA, et al.
Plaintiffs-Appellees,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.
Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

## APPELLANTS' EXCERPTS OF RECORD
## VOLUME 2 OF 2

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
SARAH S. WILSON
*Assistant Directors*
LAUREN C. BINGHAM
*Senior Litigation Counsel*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
202-616-4458
DAVID KIM
*Senior Litigation Counsel*
BICHNGOC T. DO
*Trial Attorney*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, IBIS GUZMAN,
BLANCA ORANTES, BALTAZAR
VASQUEZ,

                Plaintiffs,

      v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,

                Defendants.

CASE NO. C18-928 MJP

ORDER GRANTING MOTION TO
CERTIFY FOR INTERLOCUTORY
APPEAL

      This matter comes before the Court on Defendants' Motion to Certify for Interlocutory

Appeal. (Dkt. No. 233.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 234), the

Reply (Dkt. No. 235), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

      Defendants ask the Court to certify for interlocutory appeal two issues from the Court's

Order denying their Motion to Dismiss. (Mot. at 1.) Specifically, Defendants ask the Court to

certify the questions of whether: (1) the Court has subject matter jurisdiction over Plaintiffs'

1    claims; and (2) Plaintiffs may pursue constitutional due process claims regarding bond hearings.

2    (id.) The Court does not repeat or review the underlying Order on the Motion to Dismiss, and

3    instead refers the reader to the Order itself, at Docket Number 217.

4                                    **ANALYSIS**

5    **A.      Interlocutory Appeal Proper**

6            Interlocutory appeals are governed by 28 U.S.C. § 1292(b). The law states:

7            When a district judge, in making in a civil action an order not otherwise appealable under
             this section, shall be of the opinion that such order involves a controlling question of law
8            as to which there is substantial ground for difference of opinion and that an immediate
             appeal from the order may materially advance the ultimate termination of the litigation,
9            he shall so state in writing in such order.

10   28 U.S.C. § 1292(b). Under this law, certification is appropriate where there is: (1) a controlling

11   question of law; (2) a substantial ground for difference of opinion on that question; and (3) a

12   likelihood that immediate appeal will materially advance the conclusion of the litigation. See id.

13   "Certification under § 1292(b) requires the district court to expressly find in writing that all three

14   § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

15   Here, the Parties agree that the two questions Defendants identify are controlling issues of law,

16   but they diverge on the latter two factors. The Court reviews them below.

17           **1.      Substantial Ground for Difference of Opinion**

18           "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b),

19   courts must examine to what extent the controlling law is unclear." Id. "Courts traditionally will

20   find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on

21   the question and the court of appeals of the circuit has not spoken on the point, if complicated

22   questions arise under foreign law, or if novel and difficult questions of first impression are

23   presented.'" Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes

24   omitted)). But "when novel legal issues are presented, on which fair-minded jurists might reach

1    contradictory conclusions, a novel issue may be certified for interlocutory appeal without first

2    awaiting development of contradictory precedent." Reese v. BP Expl. (Alaska) Inc., 643 F.3d

3    681, 688 (9th Cir. 2011). "A substantial ground for difference of opinion exists where reasonable

4    jurists might disagree on an issue's resolution, not merely where they have already disagreed."

5    Id.

6        While a close question, the Court agrees with Defendants that both questions present

7    novel legal issues on which fair-minded jurists might reach contradictory conclusions. First,

8    although the Court remains convinced that it has subject matter jurisdiction, it agrees with

9    Defendants that fair minded jurists might disagree. The jurisdictional issues presented appear to

10   be novel and unaddressed by the Ninth Circuit or the Supreme Court. And although the cases on

11   which Defendants rely do not squarely address the jurisdictional issues the Court here analyzed,

12   the cases highlight the possibility that fair-minded jurists may disagree with the Court's

13   conclusion on these similar issues. (See Mot. at 9-10.) Second, the Court also agrees with

14   Defendants that fair-minded jurists might disagree with the Court's determination that the

15   decision in Department of Homeland Security v. Thuraissigiam, 591 U.S. ___, 140 S. Ct. 1959

16   (2020) does not bar Plaintiffs' due process claims. While the Court has not altered its

17   conclusions as to Thuraissigiam, it appreciates that this novel and complex issue may well lead

18   to a difference of opinion at the Ninth Circuit. And while Defendants have not identified any

19   existing authority that squarely supports their arguments, they have identified two recent

20   decisions from the Ninth Circuit suggest some jurists might extend the reasoning in

21   Thuraissigiam to the present dispute. See Mendoza-Linares v. Garland, 51 F.4th 1146 (9th Cir.

22   2022); Guerrier v. Garland, 18 F.4th 304 (9th Cir. 2021). Accordingly, the Court finds the first

23   two considerations under § 1292(b) satisfied.

24

###### 2.      Immediate Appeal Will Advance this Matter

The Court also finds that an immediate appeal will materially advance the resolution of this litigation. First, if the Ninth Circuit agrees with Defendants that the Court lacks subject matter jurisdiction, then the Parties and Court will avoid spending their limited resources in litigating a matter that should not be before this Court. Resolving that question now rather than after the case has concluded, will materially advance resolution of the case. Second, should the Ninth Circuit agree with Defendants that Plaintiffs lack the constitutional rights they seek to vindicate through this action, then the parties and Court would save substantial resources and avoid unnecessary litigation by having that question answered now rather than at the conclusion of the case. And while the Court agrees with Plaintiffs that the constitutional claims will require a full factual record for ultimate resolution, a determination of whether Plaintiffs have the underlying rights is a question that can be determined on the allegations presented in the operative complaint. The Court therefore finds this consideration under § 1292(b) satisfied.

\*      \*      \*

The Court finds that both questions Defendants identify from the Order on the Motion to Dismiss should be certified for interlocutory appeal.  The Court therefore GRANTS the Motion.

**B.    Stay Pending Appeal**

The Parties agree that if the Court certifies the interlocutory appeal, this matter should be stayed. The Court agrees with the Parties and STAYS this matter pending the appeal. This is an efficient means of avoiding wasted judicial and party resources.

### CONCLUSION

While the Court remains unconvinced that it lacks subject matter jurisdiction or that Plaintiffs cannot pursue their due process claims, it agrees with Defendants that certification of

1  the interlocutory appeal is proper. The Court GRANTS the Motion and certifies to the Ninth

2  Circuit for interlocutory appeal the two questions Defendants identify—whether the Court has

3  subject matter jurisdiction and whether Plaintiffs may pursue their constitutional claims. The

4  Court STAYS this matter pending resolution of the appeal.

5       The clerk is ordered to provide copies of this order to all counsel.

6       Dated March 11, 2024.

7

8       Marsha J. Pechman
        United States Senior District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

YOLANY PADILLA; IBIS GUZMAN; BLANCA
ORANTES; and BALTAZAR VASQUEZ;

No. 2:18-cv-928 MJP

11

Plaintiffs-Petitioners,

12

v.

13

14

15

16

17

18

19

20

21

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
("ICE"); U.S. DEPARTMENT OF HOMELAND
SECURITY ("DHS"); U.S. CUSTOMS AND BORDER
PROTECTION ("CBP"); U.S. CITIZENSHIP AND
IMMIGRATION SERVICES ("USCIS"); EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW ("EOIR"); TAE
D. JOHNSON, Acting Director of ICE; ALEJANDRO
MAYORKAS, Secretary of DHS; TROY A. MILLER,
Acting Commissioner of CBP; UR JADDOU, Director of
USCIS; ELIZABETH GODFREY, Acting Director of
Seattle Field Office, ICE; MERRICK GARLAND, United
States Attorney General; BRUCE SCOTT, warden of the
Northwest Detention Center in Tacoma, Washington;
JAMES JANECKA, warden of the Adelanto Detention
Facility;

**FOURTH AMENDED
COMPLAINT: CLASS
ACTION FOR
DECLARATORY RELIEF
AND WRIT OF HABEAS
CORPUS**

22

Defendants-Respondents.

23

24

25

26

FOURTH AM. COMPL.
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-26

I.     **INTRODUCTION**

1.     Plaintiffs filed this lawsuit on behalf of themselves and other detained individuals seeking protection from persecution and torture, challenging the United States' government's punitive policies and practices seeking to unlawfully deter and obstruct them from applying for protection.

2.     This lawsuit initially included challenges to the legality of the government's zero-tolerance practice of forcibly ripping children away from parents seeking asylum, withholding and protection under the Convention Against Torture ("CAT"). Plaintiffs did not pursue those claims after a federal court in the Southern District of California issued a nationwide preliminary injunction order against forcibly separating families. *Ms. L v. Immigr. & Customs Enf't*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018); *see also* Dkt. 26.

3.     In their Second Amended Complaint, Plaintiffs reaffirmed that they sought relief on behalf of themselves and members of two proposed classes: (1) the Credible Fear Interview Class, challenging delayed credible fear determinations, and (2) the Bond Hearing Class, challenging delayed bond hearings that do not comport with constitutional requirements. Dkt. 26.

4.     On March 6, 2019, this Court granted Plaintiffs' Motion for Class Certification and certified both the Credible Fear Interview Class and the Bond Hearing Class. Dkt. 102 at 2. On April 5, 2019, this Court granted Plaintiffs' Motion for Preliminary Injunction, ordering that Defendant Executive Office for Immigration Review conduct bond hearings within seven days of request by a Bond Hearing Class members, place the burden of proof at those hearings on Defendant Department of Homeland Security, record the hearings, produce a recording or verbatim transcript upon appeal, and produce a written decision with particularized determinations of individualized findings at the conclusion of each bond hearing. Dkt. 110 at 19.

5.     Thereafter, on April 16, 2019, then-Defendant Attorney General Barr issued *Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2018). In this decision, former Defendant Barr reversed and vacated *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005), holding that the

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Immigration and Nationality Act ("INA") does not permit bond hearings for individuals who enter the United States without inspection, establish a credible fear for persecution or torture, and are then referred for removal proceedings before an immigration judge.

6.      Pursuant to the new decision, Defendants adopted a policy that not only denies Plaintiffs and class members the procedural protections they seek, but prevents them from obtaining bond hearings *at all*. Plaintiffs filed a Third Amended Complaint to squarely address this new and even more extreme policy.

7.      Following the Third Amended Complaint, this Court issued a new preliminary injunction, which it divided into two parts. Dkt. 149. Part A reaffirmed the prior injunction providing certain procedural protections for bond hearings, while Part B enjoined Defendants' new *Matter of M-S-* policy depriving all Bond Hearing class members of bond hearings. *Id.* at 19–20.

8.      On appeal, the Ninth Circuit affirmed Part B of the injunction, but vacated and remanded for further consideration of the protections ordered in Part A of the injunction. *Padilla v. Immigr. & Customs Enf't*, 953 F.3d 1134, 1152 (9th Cir. 2020). Defendants filed a petition for writ of certiorari challenging the Ninth Circuit's decision. Petition for Writ of Certiorari, *Immigr. & Customs Enf't v. Padilla*, 141 S. Ct. 1041 (2021) (No. 20-234). After the Ninth Circuit's decision, two new Supreme Court decisions—*Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020) and *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022)—addressed issues relevant to this case. The first case, *Thuraissigiam*, addressed whether a noncitizen who had entered the country without inspection and sought asylum could raise a due process challenge to his expedited removal proceeding through a habeas petition. The second case, *Aleman Gonzalez*, considered the impact of 8 U.S.C. § 1252(f)(1) on injunctive relief that challenges the government's operation of certain parts of the INA, including the detention authorities at issue in this case.

FOURTH AM. COMPL. - 2
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

9.    Following the *Thuraissigiam* decision, the Supreme Court granted certiorari, vacated the Ninth Circuit's decision, and remanded this case for further consideration. 141 S. Ct. 1041 (2021). While the case was on remand to the Ninth Circuit, the Supreme Court issued its decision in *Aleman Gonzalez*. The Ninth Circuit subsequently remanded the case to this Court with instructions to vacate the preliminary injunction and for further consideration in light of *Aleman Gonzalez* and *Thuraissigiam*. Dkt. 182.

10.    As a result of these developments, class members continue to face lengthy detention without independent review or timely procedures to guarantee that their deprivation of liberty serves a valid purpose, like preventing flight risk. To the contrary, Defendants exacerbate the harm those fleeing persecution have already suffered by needlessly depriving them of their liberty without adequate review.

11.    Plaintiffs seek this Court's intervention to ensure both that Defendants do not interfere with their right to apply for protection by delaying Plaintiffs' credible fear interviews and by subjecting them to lengthy detention without prompt bond hearings that comport with the Due Process Clause.

## II.    <u>JURISDICTION</u>

12.    This case arises under the Fifth Amendment of the United States Constitution and the Administrative Procedure Act ("APA"). This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2241 (habeas jurisdiction); and Article I, § 9, clause 2 of the United States Constitution ("Suspension Clause"). Defendants have waived sovereign immunity pursuant to 5 U.S.C. § 702.

13.    Plaintiffs Yolany Padilla, Ibis Guzman, and Blanca Orantes were in custody for purposes of habeas jurisdiction when this action was filed on June 25, 2018. Moreover, Plaintiffs remain in constructive custody as they are in ongoing removal proceedings and subject to re-detention.

FOURTH AM. COMPL. - 3
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-29

14.     Plaintiffs Guzman, Orantes, and Vasquez were in custody for purposes of habeas jurisdiction when the First Amended Complaint was electronically submitted on July 15, 2018.

### III.     VENUE

15.     Venue lies in this District under 28 U.S.C. § 1391 because a substantial portion of the relevant facts occurred within this District. Those facts include Defendants' detention of Plaintiffs Padilla, Guzman, and Orantes in this District; Defendants' failure in this District to promptly conduct credible fear interviews and determinations for Plaintiffs and class members' claims for protection in the United States; and Defendants' failure in this District to promptly conduct bond hearings that comport with due process and the Administrative Procedure Act.

### IV.     PARTIES

16.     Plaintiff Yolany Padilla is citizen of Honduras seeking asylum, withholding, and protection under CAT for herself and her eleven-year-old son (J.A.) in the United States.

17.     Plaintiff Ibis Guzman is a citizen of Honduras seeking asylum, withholding, and protection under CAT for herself and her ten-year-old son (R.G.) in the United States.

18.     Plaintiff Blanca Orantes is a citizen of El Salvador seeking asylum, withholding, and protection under CAT for herself and her thirteen-year-old son (A.M.) in the United States.

19.     Plaintiff Baltazar Vasquez is citizen of El Salvador seeking asylum, withholding, and protection under CAT in the United States.

20.     Defendant U.S. Department of Homeland Security ("DHS") is the federal government agency responsible for enforcing U.S. immigration law. Its component agencies include U.S. Immigration and Customs Enforcement ("ICE"); U.S. Customs and Border Protection ("CBP"); and U.S. Citizenship and Immigration Services ("USCIS").

21.     Defendant ICE carries out removal orders and oversees immigration detention. ICE's responsibilities include determining whether individuals seeking protection will be released and referring cases for a credible fear interview and subsequent proceedings before the immigration court. ICE's local field office in Tukwila, Washington, is responsible for

FOURTH AM. COMPL. - 4
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-30

1    determining whether individuals detained in Washington will be released, and when their cases
2    will be submitted for credible fear interviews and subsequent proceedings before the immigration
3    court.

4    22.    Defendant CBP conducts the initial processing and detention of individuals
5    seeking protection at or near the U.S. border. CBP's responsibilities include determining whether
6    individuals seeking protection will be released and when their cases will be submitted for a
7    credible fear interview.

8    23.    Defendant USCIS, through its asylum officers, interviews and screens individuals
9    seeking protection to determine whether to refer their protection claim to the immigration court
10   to adjudicate any application for asylum, withholding of removal, or protection under CAT.

11   24.    Defendant Executive Office for Immigration Review ("EOIR") is a federal
12   government agency within the Department of Justice that includes the immigration courts and
13   the Board of Immigration Appeals ("BIA"). It is responsible for conducting removal
14   proceedings, including adjudicating applications for asylum, withholding, and protection under
15   CAT, and for conducting individual bond hearings for persons in immigration custody.

16   25.    Defendant Tae D. Johnson is sued in his official capacity as the Acting Director
17   of ICE, and is a legal custodian of the named plaintiffs and class members.

18   26.    Defendant Elizabeth Godfrey is sued in her official capacity as the ICE Seattle
19   Field Office Director, and is, or was, a legal custodian of the named plaintiffs.

20   27.    Defendant Alejandro Mayorkas is sued in his official capacity as the Secretary of
21   DHS. In this capacity, he directs DHS, ICE, CBP, and USCIS. As a result, Defendant Mayorkas
22   is responsible for the administration of immigration laws pursuant to 8 U.S.C. § 1103 and is, or
23   was, a legal custodian of the named plaintiffs and class members.

24   28.    Defendant Troy A. Miller is sued in his official capacity as the Acting
25   Commissioner of CBP.

26   29.    Defendant Ur Jaddou is sued in her official capacity as the Director of USCIS.

FOURTH AM. COMPL. - 5
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-31

30.     Defendant Merrick Garland is sued in his official capacity as the United States
Attorney General. In this capacity, he directs agencies within the United States Department of
Justice, including EOIR. Defendant Garland is responsible for the administration of immigration
laws pursuant to 8 U.S.C. § 1103 and oversees Defendant EOIR.

31.     Defendant Bruce Scott is sued in his official capacity as the warden of the
Northwest Detention Center in Tacoma, Washington.

32.     Defendant James Janecka is sued in his official capacity as the warden of the
Adelanto Detention Facility in Adelanto, California.

## V.    FACTS

### Legal Background

33.     In 1996, Congress created an expedited removal system and "credible fear"
process. 8 U.S.C. § 1225. As enacted by Congress, the expedited removal system involves a
streamlined removal process for individuals apprehended at or near the border. *See* 8 U.S.C.
§ 1225(b)(1)(A)(i) (permitting certain persons who are seeking admission at the border of the
United States to be expeditiously removed without a full hearing; 8 U.S.C. § 1225(b)(1)(A)(iii)
(authorizing the Attorney General to apply expedited removal to certain inadmissible noncitizens
located within the United States); 69 Fed. Reg. 48,877 (Aug. 11, 2004) (providing that the
Attorney General will apply expedited removal to persons within the United States who are
apprehended within 100 miles of the border and who are unable to demonstrate that they have
been continuously physically present in the United States for the preceding 14-day period).

34.     Critically, however, Congress included safeguards in the statute to ensure that
those seeking protection from persecution or torture are not returned to their countries of origin.
Recognizing the high stakes involved in short-circuiting the formal removal process and the
constitutional constraints under which it operates, Congress created specific procedures with
detailed requirements for handling claims for protection.

FOURTH AM. COMPL. - 6
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-32

35.     The expedited removal process begins with an inspection by an immigration officer, who determines the individual's admissibility to the United States. If the individual indicates either an intention to apply for asylum or any fear of return to their country of origin, the officer must refer the individual for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii), (B); 8 C.F.R. § 235.3(b)(4).

36.     If an asylum officer determines that an applicant satisfies the credible fear standard—meaning there is a "significant possibility" she is eligible for asylum, 8 U.S.C. § 1225(b)(1)(B)(v)—the applicant is taken out of the expedited removal system altogether and placed into standard removal proceedings under 8 U.S.C. § 1229a.

37.     During § 1229a removal proceedings, the applicant has the opportunity to develop a full record before an immigration judge ("IJ"), apply for asylum, withholding of removal, protection under CAT, and any other relief that may be available, and appeal an adverse decision to the BIA and court of appeals. 8 C.F.R. §§ 208.30(f), 1003.1(b)(9), 1208.30; *see also* 8 U.S.C. § 1225(b)(1)(B)(ii).

38.     In some cases, pursuant to new federal regulations, an individual is not immediately referred to removal proceedings. Instead, an asylum officer makes the initial determination on whether to grant asylum. *See* 8 C.F.R. §§ 208.2(a)(1)(ii), 208.9, 208.14(b). If the individual is not granted asylum, the noncitizen is referred to removal proceedings where they may renew their application for asylum. *Id.* §§ 208.14(c)(1), 1208.14(c)(1), 1240.17.

39.     Until the asylum officer makes the credible fear determination, an applicant in expedited removal proceedings is subject to mandatory detention. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV); 8 C.F.R. § 235.3(b)(4)(ii).

40.     Defendants have a policy or practice of delaying the provision of credible fear interviews to asylum seekers who express a fear of return, and thus unnecessarily prolonging their mandatory detention.

FOURTH AM. COMPL. - 7
Case No. 2:18-cv-928-MJP

41. Until 2019, BIA case law recognized that noncitizens who were apprehended after entering without inspection and placed in removal proceedings after passing their credible fear interviews are entitled to bond hearings. *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005), *rev'd and vacated by Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019).

42. Prior to *Matter of M-S-*, Defendants' policy and practice was to deny timely bond hearings and to require the noncitizens, rather than the government, to bear the burden of proving at these bond hearings that continued detention is not warranted. Those bond hearings also lacked procedural safeguards such as a verbatim transcript or audio recording, and a contemporaneous written decision explaining the IJ's findings.

43. Traditionally, those asylum seekers in § 1229a removal proceedings who are not deemed "arriving"—that is, those who were apprehended near the border *after* entering without inspection, as opposed to asylum seekers who are detained at a port of entry—became entitled to an individualized bond hearing before an IJ to assess their eligibility for release from incarceration once they were found to have a credible fear. *See* 8 U.S.C. §§ 1225(b)(1)(A)(iii), 1225(b)(1)(B)(iii)(IV); 8 C.F.R. §§ 208.30(f), 1236.1(d).

44. In 2005, Defendant EOIR reaffirmed the availability of bond hearings for this group of asylum seekers. *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005), *rev'd and vacated by Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019); *see also* 8 C.F.R. § 1003.19(h)(2).

45. At the bond hearing, an IJ determined whether to release the individual on bond or conditional parole pending resolution of her immigration case. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 1236.1(d)(1), 1003.19. In doing so, the IJ evaluated whether the applicant posed a danger to the community and the likelihood that the applicant would appear at future proceedings. *See Matter of Adeniji*, 22 I. & N. Dec. 1102, 1112 (BIA 1999).

46. The detained individual had the right to appeal an IJ's denial of bond to the BIA, 8 C.F.R. § 1003.19(f), or to seek another bond hearing before an immigration judge if they could

FOURTH AM. COMPL. - 8
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-34

1   establish a material change in circumstances since the prior bond decision, 8 C.F.R. §

2   1003.19(e).

3       47.     Defendant EOIR placed the burden of proving eligibility for release on the

4   detained noncitizen seeking bond, not the government. *Matter of Guerra*, 24 I. & N. Dec. 37, 40

5   (BIA 2006).

6       48.     Immigration courts also did not require recordings of bond proceedings and did

7   not provide transcriptions of the hearings, or even the oral decisions issued in the hearings.

8   Immigration courts also did not issue written decisions unless the individual has filed an

9   administrative appeal of the bond decision. *See, e.g.*, Imm. Court Practice Manual § 9.3(e)(iii),

10  (e)(vii); BIA Practice Manual §§ 4.2(f)(ii), 7.3(b)(ii).

11      49.     When an IJ denied release on bond or other conditions, the IJ did not make

12  specific, particularized findings, and instead simply checked a box on a template order.

13      50.     On April 5, 2019, this Court granted Plaintiffs' Motion for Preliminary Injunction

14  and ordered that Defendant EOIR implement key procedural safeguards. In particular, the Court

15  required EOIR to conduct bond hearings within seven days of request by Bond Hearing Class

16  members, place the burden of proof at those hearings on Defendant DHS, record the hearings,

17  produce a recording or verbatim transcript upon appeal, and produce a written decision with

18  particularized determinations of individualized findings at the conclusion of each bond hearing.

19  Dkt. 110 at 19.

20              **The Attorney General's Decision in *Matter of M-S-***

21      51.     On October 12, 2018—approximately two months after Plaintiffs filed their

22  amended complaint raising the bond hearing class claims, and around six months before this

23  Court issued its preliminary injunction—former Attorney General Sessions referred to himself a

24  pro se case, seeking to review whether "*Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005) . . . should

25  be overruled in light of *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)." *Matter of M-G-G-*, 27 I.

26  & N. Dec. 469, 469 (A.G. 2018); *see also Matter of M-S-*, 27 I. & N. Dec. 476 (A.G. 2018).

FOURTH AM. COMPL. - 9
Case No. 2:18-cv-928-MJP

52. On November 7, 2018, former Defendant Sessions resigned as Attorney General.

53. Subsequently, on February 14, 2019, former Attorney General Barr was confirmed by the Senate.

54. On April 16, 2019, former Defendant Barr issued *Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2018). In this decision, former Defendant Barr reversed and vacated *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005), holding the INA does not permit bond hearings for individuals who enter the United States without inspection, establish a credible fear for persecution or torture, and are then referred for full removal hearings before the immigration court.

55. Although existing regulations provide for bond hearings except in limited circumstances not applicable here, former Defendant Barr did not formally rescind or modify the regulations or engage in the required rulemaking process.

56. Under *Matter of M-S-*, noncitizens who establish a credible fear of persecution or torture are restricted to requesting release from ICE—the jailing authority—through the parole process. 27 I. & N. Dec. at 516–17 (citing 8 U.S.C. § 1182(d)(5)).

57. In contrast to a bond hearing before an immigration judge, the parole process consists merely of a custody review conducted by low-level ICE detention officers. *See* 8 C.F.R. § 212.5.

58. The parole process includes no hearing before a neutral decision maker, no record of any kind, and no possibility for appeal. *See id*.

59. Instead, ICE officers make parole decisions—that can result in months or years of additional incarceration—by merely checking a box on a form that contains no factual findings, no specific explanation, and no evidence of deliberation.

60. In *Matter of M-S-*, former Defendant Barr also ordered that the noncitizen in that case, who had previously been released on bond, "must be detained until his removal proceedings conclude" unless DHS chooses to grant him parole. *Matter of M-S-*, 27 I. & N. Dec. at 519.

FOURTH AM. COMPL. - 10
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

61.     Pursuant to *Matter of M-S-*, Defendants have a policy and practice of denying bond hearings to noncitizens seeking protection who are apprehended after entering without inspection, even after being found to have a credible fear of persecution or torture and even after their cases are transferred for full hearings before the immigration court.

## Plaintiff Yolany Padilla

62.     Yolany Padilla is a citizen of Honduras seeking asylum in the United States for herself and her eleven-year-old son J.A.

63.     On or about May 18, 2018, Ms. Padilla and J.A. entered the United States. As they were making their way to a nearby port of entry, they were arrested by a Border Patrol agent for entering without inspection.

64.     When they arrived at the port of entry, an officer there announced to her and the rest of the group that the adults and children were going to be separated. The children old enough to understand the officer began to cry. J.A. clutched his mother's shirt and said, "No, mommy, I don't want to go." Ms. Padilla reassured her son that any separation would be short, and that everything would be okay. She was able to stay with her son until they were transferred later that day to a holding facility known as a *hielera,* or freezer, because of the freezing temperatures of the rooms. Ms. Padilla and J.A. were then forcibly separated without explanation.

65.     While detained in the *hielera*, Ms. Padilla informed the immigration officers that she and her son were afraid to return to Honduras.

66.     About three days later, Ms. Padilla was transferred to another facility in Laredo, Texas. The officers in that facility took her son's birth certificate from her. When she asked for it back, she was told that the immigration authorities had it.

67.     About twelve days later, Ms. Padilla was transferred to the Federal Detention Center in SeaTac, Washington.

68.     For many weeks after J.A. was forcibly taken from her, Ms. Padilla received no information regarding his whereabouts despite repeated inquiries. Around a month into her

FOURTH AM. COMPL. - 11
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-37

detention, the Honduran consul visited Ms. Padilla at the detention center, and she explained that she had no news of J.A., who was then six years old. Soon thereafter, she was given a piece of paper stating that J.A. was in a place called Cayuga Center in New York, thousands of miles away.

69.     On July 2, 2018, more than six weeks after being apprehended and detained, Ms. Padilla was given a credible fear interview. The asylum officer issued a positive credible fear determination, and she was placed in removal proceedings.

70.     On July 6, 2018, Ms. Padilla attended her bond hearing before the immigration judge. During the bond hearing, the immigration judge placed the burden of proof on Ms. Padilla to demonstrate that she is neither a danger nor flight risk. To her knowledge, there is no verbatim transcript or recording of her bond hearing. The immigration judge set a bond amount of $8,000.

71.     Ms. Padilla was released on July 6, 2018, after posting bond.

72.     Pursuant to *Matter of M-S-*, Ms. Padilla now faces the prospect of being re-detained without a bond hearing.

**Plaintiff Ibis Guzman**

73.     Ibis Guzman is a citizen of Honduras seeking asylum in the United States for herself and her ten-year-old son R.G.

74.     On or about May 16, 2018, Ms. Guzman and R.G., then five years old, entered the United States. When they were apprehended by Border Patrol agents for entering without inspection, Ms. Guzman informed them that she and R.G. were seeking asylum.

75.     After initial questioning, an officer came and forcibly took R.G. from Ms. Guzman, falsely informing her she would be able to see him again in three days. After those three days, Ms. Guzman was transferred to another CBP facility, where officers told her they did not know anything about her son's whereabouts.

76.     Ms. Guzman was then transferred to a facility in Laredo, Texas, where she was detained without any knowledge of the whereabouts of her child and without any means to

FOURTH AM. COMPL. - 12
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   contact him. She did not receive any information about him during this time, despite her repeated

2   attempts to obtain such information.

3      77.    About two weeks later, Ms. Guzman was transferred to the Federal Detention

4   Center in SeaTac, Washington. After being held there for about another week, she was finally

5   informed her child had been placed with Baptist Child and Family Services in San Antonio,

6   Texas, thousands of miles from where she was being held.

7      78.    On June 20, 2018, Ms. Guzman was transferred to the Northwest Detention

8   Center in Tacoma, Washington.

9      79.    On June 27, 2018, over a month after being apprehended and detained, Ms.

10  Guzman attended a credible fear interview. The asylum officer determined that she has a credible

11  fear, and she was placed in removal proceedings.

12     80.    On July 3, 2018, Ms. Guzman attended a bond hearing before immigration judge.

13     81.    At the bond hearing, the immigration judge placed the burden of proof on Ms.

14  Guzman to demonstrate that she qualified for a bond.

15     82.    At the conclusion of that bond hearing, an immigration judge issued an order

16  denying her release on bond pending the adjudication of her asylum claim on the merits.

17     83.    The immigration judge did not make specific, particularized findings for the basis

18  of the denial. Instead, the immigration judge circled the preprinted words "Flight Risk" on a

19  form order to justify the decision.

20     84.    To the best of Ms. Guzman's knowledge, there is no verbatim transcript or

21  recording of her bond hearing.

22     85.    Ms. Guzman was not released until on or about July 31, 2018, after the

23  government was ordered to comply with the preliminary injunction in *Ms. L v. ICE.*

24     86.    Pursuant to *Matter of M-S-*, Ms. Padilla now faces the prospect of being re-

25  detained without a bond hearing.

26

FOURTH AM. COMPL. - 13
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

**Plaintiff Blanca Orantes**

87.    Blanca Orantes is a citizen of El Salvador seeking asylum in the United States for herself and her thirteen-year-old son A.M.

88.    On or about May 21, 2018, Ms. Orantes and A.M., then eight years old, entered the United States. They immediately walked to a CBP station to request asylum, and were subsequently arrested for entering without inspection. Ms. Orantes informed a Border Patrol agent that she and A.M. were seeking asylum.

89.    Ms. Orantes and her son were transported to a CBP facility. Before entering the building, the officers led Ms. Orantes into a *hielera* with other adults, and her son into another part of the station with other children.

90.    Ms. Orantes was later interviewed by an immigration officer. At that time, another officer brought A.M. to her and told her to "say goodbye" to him because they were being separated. A.M. began crying and pleading with Ms. Orantes not to leave, but he was forcibly taken away from Ms. Orantes.

91.    On or around May 24, 2018, Ms. Orantes was taken to federal district court, where she pleaded guilty to improper entry under 8 U.S.C. § 1325 and was sentenced to time served. She was then returned to her cell.

92.    About nine days after this, Ms. Orantes was transported to the Federal Detention Center in SeaTac, Washington.

93.    Ms. Orantes was not provided any information about her child until June 9, 2018, when an ICE officer handed her a slip of paper advising that her son was being held at Children's Home of Kingston, in Kingston, New York.

94.    On June 20, 2018, Ms. Orantes was transferred to the Northwest Detention Center in Tacoma, Washington, still thousands of miles away from her son.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

95.     On June 27, 2018, around five weeks after being apprehended, Ms. Orantes was given a credible fear interview. The following day, June 28, 2018, the asylum officer determined that Ms. Orantes established a credible fear, and she was placed in removal proceedings.

96.     Ms. Orantes requested a bond hearing upon being provided the positive credible fear determination.

97.     On July 16, 2018, Ms. Orantes was given a bond hearing before the immigration court.

98.     At the bond hearing, the immigration judge placed the burden of proof on Ms. Orantes to demonstrate that she qualified for a bond.

99.     At the conclusion of that bond hearing, an immigration judge issued an order denying her release on bond pending the adjudication of her asylum claim on the merits.

100.    In denying Ms. Orantes's request for a bond, the immigration judge did not make specific, particularized findings for the basis of the denial.

101.    The immigration judge even failed to check the box indicating why Ms. Orantes was denied bond on the template order.

102.    Ms. Orantes was released from custody on or about July 23, 2018, after the federal government was forced to comply with the preliminary injunction in *Ms. L. v. ICE*. She was thereafter reunited her with her child.

103.    Pursuant to *Matter of M-S-*, Ms. Padilla now faces the prospect of being re-detained without a bond hearing.

**Plaintiff Baltazar Vasquez**

104.    Plaintiff Baltazar Vasquez is a citizen of El Salvador seeking asylum in the United States.

105.    On or about June 1, 2018, Mr. Vasquez entered the United States. He was arrested by a Border Patrol agent for entering without inspection, and informed the agent that he was afraid to return to El Salvador and wanted to seek asylum.

FOURTH AM. COMPL. - 15
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-41

106.    Mr. Vasquez was first transported by officers to a federal holding center near San Diego, California. Around nine days later, he was transferred to a Federal Detention Center in Victorville, California.

107.    On or about July 20, 2018, Mr. Vasquez was transferred to another detention center in Adelanto, California.

108.    On or about July 31, 2018, nearly two months after he was first apprehended, Mr. Vasquez was given a credible fear interview. The asylum officer determined he had a credible fear, and he was placed in removal proceedings.

109.    Mr. Vasquez requested a bond hearing upon being provided the positive credible fear determination.

110.    On August 20, 2018, Mr. Vasquez was given a bond hearing before the immigration court.

111.    At the bond hearing, Mr. Vasquez had the burden to prove that he is neither a danger or flight risk, but ultimately, DHS agreed to stipulate to a bond amount of 8,000 dollars. The immigration judge approved this agreement but also required Mr. Vasquez to wear an ankle monitor.

112.    Pursuant to *Matter of M-S-*, Mr. Vasquez now faces the prospect of being re-detained without a bond hearing.

## VI.    CLASS ALLEGATIONS

113.    Plaintiffs brought this action on behalf of themselves and all others who are similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). A class action is proper because this action involves questions of law and fact common to the classes, the classes are so numerous that joinder of all members is impractical, Plaintiffs' claims are typical of the claims of the classes, Plaintiffs will fairly and adequately protect the interests of the respective classes, and Defendants have acted on grounds that apply generally to the class, so that final declaratory relief is appropriate with respect to the class as a whole.

FOURTH AM. COMPL. - 16
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611
ER-42

114.    Plaintiffs sought to represent the following nationwide classes (Dkt. 37):

a.   **Credible Fear Interview Class ("CFI Class"):** All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official, absent a request by the asylum seeker for a delayed credible fear interview.

b.   **Bond Hearing Class ("BH Class"):** All detained asylum seekers who entered the United States without inspection, who were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), who were determined to have a credible fear of persecution, but who are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.

115.    On March 6, 2019, the district court certified the following nationwide classes (Dkts. 102, 158):

a.   **Credible Fear Interview Class:** All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who are not provided a credible fear determination within ten days of the later of (1) requesting asylum or expressing a fear of persecution to a DHS official or (2) the conclusion of any criminal proceeding related to the circumstances of their entry, absent a request by the asylum seeker for a delayed credible fear interview.

b.   **Bond Hearing Class:** All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), were determined to have a credible fear of persecution or torture, but are not provided a bond hearing with a

FOURTH AM. COMPL. - 17
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-43

1    verbatim transcript or recording of the hearing within seven days of requesting

2    a bond hearing.

3    116.    The certified classes currently are represented by counsel from the Northwest

4    Immigrant Rights Project, the National Immigration Litigation Alliance, the American Civil

5    Liberties Union's Immigrants' Rights Project, and the American Immigration Council. Counsel

6    have extensive experience litigating class action lawsuits and other complex cases in federal

7    court, including civil rights lawsuits on behalf of noncitizens.

8    **Credible Fear Interview Class ("CFI Class")**

9    117.    All named Plaintiffs represent the certified CFI Class.

10    118.    The CFI Class meets the numerosity requirement of Federal Rule of Civil

11    Procedure 23(a)(1). The class is so numerous that joinder of all members is impracticable.

12    Plaintiffs are not aware of the precise number of potential class members, but upon information

13    and belief, there are thousands of individuals seeking protection who are subject to expedited

14    removal proceedings and not provided a credible fear interview within ten days of expressing a

15    fear of return or desire to apply for asylum. Defendants are uniquely positioned to identify all

16    class members.

17    119.    The CFI Class meets the commonality requirement of Federal Rule of Civil

18    Procedure 23(a)(2). By definition, members of the CFI Class are subject to a common practice

19    by Defendants: their failure to provide timely credible fear interviews. This lawsuit raises a

20    question of law common to members of the CFI Class, namely whether Defendants' delay in

21    providing credible fear interviews constitutes agency action unlawfully withheld or unreasonably

22    delayed under the APA and the Due Process Clause.

23    120.    The CFI Class meets the typicality requirement of Federal Rule of Civil

24    Procedure 23(a)(3), because the claims of the representative Plaintiffs are typical of the claims of

25    the class. All named Plaintiffs were not provided credible fear interviews within 10 days of being

26    apprehended and expressing a fear of return to their countries of origin.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

121.    The CFI Class meets the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4). The representative Plaintiffs seek the same relief as the other members of the class—namely, an order that Defendants' failure to promptly provide credible fear interviews is unlawful. In defending their own rights, the named Plaintiffs will defend the rights of all class members fairly and adequately.

122.    The members of the class are readily ascertainable through Defendants' records.

123.    The CFI Class also satisfies Federal Rule of Civil Procedure 23(b)(2). Defendants have acted on grounds generally applicable to the class by unreasonably delaying putative class members' credible fear interviews. Declaratory relief is thus appropriate with respect to the class as a whole.

### Bond Hearing Class ("BH Class")

124.    Plaintiffs Orantes and Vasquez represent the certified Bond Hearing Class.

125.    The BH Class meets the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). The class is so numerous that joinder of all members is impracticable. Plaintiffs are not aware of the precise number of potential class members, but upon information and belief, there are thousands of individuals seeking protection who entered without inspection, were referred to standard removal proceedings after a positive credible fear determination, and were not provided bond hearings either within seven days of requesting the hearing, or whose bond hearings were not recorded or transcribed. Defendants are uniquely positioned to identify all class members.

126.    The BH Class meets the commonality requirement of Federal Rule of Civil Procedure 23(a)(2). Members of the BH Class are subject to common policies and practices by Defendants: their failure to provide timely bond hearings; their placement of the burden of proof on the detained on the detained individual during bond hearings; their failure to provide a verbatim transcript or recording of the bond hearing; their failure to provide a contemporaneous

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   written decision with particularized findings; and finally, due to *Matter of M-S-*, all class

2   members will be denied bond hearings.

3       127.    This lawsuit raises questions of law common to members of the BH Class:

4   whether Defendants' failure to provide bond hearings violates class members' right to due

5   process and the rulemaking requirements of the Administrative Procedure Act; whether

6   Defendants' failure to provide timely bond hearings constitutes agency action unlawfully

7   withheld or unreasonably delayed under the APA; whether due process requires Defendants to

8   provide bond hearings to putative class members within seven days of a request, and whether due

9   process and the APA requires Defendants to place the burden of proof on the government to

10  justify continue detention, and to provide adequate procedural safeguards to putative class

11  members.

12      128.    The BH Class meets the typicality requirement of Federal Rule of Civil Procedure

13  23(a)(3), because the claims of the representative Plaintiffs are typical of the claims of the class.

14  Plaintiffs Orantes and Vasquez were not provided bond hearings within seven days of requesting

15  a hearing. At the bond hearing, all class representatives were assigned the burden to prove that

16  they are eligible for release under bond. All class representatives were denied a contemporaneous

17  written decision with particularized findings. Defendants are not required to record or provide

18  verbatim transcripts of the hearings and did not advise Plaintiffs Orantes and Vasquez that

19  recordings had been made until filing their First Amended Complaint, Dkt. 8. Finally, under

20  *Matter of M-S-*, Bond Hearing Class members are now deprived of *any* bond hearing.

21      129.    The BH Class meets the adequacy requirements of Federal Rule of Civil

22  Procedure 23(a)(4). The representative Plaintiffs seek the same relief as the other members of the

23  class: an order declaring unlawful Defendants' failure to provide bond hearings within seven

24  days of request, to place the burden of proof on the government during these bond hearings, to

25  provide a verbatim transcript or recording of the hearing, and to provide a contemporaneous

26

FOURTH AM. COMPL. - 20
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    written decision with particularized findings at the end of the hearing. In defending their own

2    rights, the named Plaintiffs will defend the rights of all class members fairly and adequately.

3        130.    The members of the class are readily ascertainable through Defendants' records.

4        131.    The BH Class also satisfies Federal Rule of Civil Procedure 23(b)(2). Defendants

5    have acted on grounds generally applicable to the class by unreasonably delaying putative class

6    members' bond hearings. Putative class members received an untimely bond hearing in which

7    they had to bear the burden of proof. Defendants generally do not record or provide verbatim

8    transcripts of putative class members' bond hearings, nor issue contemporaneous written

9    decisions with particularized findings. Moreover, following the *Matter of M-S-* decision, and the

10   vacatur of this Court's injunction preserving bond hearings, class members no longer receive any

11   bond hearings. Declaratory relief is thus appropriate with respect to the class as a whole.

## VII.    CAUSES OF ACTION

### COUNT I
**(Violation of Fifth Amendment Right to Due Process—Right to Timely Bond Hearing with Procedural Safeguards)**

132.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

133.    The Due Process Clause of the Fifth Amendment provides that "no person . . . shall be deprived of . . . liberty . . . without due process of law." U.S. Const., amend. V.

134.    Named Plaintiffs and all BH Class members were apprehended on U.S. soil after entry and are thus "persons" to whom the Due Process Clause applies.

135.    The Due Process Clause permits civil immigration detention only where such detention is reasonably related to the government's interests in preventing flight or protecting the community from danger and is accompanied by adequate procedures to ensure that detention serves those goals.

FOURTH AM. COMPL. - 21
Case No. 2:18-cv-928-MJP

136.  Both substantive and procedural due process therefore require an individualized assessment of BH Class members' flight risk or danger to the community in a custody hearing before a neutral decision maker.

137.  The Due Process Clause guarantees that such individualized custody hearings be provided in a timely manner to afford Plaintiffs and BH Class members an opportunity to challenge whether their continued detention is necessary to ensure their future appearance or to avoid danger to the community. Federal courts have consistently held that due process requires an expeditious opportunity to receive that individualized assessment. Defendants' interests in prolonging this civil detention do not outweigh the liberty interests of Plaintiffs and BH Class members.

138.  The Due Process Clause requires that Plaintiffs and BH Class members receive adequate procedural protections to assert their liberty interest. The Due Process Clause requires the government to bear the burden of proof in the custodial hearing of demonstrating that the continued detention of Plaintiffs and BH Class members is justified. Defendants' interests do not outweigh the liberty interests for Plaintiffs and BH Class members.

139.  The Due Process Clause requires that the government provide either a transcript or recording of the hearing and specific, particularized findings of the bond hearing to provide a meaningful opportunity for Plaintiffs and BH Class members to evaluate and appeal the IJ's custody determination. Defendants' interests in issuing decisions without these procedural protections do not outweigh the liberty interests for Plaintiffs and BH Class members.

140.  Pursuant to *Matter of M-S-*, Defendants deprive Plaintiffs and BH Class members the right to any custodial hearing before a neutral arbiter to make an individualized determination of whether they present a danger to the community or a flight risk.

141.  Pursuant to *Matter of M-S-*, Plaintiffs and BH Class members who have been released face the prospect of being re-detained without a bond hearing.

FOURTH AM. COMPL. - 22
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-48

142.  Prior to *Matter of M-S-*, Defendants recognized that BH Class members are entitled to a bond hearing. Defendants regularly delayed those hearings for several weeks after the credible fear determinations.

143.  Defendants have also failed to provide the other bond hearing procedures required by due process, including by (1) placing the burden of proof on Plaintiffs and BH Class members (2) refusing to provide them with a recording or verbatim transcript of the hearing, and (3) not providing a written decision with particularized findings of the bond hearing.

144.  In sum, Defendants violate the Fifth Amendment's Due Process Clause by failing to provide prompt individualized custody hearings with adequate safeguards.

**COUNT II**
**(Violation of the Administrative Procedure Act—Agency Action**
**Contrary to Constitutional Right (Failure to Provide Bond Hearings))**

145.  All of the foregoing allegations are repeated and realleged as though fully set forth herein.

146.  The Administrative Procedure Act empowers courts to "hold unlawful and set aside" agency action that is "not in accordance with law" or "contrary to constitutional right." 5 U.S.C. § 706(2)(A)–(B).

147.  *Matter of M-S-* is a final agency action subject to review under 5 U.S.C. § 701 *et seq*.

148.  For the reasons stated in Count I, *Matter of M-S-* and Defendants' policy of not providing bond hearings to class members is not in accordance with law and/or contrary to constitutional right.

149.  Accordingly, the Court should hold *Matter of M-S-* unlawful and/or contrary to constitutional right and set aside the decision under the APA.

FOURTH AM. COMPL. - 23
Case No. 2:18-cv-928-MJP

1

2

### COUNT III
### (Violation of Administrative Procedure Act—Failure to Follow
### Notice & Comment Rulemaking)

3

4

150.  All of the foregoing allegations are repeated and realleged as though fully set forth herein.

5

6

7

151.  Regulations that govern Defendants DHS and EOIR provide that Plaintiffs and BH Class members may seek review of ICE's custody decision before an IJ. *See* 8 C.F.R. §§ 1003.19(h)(2), 1236.1(d).

8

9

152.  *Matter of M-S-* is a final agency action that purports to alter those regulations by adjudication, without engaging in notice and comment rulemaking.

10

11

12

153.  The Administrative Procedure Act requires Defendants to engage in notice and comment rulemaking before undertaking the changes that *Matter of M-S-* purports to make to BH Class Members' rights to a bond hearing. *See* 5 U.S.C. §§ 551(5), 553(b) & (c).

13

14

15

154.  As a result, *Matter of M-S-* is unlawful agency action. The Court should set aside the decision because it was issued "without observance of procedure required by law." *Id.* § 706(2)(D).

16

17

### COUNT IV
### (Violation of Fifth Amendment Right to Due Process—Delays of Credible Fear Interviews)

18

19

155.  All of the foregoing allegations are repeated and realleged as though fully set forth herein.

20

21

156.  The Due Process Clause guarantees timely and adequate procedures to test Defendants' rationale for detaining asylum seekers.

22

23

24

25

157.  Defendants' practice of delaying individuals seeking protection credible fear interviews beyond 10 days prevents Plaintiffs Padilla, Guzman, Orantes, and Vasquez, and the CFI Class from demonstrating that they have a "significant possibility" of obtaining protection and a lawful status in the United States. 8 U.S.C. § 1225(b)(1)(B)(v). That practice thus further

26

FOURTH AM. COMPL. - 24
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-50

lengthens their time in detention without the opportunity to appear before a neutral decision maker to receive an individualized custodial assessment.

158.   Defendants' interests do not outweigh the significant risks that delayed credible fear interviews pose in wrongfully prolonging Plaintiffs Padilla, Guzman, Orantes, and Vasquez , and CFI Class members' detention, nor do they outweigh their protected due process interests in timely demonstrating their right to protection in the United States.

159.   Defendants' practice of delaying credible fear interviews therefore violates the CFI Class's right to due process.

## COUNT V
### (Administrative Procedure Act—Delays of Credible Fear Interviews and Bond Hearings)

160.   All of the foregoing allegations are repeated and realleged as though fully set forth herein.

161.   The Administrative Procedure Act imposes on federal agencies the duty to conclude matters presented to them within a "reasonable time." 5 U.S.C. §555(b).

162.   The APA also permits the CFI and BH Classes to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).

163.   Both credible fear interviews and bond hearings are "discrete agency actions" that Defendants are "required to take," and therefore constitute agency action that a court may compel. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

164.   Defendants' failure to expeditiously conduct a credible fear interview after detaining Plaintiffs and members of the CFI Class constitutes "an agency action unlawfully withheld or unreasonably delayed" under the APA. *See* 5 U.S.C. § 706(1).

165.   Defendants' failure to promptly conduct a bond hearing for plaintiffs and members of the BH Class within 7 days of a request also constitutes "an agency action unlawfully withheld or unreasonably delayed" under the APA. *See id.*

FOURTH AM. COMPL. - 25
Case No. 2:18-cv-928-MJP

## COUNT VI
### (Administrative Procedure Act—Agency Action Contrary to
### Constitutional Right (Denial of Procedural Protections))

166.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

167.    The Administrative Procedure Act empowers courts to "hold unlawful and set aside" agency action that is "not in accordance with law" or "contrary to constitutional right." 5 U.S.C. § 706(2)(A)–(B).

168.    Defendants' policies place the burden of proof on noncitizens, do not require immigration courts to record hearings or provide transcripts upon appeal, and do not require the immigration courts to provide a contemporaneous written decision with particularized findings.

169.  Defendants' policies regarding (1) the burden of proof, (2) the lack of recordings and transcripts, and (3) the failure to provide specific, particularized findings constitute final agency action.

170.  The lack of these procedural protections is contrary to law and violates the constitutional right to due process of noncitizens seeking protection. *See* 5 U.S.C. § 706(2).

171.  Accordingly, the Court should hold unlawful and/or contrary to constitutional right these policies and set them aside under the APA.

## <u>PRAYER FOR RELIEF</u>

Plaintiffs respectfully request that this Court enter judgment against Defendants granting the following relief on behalf of the Credible Fear Interview Class and the Bond Hearing Class:

A.  Declare that Defendants have an obligation to provide Credible Fear Interview Class members with a credible fear interview and determination within 10 days of requesting asylum or expressing a fear of persecution or torture to any DHS official.

B.  Declare that Defendants have an obligation to provide Bond Hearing Class members an individualized custody hearing before an immigration judge.

FOURTH AM. COMPL. - 26
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-52

C. Declare that Defendants have an obligation to provide Bond Hearing Class members an individualized custody hearing within 7 days of their requesting a hearing to set reasonable conditions for their release pending adjudication of their claims for protection.

D. Hold unlawful and set aside Defendants' policies (1) placing the burden of proof on noncitizens, (2) not requiring immigration courts to record hearings or provide transcripts upon appeal, and (3) not requiring the immigration courts to provide a contemporaneous written decision with particularized findings.

E. Declare that Defendant DHS must bear the burden of proof to show continued detention is necessary in civil immigration proceedings.

F. Declare that Defendants have an obligation to provide Bond Hearing Class members an individualized custody hearing with adequate procedural safeguards, including providing a verbatim transcript or recording of their bond hearing upon appeal.

G. Declare that in individualized custody hearings immigration judges must make specific, particularized written findings as to the basis for denying release from detention, including findings identifying the basis for finding that the individual is a flight risk or a danger to the community.

H. Order Defendants to pay reasonable attorneys' fees and costs.

I. Order all other relief that is just and proper.

Dated this 11th day of January, 2023.

_s/ Matt Adams_____
Matt Adams, WSBA No. 28287

_s/ Aaron Korthuis_____
Aaron Korthuis, WSBA No. 53974

NORTHWEST IMMIGRANT RIGHTS PROJECT

_s/ Trina Realmuto_____
Trina Realmuto*

_s/ Kristin Macleod-Ball_____
Kristin Macleod-Ball*

NATIONAL IMMIGRATION LITIGATION ALLIANCE

FOURTH AM. COMPL. - 27
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-53

615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org
aaron@nwirp.org

10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
kristin@mmigrationlitigation.org

*s/ Judy Rabinovitz*
Judy Rabinovitz*

s/ Emma Winger
Emma Winger*

*s/ Anand Balakrishnan*
Anand Balakrishnan*

AMERICAN IMMIGRATION COUNCIL
**1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7512
ewinger@immcouncil.org

ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th floor
New York, NY 10004
(212) 549-2618
jrabinovitz@aclu.org
abalakrishnan@aclu.org

*Admitted *pro hac vice*
**Application to DC bar pending; practice
limited to federal courts

FOURTH AM. COMPL. - 28
Case No. 2:18-cv-928-MJP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2023, I had the foregoing electronically filed with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to those

attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served

in accordance with the Federal Rules of Civil Procedure.

DATED this 11th day of January, 2023.

_s/ Aaron Korthuis_
Aaron Korthuis
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, Washington  98104
Telephone: (206) 816-3872
Facsimile: (206) 587-4025
Email: aaron@nwirp.org

FOURTH AM. COMPL. - 29
Case No. 2:18-cv-928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-55

1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, et al.,

Plaintiffs,

v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,

Defendants.

CASE NO. C18-928 MJP

ORDER ON MOTIONS RE:
PRELIMINARY INJUNCTION

15    The above-entitled Court, having received and reviewed:

16    1.   Defendants' Motion to Vacate the Court's Preliminary Injunction Order (Dkt. No.

17        114), Plaintiffs' Response in Opposition (Dkt. No. 126), and Defendants' Reply in

18        Support (Dkt. No. 128);

19    2.   Plaintiffs' Motion for Modification of the Existing Preliminary Injunction (Dkt. No.

20        131), Defendants' Response in Opposition (Dkt. No. 139), and Plaintiffs' Reply in

21        Support (Dkt. No. 140);

22 all attached declarations and exhibits; and relevant portions of the record, and having heard oral

23 argument on the motions, rules as follows:

24

IT IS ORDERED that the injunction entered by this Court on April 5, 2019 is MODIFIED as follows:

**PART A**: The Court AFFIRMS its previously-entered injunctive relief requiring Defendant Executive Office for Immigration Review to:

1. Conduct bond hearings within seven days of a bond hearing request by a class member, and release any class member whose detention time exceeds that limit;

2. Place the burden of proof on Defendant Department of Homeland Security in those bond hearings to demonstrate why the class member should not be released on bond, parole, or other conditions;

3. Record the bond hearing and produce the recording or verbatim transcript of the hearing upon appeal; and

4. Produce a written decision with particularized determinations of individualized findings at the conclusion of the bond hearing.

**PART B**: The Court MODIFIES the injunction to find that the statutory prohibition at Immigration and Nationality Act § 235(b)(1)(B)(ii) against releasing on bond persons found to have a credible fear of persecution if returned to their country and awaiting a determination of their asylum application violates the U.S. Constitution; the Bond Hearing Class is constitutionally entitled to a bond hearing (under the conditions enumerated above) pending resolution of their asylum applications.

IT IS FURTHER ORDERED that the injunction as modified will go into effect 14 days from the date of this order.

**Summary**

On March 16, 2019, this Court certified a Bond Hearing Class consisting of immigrants who have entered the United States without inspection, requested asylum, and who the Government has determined have a credible fear of persecution if they return home.  The Court ruled, if the members of this class are given a bond hearing, it must comply with the Due Process Clause.  An injunction ordering the Defendants to do so has already issued.

The first decision was based, not only on the Court's analysis of the constitutional due process owed to these class members, but also on 50 years of statutory and case law supporting the right of persons detained for non-criminal reasons to be released upon posting bond.  Shortly after that injunction was issued, the Attorney General published a decision announcing that immigrants in removal proceedings awaiting the determination of their application for asylum must be detained for the duration of that process, subject to release only under a highly-limited "parole" system adjudicated solely by immigration officials. In the wake of that decision, the Government moved to vacate the previously-entered injunction.

It is the finding of this Court that it is unconstitutional to deny these class members a bond hearing while they await a final determination of their asylum request.

**Procedural Background**

On April 5, 2019, this Court entered an Order Granting Preliminary Injunction (Dkt. No. 110) requiring Defendant Executive Office for Immigration Review to:

1. Conduct bond hearings within seven days of a bond hearing request by a class member, and release any class member whose detention time exceeds that limit;

2. Place the burden of proof on Defendant Department of Homeland Security in those bond hearings to demonstrate why the class member should not be released on bond, parole, or other conditions;

3. Record the bond hearing and produce the recording or verbatim transcript of the hearing upon appeal; and

4. Produce a written decision with particularized determinations of individualized findings at the conclusion of the bond hearing.

Compliance with the injunction was to be effected no later than May 5, 2019. Id. at 2.

On April 16, 2019, the Attorney General ("AG") issued a decision in Matter of M-S (27 I. & N. Dec. 509 (A.G. 2019)) overruling a 2005 Board of Immigration Appeals ("BIA") determination in Matter of X-K (23 I. & N. Dec. 731 (BIA 2005) which had been cited in the preliminary injunction order.  On the basis of the AG's ruling, the parties (1) agreed to stay the enforcement of the preliminary injunction until May 31, 2019 (Dkt. No. 113) and (2) filed the cross-motions which are the subject of this order.  Additionally, Plaintiffs filed a Third Amended Complaint ("TAC") incorporating challenges to the AG's decision in Matter of M-S (Dkt. No. 130), and Defendants moved to dismiss it.  (Dkt. No. 136.)

In Matter of M-S, the AG determined that aliens who are originally placed in expedited removal proceedings and then transferred to full removal proceedings after establishing a credible fear do not become eligible for bond upon transfer and that Matter of X-K, in which the BIA had ruled that such aliens were entitled to bond hearings under § 1225(b) of the Immigration and Nationality Act ("INA"), "was wrongly decided."  27 I. & N. Dec. at 510.  The AG found that aliens classified as "entering without inspection" ("EWI") were subject to mandatory detention without bond following a successful credible fear determination and could be released

1  only upon being paroled for "urgent humanitarian reasons or significant public benefit" under 8

2  U.S.C. § 1182(d)(5)(A).  Id. at 516.

3  **Discussion**

4      District courts possess the discretionary authority to "modify or revoke an injunction as

5  changed circumstances may indicate."  Lapin v. Shulton, Inc., 333 F.2d 169, 170 (9th Cir. 1964).

6  "[S]ound judicial discretion may call for the modification of the terms of an injunctive decree if

7  the circumstances, whether of law or fact, obtaining at the time of its issuance, have changed."

8  Sys. Fed. No. 91 v. Wright, 364 U.S. 642, 647 (1961).

9      The Court is unquestionably facing "changed circumstances" as a result of the AG's

10  decision in M-S.  While much of the analysis underlying the issuance of the initial preliminary

11  injunction in this matter concerned Plaintiffs' constitutional rights in the context of their

12  situation, there is no question that analysis sprang from an understanding (as a result of the ruling

13  in X-K) that the class members were entitled to a bond hearing under the INA.

14      This order will undertake a fresh analysis of Plaintiffs' claims and their request for

15  modified injunctive relief in light of those changed circumstances, but first must examine a series

16  of threshold issues which the Government has raised as bars to continued injunctive relief.

17  **I.**    **Threshold issues**

18      A.  Standing and mootness

19      The Government argues that the claims of the bond hearing class were premised on the

20  ruling in X-K (i.e., that they were eligible for a bond hearing that they were not receiving in a

21  timely manner and with the appropriate amount of due process) and thus have been "mooted" by

22  the M-S determination that the statute does not entitle them to a bond hearing.  The claims of the

23  bond hearing class survive the ruling in M-S: nowhere in the Second (and now, the Third)

24

1    Amended Complaint do Plaintiffs cite <u>X-K</u> as the basis for the relief they seek – their claims are

2    premised on the fundamental unconstitutionality of the Government's claimed right to detain

3    them indefinitely (*see* Dkt. No. 26 at ¶¶ 13, 151-52; Dkt. No. 130 at ¶¶ 8, 117-29) and allegations

4    that the ruling in <u>M-S</u> and the policies and practices of Defendants violate the APA.  (Dkt. No.

5    130, ¶¶ 142-146, 152-159.)

6          That the named Plaintiffs (Vasquez and Orantes) are not currently being detained is also

7    cited as grounds for challenging their standing and their ability to serve as class representatives.

8    This is not a sound argument for two reasons: First, the INA gives Defendants the right to revoke

9    a bond order at any time on the basis of "changed circumstances."  8 U.S.C. § 1226(b).  The

10    Government submits a declaration from the Deputy Assistant Director of ICE's Office of

11    Enforcement and Removal Operations (ERO) which states that "[a]t this time, ERO does not

12    intend to re-detain aliens who, after having established credible fear, have an ICE custody release

13    determination or an Immigration Court final bond determination pursuant to INA § 236 issued

14    prior to July 15, 2019."  (Dkt. No. 137, Decl. of Hott at ¶ 6.)  The Court is not persuaded that the

15    conditional "at this time" language divests Plaintiffs of standing – the Government's

16    unwillingness to unconditionally assert that Plaintiffs will not be re-detained means that the

17    specter of re-detention looms and these Plaintiffs and many members of their class face the real

18    and imminent threat of bondless and indefinite detention absent the relief they seek.[1]

19          Second, as this Court has already ruled, the claims of the bond hearing class continue to

20    be "inherently transitory" and thus the named Plaintiffs are permitted to represent the interests of

21    class members whose claims may both come ripe and/or expire during the course of the

22

23

24

---

[1] The Court notes, along these lines, that as a result of the decision in <u>M-S</u> the respondent, who was initially ordered released on bond, was ordered "detained until his removal proceedings conclude."  27 I. & N. at 510.

1    litigation.  (*See* Dkt. No. 102 at 8, Dkt. No. 110 at 5); <u>Sosna v. Iowa</u>, 419 U.S. 393, 402 (1975).

2    Additionally, now that the class is certified to pursue its due process claims, that class

3    "'acquire[s] a legal status separate from the interest asserted by [the class representative],' so that

4    an Article III controversy now exists 'between a named defendant and a member of the

5    [certified] class.'"  <u>Pitts v. Terrible Herbst, Inc.</u>, 653 F.3d 1081, 1090 (9th Cir. 2011)(*quoting*

6    <u>Sosna</u> at 399; alterations in original).

7    B.  <u>8 U.S.C. § 1252(f)(1)</u>

8    In an earlier order denying Defendants' first motion to dismiss this matter, this Court

9    declined to be bound by 8 U.S.C. § 1252(f)(1), which states that "no court . . . shall have

10   jurisdiction or authority to enjoin or restrain the operation of the provisions" of the INA "other

11   than with respect to the application of such provisions to an individual alien against whom

12   proceedings under such part have been initiated."  The Court held that "Plaintiffs are not asking

13   the Court to enjoin or restrain the operation of the provisions of any statute, but instead seek an

14   injunction against actions and policies that violate those statutes." (Dkt. No. 91 at 19.)  That

15   holding was unquestionably grounded in the <u>Matter of X-K</u>, which held that Plaintiffs are

16   entitled to a bond hearing under the INA.  With the AG's determination that <u>X-K</u> "was wrongly

17   decided," the parties (and the Court) are required to address the impact of § 1252(f)(1).

18   The Government's position is straightforward: the effect of this provision is to ban

19   classwide injunctive relief on any issue touching on the enforcement of the INA.  Since it is now

20   "settled" (from the Government's perspective) that the INA excludes Plaintiffs from bond

21   hearings pending final adjudication of their asylum application, it can be argued that an

22   injunction which orders bond hearings for Plaintiffs as a class "enjoin[s] or restrain[s] the

23   operation" of the statute "other than with respect to the application of such provisions to an

24

1    individual alien." There is support for this position in the Supreme Court's <u>Jennings v.</u>

2    <u>Rodriguez</u> opinion: "Section 1252(f)(1) thus 'prohibits federal courts from granting classwide

3    injunctive relief against the operation of §§ 1221-123[2].'" 130 S.Ct. at 851; *quoting* <u>Reno v.</u>

4    <u>AAADC</u>, 525 U.S. 471, 481 (1999).

5           Plaintiffs respond by citing to <u>Califano v. Yamasaki</u>, 442 U.S. 682 (1979), where the

6    Supreme Court found (in regard to a different statutory scheme) that language authorizing a suit

7    by "[any] individual" did not foreclose the availability of classwide relief. The <u>Califano</u> Court

8    ruled that "[w]here the district court has jurisdiction over the claim of each individual member of

9    the class, [FRCP] 23 provides a procedure by which the court may exercise that jurisdiction over

10   the various individual claims in a single proceeding;" i.e., a class action. <u>Id.</u> at 700.

11          Upon remand from the <u>Jennings</u> Court, the Ninth Circuit appears to be in agreement that

12   <u>Califano</u> is applicable to a § 1252(f)(1) analysis.

13          [W]e have jurisdiction under 8 U.S.C. § 1252(f)(1)… All of the
             individuals in the putative class are 'individuals against whom
14          proceedings under such part have been initiated' and are pursuing habeas
             claims, albeit as a class, which nowhere appears affected by § 1252(f)(1).
15

16   <u>Rodriguez v. Marin</u>, 909 F.3d 252, 256-57 (9th Cir. 2018). The same is true here as regards the

17   Bond Hearing Class. Additionally, "it is especially significant that § 1252(f)(1) is silent as to a

18   prohibition on class actions when another subsection in the same provision expressly prohibits

19   class actions." <u>Arroyo v. U.S. Dept. of Homeland Security</u>, No. 8:19-cv-00815-JGB-SHK at *10

20   (C.D. Cal. June 20, 2019)(citing 8 U.S.C. § 1252(e)(1(B). "Congress's failure to prohibit class

21   actions for plaintiff already in removal proceedings is meaningful and intentional." <u>Id.</u>

22          And there are further grounds upon which to base the Court's authority to grant

23   injunctive relief to this class. Plaintiffs' TAC invokes the Court's habeas jurisdiction (Dkt. No.

24   130 at ¶ 8), and their briefing cites the Supreme Court's holding in <u>INS v. St. Cyr</u>, 533 U.S. 289,

1    310-14 (2001) that federal courts will not read a statute to restrict their power to grant habeas

2    relief unless Congress specifically and explicitly revokes the authority granted under the federal

3    habeas statute (28 U.S.C. § 2241) by name.  This approach is endorsed by the Ninth Circuit: in

4    Rodriguez v. Marin, the Court similarly found that "Section 1252(f)(1) also does not bar the

5    habeas class action because it lacks a clear statement repealing the court's habeas jurisdiction."

6    909 F.3d 252, 256 (9th Cir. 2018).

7         The Government argues that the St. Cyr "clear statement" rule is inapplicable where (1)

8    individual habeas relief is still available and (2) there is no blanket ban on habeas *jurisdiction*

9    (i.e., the Court still has its power to grant habeas relief, just not habeas *injunctive* relief).  But the

10   Second and Third Circuits have held that the clear statement rule applies even when a statute

11   does not bar all judicial review.  Liu v. INS, 293 F.3d 36, 37 (2nd Cir. 2002)(clear statement still

12   required even where petitioner has other means – e.g., a petition for review – to raise the same

13   issues); *cf.* Chmakov v. Blackman, 266 F.3d 210, 215 (3rd Cir. 2001).  As the Government has

14   noted, there is Sixth Circuit precedent specifically on this point:

15   
16        [T]here is nothing in § 1252(f)(1) that suspends the writ of habeas corpus.
          It is true that habeas is barred as to *injunctive relief* for *class actions*, but
          there is nothing barring a class from seeking a traditional writ of habeas
17        corpus (which is distinct from injunctive relief

18   Hamama v. Homan, 912 F.3d 869, 879 (6th Cir. 2018)(emphasis in original).  But this Court is

19   not compelled to follow the dictates of the Sixth Circuit (and, per the remand in Rodriguez v.

20   Marin, the Ninth Circuit still considers the issue of classwide injunctive relief to be an open

21   question).  There is nothing in St. Cyr and nothing in applicable Ninth Circuit jurisprudence to

22   indicate that, absent a specific restriction, this Court is not authorized to exercise the full panoply

23   of its habeas powers, including its equitable powers to enjoin conduct found unconstitutional.

24

1   On that basis, § 1252(f)(1) does not operate to bar the classwide injunctive relief sought by

2   Plaintiffs.

3           C.   § 1252(e)(3)

4           The Government also challenges the Court's jurisdiction.  8 U.S.C. § 1252(e)(3)

5   ("Challenges on Validity of the System") provides that

6           [j]udicial review of determinations under section 1225(b) . . . and its
            implementation is available in an action instituted in the United States
7           District Court for the District of Columbia, but shall be limited to
            determinations of (i) whether such section, or any regulation issued to
8           implement such section, is constitutional.

9

10          The Government RE contends that Plaintiffs' TAC represents the kind of "systemic

11  challenge to the constitutionality of 8 U.S.C. § 1225" which, pursuant to the mandate above, may

12  only properly be brought in the District of Columbia.  (Dkt. No. 114, Defendants' Motion to

13  Vacate at 17.)

14          This is not a persuasive position.  Section 1252(e)(3) is included as part of a statute that is

15  addressed to "Judicial review of orders under section 235(b)(1)" (which in turn is concerned with

16  "Inspection of aliens arriving in the United States and certain other aliens who have not been

17  admitted or paroled").  As such, § 1252(e)(3) is addressed to challenges to the removal *process*

18  itself, not to detentions attendant upon that process.  The Court is guided by the reasoning of the

19  Supreme Court in Jennings, which noted (in finding jurisdiction to consider challenges to the

20  detention process under §1225):

21          For present purposes, it is enough to note that respondents are not asking
            for review of an order of removal; they are not challenging the decision to
22          detain them in the first place or to seek removal; and they are not even
            challenging any part of the process by which their removability will be
23          determined.

24

1    130 S.Ct. at 841.  It is these types of claims to which § 1252(e)(3) is addressed; Plaintiffs'

2    challenge to the constitutionality of their detention is not subject to the strictures of that

3    provision.

4        The Court's decision in this regard is further buttressed by the complete absence of any

5    mention of § 1252(e)(3) as a bar to jurisdiction in either <u>Jennings</u> or <u>Rodriguez v. Marin</u>.  In a

6    case involving plaintiffs challenging their detention under § 1225(b), neither the Government,

7    the Supreme Court nor the Ninth Circuit saw fit to raise § 1252(e)(3) as an impediment to

8    consideration of the merits of the claims.  This Court will follow suit and move on to a

9    consideration of the merits of Plaintiffs' request to modify the present injunction in this matter.

10   **II.  The Preliminary Injunction**

11       Neither side disputes that the injunction previously entered in this matter cannot remain

12   in effect in its current form.  The Court retains an inherent authority to modify an existing

13   injunction on the basis of changed circumstance (including a change in the law).  <u>Sys. Fed. No.</u>

14   <u>91 v. Wright</u>, 364 U.S. 642, 647 (1961).  Defendants argue that the modification requested here

15   necessitates a finding that this is a "mandatory" injunction – one which "orders a responsible

16   party to take action" (<u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873,

17   879 (9th Cir. 2009)) – and thus subject to a higher standard of proof.  The Court disagrees.

18   Even in its modified form, this remains a "prohibitory" injunction, one intended to preserve the

19   status quo (which, at this point, is represented both by the original preliminary injunction and by

20   the 50 years preceding this litigation during which EWI aliens have been considered entitled to

21   bond hearings to test the necessity of their detention) and seeking only to "prevent[] future

22   constitutional violations."  <u>Hernandez v. Sessions</u>, 872 F.3d 976, 998 (9th Cir. 2017).

23

24

1    The Court analyzes the request for modification using traditional elements that must be

2    established prior to the issuance of injunctive relief:

3    1.  Likelihood of success on the merits

4    2.  Irreparable harm in the absence of the injunction

5    3.  A balance of equities which favors the moving party

6    4.  The existence of a public interest which favors the injunction

7    Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

8        *1.  Likelihood of success on the merits*

9        Backed by the AG's findings that § 1225(b) mandates detention without bond for these

10   Plaintiffs, the Government cites to the jurisprudential maxim that "acts of Congress enjoy a

11   strong presumption of constitutionality."  Schwenk v. Hartford, 204 F.3d 1187, 1204 (9th Cir.

12   2000).  Giving that maxim its due does not abrogate the Court's authority under the habeas

13   statute to determine if these Plaintiffs are "in custody in violation of the Constitution."  28 U.S.C.

14   § 2241(c)(3).

15       The Court previously utilized the Mathews balancing test to determine Plaintiffs'

16   likelihood of success on the merits and will do so again.  The test examines and weighs:

17       First, the private interest that will be affected by the official action;
     second, the risk of an erroneous deprivation of such interest through the
18   procedures used, and the probable value, if any, of additional or substitute
     procedural safeguards; and finally, the Government's interest, including
19   the function involved and the fiscal and administrative burdens that the
     additional or substitute procedural requirement would entail.
20

21   Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

22

23

24

1        a.   Private interest

2        The Supreme Court has definitively established the immigrant detainees'

3   constitutionally-protected interest in freedom from unnecessary incarceration.  <u>Zadvydas v.</u>

4   <u>Davis</u>, 533 U.S. 678, 690 (2001).  The Ninth Circuit has recognized that, in the area of

5   non-criminal detention of immigrants, "the private interest at issue here is 'fundamental':

6   freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"

7   <u>Hernandez v. Sessions</u>, 872 F.3d 976, 993 (9th Cir. 2017) (quoting <u>Foucha v. Lousiana</u>, 504 U.S.

8   71, 80 (1992)).  The Ninth Circuit described the fundamental nature of that interest as "beyond

9   dispute."  <u>Id.</u>

10       The Government attempts to argue that Plaintiffs are essentially "excludable aliens,"

11   entitled only to the rights Congress sees fit to grant them.  <u>Shaughnessy v. United States ex rel.</u>

12   <u>Mezei</u>, 345 U.S. 206, 212 (1982).  The Court has already found that these Plaintiffs are not

13   "excludable" aliens with no inherent due process rights; nothing about the current posture of this

14   case has altered the validity of that analysis.  (<i>See</i> Dkt. No. 110, Order Granting Preliminary

15   Injunction ("PI Order") at 6.)  Plaintiffs are "non-arriving aliens" who, having been apprehended

16   within the territorial boundaries of this county, are entitled to due process protections.  <u>United</u>

17   <u>States v. Raya-Vaca</u>, 771 F.3d 1995, 1202 (9th Cir. 2014).  Among those protections is a

18   longstanding prohibition against indefinite civil detention with no opportunity to test its

19   necessity.  The Ninth Circuit has expressed "grave doubts that any statute that allows for

20   arbitrary prolonged detention without any process is constitutional."  <u>Rodriguez v. Marin</u>, 909

21   F.3d 252, 256.  (9th Cir. 2018).

22       The Government points to cases like <u>Zadvydas</u> and <u>Demore v. Hyung Joon Kim</u> (538

23   U.S. 510 (2003)) – which upheld the reasonableness of six-month detention periods – to argue

24

1   that Plaintiffs are not likely to succeed on their request for a seven-day timeline on bond

2   hearings.  But the length of time until hearing is not the issue currently before the Court[2] as it

3   considers modification of the injunction already in place – the issue in this motion is whether or

4   not it is constitutional to have no bond hearing at all.

5          Further, the Government's cases are distinguishable from the instant matter to the extent

6   that longer periods of detention were found appropriate.  The aliens in Zadvydas were already

7   adjudicated removable and simply awaiting deportation, which is not the case with Plaintiffs.

8   Demore concerned a detention policy narrowly tailored to a subset of noncitizens who had

9   committed one of a specified list of crimes which made them risks upon release; Plaintiffs here

10  are subject to indefinite detention without regard for their criminal history or the fact that they

11  have been adjudged credibly fearful of returning to their homelands.  The Demore Court relied

12  on a massive record of research and statistics demonstrating that the targeted subset of aliens

13  were categorically risks of flight and dangers to the community.  538 U.S. at 518-21.  There is no

14  similar evidence in the instant case.

15         The Court finds that Plaintiffs have established a constitutionally-protected interest in

16  their liberty, a right to due process which includes a hearing before a neutral decisionmaker to

17  assess the necessity of their detention, and a likelihood of success on the merits of that issue.

18         Plaintiffs have also asserted a cause of action under the Administrative Procedures Act

19  ("APA"), alleging that the AG's decision in Matter of M-S represents a revision to an existing

20  regulation in violation of the "notice and comment" requirement of the APA.  5 U.S.C.

21  § 553(b)-(d).  Plaintiffs' legal theory is that the AG's finding that immigrants detained awaiting

22  an asylum determination are not entitled to bond hearings under § 1225(b) represents

23

24  _____
    [2] To the extent it is, the Court has already ruled.  *See* PI Order at 13-14.

ORDER ON MOTIONS RE: PRELIMINARY INJUNCTION - 14

1   "rulemaking;" i.e., a change to an existing rule or regulation.  The APA requires, prior to

2   amending or repealing an existing rule, notice of the proposed change in the Federal Register

3   with a 30-day period prior to implementation of the revision or withdrawal and an opportunity

4   for comment by interested persons.  Id.  The Court does not find a likelihood of success on the

5   merits of Plaintiffs' APA claim as it regards this issue.

6     The rules which Plaintiffs contend are being repealed are 8 C.F.R. §§ 1236.1(d) and

7   1003.19(h)(2)(i). § 1236.1(d) ("Appeals from custody decisions") state:

8    (1) Application to immigration judge. After an initial custody
        determination by the district director, including the setting of a bond, the
9       respondent may, at any time before an order under 8 CFR part 1240
        becomes final, request amelioration of the conditions under which he or
10      she may be released. Prior to such final order, and except as otherwise
        provided in this chapter, the immigration judge is *authorized to exercise*
11      *the authority in section 236 of the Act…* to detain the alien in custody,
        release the alien, and determine the amount of bond, if any, under which
12      the respondent may be released, as provided in § 1003.19 of this chapter.

13  (Emphasis supplied.)  § 1003.19 is an adjunct regulation to § 1236.1, covering "[c]ustody and

14  bond determinations made by the service pursuant to 8 C.F.R. part 1236."

15    These regulations concern the authority of immigration officials and judges under

16  "section 236 of the Act," which is also known as § 1226 of the INA.  Plaintiffs' asylum

17  applications are being processed (and they are being detained) pursuant to section 235 (or

18  § 1225) of the Act, and the regulation which they allege is being revised or repealed in violation

19  of the APA is inapplicable to them.  Under these circumstances, the Court cannot find that they

20  have a likelihood of succeeding on the merits of that particular claim.

21     b.   Risk of deprivation/value of procedural safeguards

22    Quoting from the Court's previous findings:

23

24

The <u>Hernandez</u> court, conducting a similar <u>Mathews</u> analysis in the context of immigrant detention, described the [risk of deprivation of a bond hearing] as follows: "[T]here is a significant risk that the individual will be needlessly deprived of the fundamental right to liberty." 872 F.3d at 993.

(Dkt. No. 110, PI Order at 12.)  That risk remains as valid today as it was then.

The "value of the procedural safeguard" of a bond hearing is self-evident.  To begin with, immigration detention can be upheld only where "a special justification . . . outweighs the 'individuals' constitutionally protected interest in avoiding physical restraint.'" <u>Zadvydas</u>, 553 U.S. at 690 (*quoting* <u>Kansas v. Hendricks</u>, 521 U.S. 346, 356 (1997)); *see also* <u>United States v. Salerno</u>, 481 U.S. 739 747 (1987).  The purposes of immigration detention are simple and straightforward: to facilitate removal (if removal is deemed justified), and to prevent flight and harm to the community.  <u>Id.</u> at 690-91; <u>Hernandez</u>, 872 F.3d at 990.  Detention that does not serve those legitimate ends violates due process; bond hearings are the most efficacious mean of insuring those purposes are being served.

c.   The Government's interest

To demonstrate their interest, Defendants cite their commitment to "the efficient administration of the immigration laws at the border."  (Dkt. No. 139, Defendants' Response at 24.)  The Court has already indicated its disinclination to "exalt expense over fundamental rights to liberty" (PI Order at 15), quoting the Ninth Circuit in <u>Hernandez</u>:

[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured . . .

872 F.3d at 990.

1       The Court finds a private interest held by this class that is being affected by

2   governmental action, a substantial risk of its erroneous deprivation under the AG's interpretation

3   of the INA, and probable value in according Plaintiffs their right to a bond hearing, none of

4   which are outweighed by the Government's interest in proceeding in accordance with the AG's

5   dictates.  While the same cannot be said for Plaintiffs' APA claim, the Court finds that the class

6   has demonstrated a likelihood of success on their constitutional challenge to the complete

7   elimination of bond hearings for its members.

8       2.  *Irreparable harm*

9       As the Court has previously found, "any deprivation of constitutional rights

10  'unquestionably constitutes irreparable injury.'"  Hernandez, id. at 995 (citation omitted).  All

11  the harms attendant upon their prolonged detention cited in the original ruling on Plaintiffs'

12  request for injunctive relief remain applicable here – substandard physical conditions, low

13  standards of medical care, lack of access to attorneys and evidence as Plaintiffs prepare their

14  cases, separation from their families, and re-traumatization of a population already found to have

15  legitimate circumstances of victimization.

16          Finally, there is the incalculable harm to those class members who, facing
            an uncertain length of time in custody and an arduous and obstacle-strewn
17          road to establishing . . . []their right to asylum[], simply abandon their
            claim and accept deportation back to countries where, as it has already
18          been established to the Government's satisfaction, they face persecution,
            torture, and possibly death.
19

20  PI Order at 17.

21      The Government's arguments to the contrary lack substance.  Defendants cite to the

22  "speculative" nature of any possible harm cited by the named Plaintiffs – even if that were true

23  (see the Court's findings *supra* regarding the Government's "at this time…" declaration),

24

1    Plaintiffs Orantes and Vasquez represent a class of persons who are currently in custody and for

2    whom detention without bond is not a theoretical concept.  Defendants again cite to the bond

3    hearing class's access to individual habeas petitions to challenge their detention – the Court has

4    already commented on the "grim irony" of the members of this class being forced to endure

5    further delays while they contest the constitutionality of their detention.

6        The Court finds that Plaintiffs have succeeded in demonstrating "irreparable harm" in the

7    absence of injunctive relief.

8        3.  *Equities/public interest*

9        When the Government is a party to the case, the public interest and balance of equities

10    factors "merge."  Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1092 (9th Cir. 2014).  The

11    equities favoring Plaintiffs continue to be: The deprivation of their constitutional rights, the

12    physical/emotional/psychological damage engendered by their indefinite detention, the

13    separation from their families, and the negative impact on their ability to properly prepare their

14    cases.

15        On its side, the Government cites "the efficient administration of the immigration laws,"

16    which has been addressed *supra*.  The words of the Ninth Circuit in Hernandez continue to ring

17    true:

18           "Faced with such a conflict between financial concerns and preventable
           human suffering, we have little difficulty concluding that the balance of
19           hardships tips decidedly in plaintiffs' favor."

20    872 F.3d at 996 (quoting Lopez v. Heckler, 713 F.2d 1432, 1437 (9th Cir. 1983)).

21        Defendants also caution the Court against creating a "Jennings subset" – what they

22    characterize as an "exception" to the Jennings holding that detention is statutorily required under

23    § 1225.  But Jennings made no finding regarding the constitutionality of § 1225 and the case

24

1    does not stand for the proposition that indefinite mandatory detention while awaiting

2    determination of an asylum application is constitutionally permissible.  The Court sees nothing in

3    the Supreme Court's ruling in <u>Jennings</u> that favors the Government's position in this litigation.

4         The Ninth Circuit has previously found that "it is always in the public interest to prevent

5    the violation of a party's constitutional rights."  <u>Melendres v. Arpaio</u>, 695 F.3d 990, 1002 (9th

6    Cir. 2012).  The Court finds that the balance of equities and the public interest favor granting

7    injunctive relief to Plaintiffs.

8                                      **Conclusion**

9         The Plaintiffs of the Bond Hearing Class have succeeded in establishing all the requisite

10   elements for granting their request for modified injunctive relief: a change in circumstances, a

11   continuing likelihood of success on the merits on at least one of their claims, irreparable harm if

12   their relief is not granted, a balance of equities in their favor, and a benefit to the public interest

13   if granted the relief they seek.  Accordingly, the Court GRANTS the requested relief.

14        Anticipating that an appeal will swiftly follow the publication of this order, the Court

15   divides the modified injunction into two parts to facilitate appellate review:

16   **PART A**: Affirming its previously-entered injunctive relief requiring Defendant

17   Executive Office for Immigration Review to:

18        1.  Conduct bond hearings within seven days of a bond hearing request by a class

19            member, and release any class member whose detention time exceeds that limit;

20        2.  Place the burden of proof on Defendant Department of Homeland Security in those

21            bond hearings to demonstrate why the class member should not be released on bond,

22            parole, or other conditions;

23

24

3.  Record the bond hearing and produce the recording or verbatim transcript of the hearing upon appeal; and

4.  Produce a written decision with particularized determinations of individualized findings at the conclusion of the bond hearing.

**PART B**: Modifying the injunction to find that the statutory prohibition at Immigration and Nationality Act § 235(b)(1)(B)(ii) against releasing on bond persons found to have a credible fear and awaiting a determination of their asylum application violates the U.S. Constitution; the Bond Hearing Class is constitutionally entitled to a bond hearing before a neutral decisionmaker (under the conditions enumerated above) pending resolution of their asylum applications.

The preliminary injunction, as modified, will enter into effect 14 days from the date of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated: July 2, 2019.

Marsha J. Pechman
United States Senior District Judge

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   YOLANY PADILLA, et al.,                    CASE NO. C18-928 MJP

11                       Plaintiffs,            ORDER GRANTING
                                                PRELIMINARY INJUNCTION
12          v.

13   US IMMIGRATION AND CUSTOMS
     ENFORCEMENT, et al.,

14
                        Defendants.
15

16

17          The above-entitled Court, having received and reviewed:

18          1.   Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 45),

19          2.   Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. No.

20               82),

21          3.   Plaintiffs' Reply in Support of Motion for Preliminary Injunction (Dkt. No. 85),

22   all attached declarations and exhibits, and relevant portions of the record, and having heard oral

23   argument thereon, rules as follows:

24

ORDER GRANTING PRELIMINARY INJUNCTION - 1                                          ER-76

1    IT IS ORDERED that the motion is GRANTED.  With regard to the Bond Hearing Class,

2    Defendant Executive Office for Immigration Review must, within 30 days of this Order:

3    1.   Conduct bond hearings within seven days of a bond hearing request by a class

4         member, and release any class member whose detention time exceeds that limit;

5    2.   Place the burden of proof on Defendant Department of Homeland Security in those

6         bond hearings to demonstrate why the class member should not be released on bond,

7         parole, or other conditions;

8    3.   Record the bond hearing and produce the recording or verbatim transcript of the

9         hearing upon appeal; and

10   4.   Produce a written decision with particularized determinations of individualized

11        findings at the conclusion of the bond hearing.

12                                        **Background**

13   Under the Immigration and Nationality Act ("INA"), detained asylum seekers who are

14   determined by Defendant U.S. Immigration and Customs Enforcement ("ICE") to have a

15   credible fear of persecution are entitled to request release from custody during the pendency of

16   the asylum process.  See Matter of X-K, 23 I. & N. Dec. 731 (BIA 2005).  The initial decision of

17   whether the detainees may be released is made by Defendant Department of Homeland Security

18   ("DHS") (see 8 C.F.R. § 236.1(c)(8)), and the asylum seekers may request review of the DHS

19   determination before an immigration judge ("IJ") by means of a bond hearing.  See 8 U.S.C.

20   § 1226(a); 8 C.F.R. § 1003.19(a).

21   The agencies' own guidelines and regulations reflect a recognition of the significance of

22   the deprivation of liberty and the need for expeditious processing of these requests.  See, e.g., 8

23   C.F.R. § 1003.47(k) (referring to "the expedited nature" of initial custody redetermination cases);

24

1    52 Fed. Reg. 2931, 2932 (Aliens and Nationality; Rules of Procedure Before Immigration

2    Judges: Jan. 29, 1987) (emphasizing the need for procedures at that time to "maximize the

3    prompt availability of Immigration Judges for respondents applying for bond determinations");

4    Immigration Court Practice Manual § 9.3(d)(2016) ("In general, after receiving a request for a

5    bond hearing, the Immigration Court schedules the hearing for the earliest possible date . . .").

6    The DHS regulations allow for bond hearings even prior to the agency filing immigration

7    charges.  8 C.F.R. § 1003.14(a).  The critical nature of the interest at stake is reflected in an

8    underlying theme calling for hearings of this nature to be held as expeditiously as possible.

9         Despite this mandate, Plaintiffs have submitted a plethora of declarations reflecting a

10   practice by Defendant Executive Office for Immigration Review ("EOIR") of delaying bond

11   hearings for members of this class for weeks, even months, following a hearing request.  (See

12   Dkt. No. 37 at 14, Motion for Class Certification; Dkt. No. 46, Decl. of Antonini at ¶ 5; Dkt. No.

13   47, Decl. of Beckett at ¶ 5; Dkt. No. 48, Decl. of Byers at ¶ 5; Dkt. No. 50, Decl. of Inlender at

14   ¶¶ 12-13; Dkt. No. 51, Decl. of Jong at ¶¶ 3-4; Dkt. No. 52, Decl. of Koh at ¶ 14; Dkt. 53, Decl.

15   of Levy at ¶ 6; Dkt. No. 54, Decl. of Love at ¶¶ 4-5; Dkt. No. 55, Decl. of Lunn at ¶ 5; Dkt. No.

16   56, Decl. of Mercado at ¶ 10; Dkt. No. 57, Decl. of Orantes at ¶ 13; Dkt. No. 58, Decl. of

17   Shulruff at ¶ 4; Dkt. No. 60, Decl. of Yang at ¶¶ 5-6.

18        Members of the Bond Hearing class face other obstacles to securing their freedom.  At

19   the bond hearing, the IJ bases his or her decision on an evaluation of whether the asylum seeker

20   poses a danger to the community and is likely to appear at future proceedings.  8 C.F.R.

21   §§ 1236.1(d)(1), 1003.19; Matter of Adeniji, 22 I. & N. 1102, 1112 (BIA 1999).  Unique among

22   civil detention hearings, however, EOIR places the burden of establishing these factors on the

23   detainees instead of the government.  Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

24

ORDER GRANTING PRELIMINARY INJUNCTION - 3

An asylum seeker denied bond can appeal the IJ's decision to the Board of Immigration Appeals ("BIA") or seek another bond hearing in front of the IJ based on a material change in circumstances. 8 C.F.R. §§ 1003.19(e), (f). But the potential appellant must make the decision of whether to appeal without the aid of a record of the initial bond proceeding or a written decision detailing the reasons for the ruling. There is no requirement that immigration courts record their proceedings or provide a transcript thereof, and the IJs do not release a written decision unless an administrative appeal of the bond decision has already been filed. See, e.g., Immigration Court Practice Manual §§ 9.3(e)(iii), e(vii); BIA Practice Manual §§ 4.2(f)(ii), 7.3(b)(ii).

In addition to the deprivation of liberty, detainees face a number of other hardships attendant upon their incarceration: separation from their families, substandard conditions, subpar medical and/or mental health care, and decreased access to legal assistance and the other resources required to pursue their goal of asylum (leading to a decreased likelihood of success). See, e.g., Ingrid Eagly & Stephen Shafter, Am. Imm. Council, *Access to Counsel in Immigration Court* (2016), https://tinyurl.com/y7hbl2rm; Dkt., Decl. of Lunn at ¶ 7; Dkt. No. 49, Decl. of Cooper at ¶¶ 3-14, 17-20. The stakes are high, and the obstacles to success can loom even higher.

**Discussion**

The elements to be established prior to the issuance of injunctive relief are well-known:

1. Likelihood of success on the merits

2. Irreparable harm in the absence of the injunction

3. A balance of equities which favors the moving party

4. The existence of a public interest which favors the injunction

ORDER GRANTING PRELIMINARY INJUNCTION - 4

1  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

2  Here in the Ninth Circuit a "sliding scale" approach to this analysis is utilized – if the

3  balance of hardships tips sharply in favor of the moving party, that party is only required to

4  demonstrate claims that raise serious legal questions, as well as meet the other two criteria.  See,

5  e.g., Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011).

6  *1.  Likelihood of success on the merits*

7  Prior to addressing the substantive merits of the claims of the Bond Hearing Class, the

8  Court turns briefly to the Defendants' argument that these Plaintiffs have no standing to bring

9  this motion because they have no cognizable injury; i.e., they are no longer being detained and

10  have been given bond hearings.  The Court has previously addressed the recognized right of

11  these class representatives to prosecute "inherently transitory" claims (claims which by their

12  nature may expire for any one individual during the course of the litigation) for those remaining

13  members of the class who are still being injured by the policy or practice.  See Sosna v. Iowa,

14  419 U.S. 393, 402 (1975); (Dkt. No. 102, Order Certifying Class at 8.)

15  Further, there is ample precedent for the granting of injunctive relief on behalf of a class

16  at the behest of class representatives who were not suffering the complained-of injury at the time

17  of the request.  See Hernandez v. Sessions, 872 F.3d 976, 986 (9th Cir. 2017) (injunction granted

18  concerning certain bond determination practices although Plaintiffs were no longer in custody);

19  Ms. L. v. ICE, 310 F.Supp.3d 1133, 1146-47 (S.D.Cal. 2018) (enjoining immigrant family

20  separation even though Plaintiffs were already reunited with their children); R.I.L-R v. Johnson,

21  80 F.Supp.3d 164, 191 (D.D.C. 2015) (enjoining a detention policy at the request of Plaintiffs

22  who had been previously released).

23

24

1    Turning to the likelihood of success on the merits, the parties are in agreement that these

2    issues should be analyzed using the balancing test enunciated in Mathews v. Eldridge, 424 U.S.

3    319, 335 (1976), which calls for the court to weigh:

4        First, the private interest that will be affected by the official action;
         second, the risk of an erroneous deprivation of such interest through the
5        procedures used, and the probable value, if any, of additional or substitute
         procedural safeguards; and finally, the Government's interest, including
6        the function involved and the fiscal and administrative burdens that the
         additional or substitute procedural requirement would entail.
7

8        A.    Private interest

9        It has long been recognized that immigration detainees have a constitutionally-protected

10   interest in their freedom.  Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  The Ninth Circuit has

11   recognized that, in the area of non-criminal detention of immigrants, "the private interest at issue

12   here is 'fundamental': freedom from imprisonment is at the 'core of the liberty protected by the

13   Due Process Clause.'"  Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (quoting

14   Foucha v. Lousiana, 504 U.S. 71, 80 (1992)).  The Ninth Circuit described the fundamental

15   nature of that interest as "beyond dispute."  Id.

16       The extent of those due process rights is among the many issues hotly-contested by these

17   parties.  Defendants ask the Court to find that these Plaintiffs are no different from any other

18   immigrants who present themselves at an official Point of Entry (POE) and request admission to

19   this country, a class of "excludable aliens" which has been found to have no inherent due process

20   rights.  See Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953).

21       Again, the Court cites its earlier Order on Motion to Dismiss for a previous ruling that,

22   because these Plaintiffs (and the class they represent) were already within the territorial borders

23   of the U.S. when they were detained, they are not considered on a similar footing to "excludable"

24

ORDER GRANTING PRELIMINARY INJUNCTION - 6

1    aliens.  (See Dkt. No. 91, Order on Motion to Dismiss at 8-10.)  "[O]nce an individual has

2    entered the country, he is entitled to the protection of the *Due Process Clause*."  United States v.

3    Raya-Vaca, 771 F.3d 1995, 1202 (9th Cir. 2014) (emphasis in original)[1]; see also Zadvydas, 553

4    U.S. at 693.  The Court finds that this class of plaintiffs has a considerable private interest at

5    stake: A constitutional right to press their due process claims, including their right to be free

6    from indeterminate civil detention, and their right to have the bond hearings conducted in

7    conformity with due process.

8        Defendants also argue that Jennings v. Rodriguez, 138 S.Ct. 830 (2018) (the Supreme

9    Court case cited by this Court in initially finding jurisdiction over this lawsuit; (Dkt. No. 91,

10   Order on Motion to Dismiss at 6-7)) "concluded that the statute bars such aliens from being

11   afforded a bond hearing during the pendency of their removal proceedings."  (Dkt. No. 82,

12   Response at 10 (citing 138 S.Ct. at 845.))  This is an oversimplified and inaccurate reading of

13   that portion of the ruling, which concerns 8 U.S.C. § 1225(b)(1), and quotes its language that

14   "[a]ny alien . . . shall be detained pending a final determination of credible fear of persecution

15   and, *if found not to have such a fear*, until removed."  Jennings, 138 S.Ct. at 845 (emphasis

16   supplied).  The members of the Bond Hearing Class have been found "to have such a fear" and

17   that finding removes them from the detention requirements referenced in Jennings.

18       The Court further finds that the fundamental liberty interest implicated by the Bond

19   Hearing Class's prolonged and indeterminate detention extends to the procedural remedies which

20   they are seeking as well: Being forced to bear the burden of proof and being denied both some

21   form of automatic verbatim record and timely written findings—impacting both the likelihood of

22

23   [1] Defendants' argument that Raya-Vaca is "strictly limited" to criminal defendants is not supported by the opinion.
     The "criminal case limitation" is applicable only to attacks on removal orders which are not at issue here.  There is
     no restriction on the Ninth Circuit's holding regarding the due process rights of aliens apprehended within the

24   borders of the U.S.

ORDER GRANTING PRELIMINARY INJUNCTION - 7

1  release and the ability to effectively appeal adverse determinations—can all be seen as potential

2  threats to the class members' liberty.

3      Defendants reiterate the "harmless error" argument from their earlier dismissal motion,

4  asserting that <u>Prieto-Romero v. Clark</u>, 534 F.3d 1053 (9th Cir. 2008) sets a standard requiring

5  that the Plaintiffs demonstrate that the "alleged due process violations adversely affected the IJ's

6  determination that [Plaintiff] was eligible for bond." <u>Id.</u> at 1066.  Defendants argue that the class

7  representatives fail under the harmless error standard because none of them are in custody and,

8  further, that the putative class members' proof fails because they have not yet had their hearings.

9  The Court is not persuaded, and is mindful that, in the case of both of the named representatives

10  of the Bond Hearing Class, it was proactive intervention by the government that eliminated the

11  need for an appeal of an adverse determination at the bond hearing.  (<u>See</u> Dkt. No. 26, Second

12  Amended Complaint, ¶¶ 121, 123; Dkt. No. 61, ¶ 10.)  In <u>Pitts v. Terrible Herbst, Inc.</u>, 653 F.3d

13  1081 (9th Cir. 2011), Defendant attempted to "moot" Plaintiff's claim during the pendency of the

14  lawsuit by making him an offer of judgment.  The Ninth Circuit ruled that such a strategy could

15  not defeat an otherwise valid class action: "[T]he termination of a class representative's claim

16  does not moot the class claims." <u>Id.</u> at 1089.

17      Regarding the putative class members, there is Ninth Circuit authority that there are

18  circumstances where, if the injury is <u>imminent</u>, prior or present harm need not be shown.  In

19  <u>Amer. Trucking Assoc's v. City of Los Angeles</u>, 559 F.3d 1046 (9th Cir. 2009), the court noted

20  that enforcing a requirement of proven past harm would put the plaintiffs to a "Hobson's choice"

21  – refuse to abide by the challenged regulation and lose the right to do business, or submit to the

22  regulation and be driven out of business by the cost of compliance.  Under those circumstances,

23  the Ninth Circuit found that "the constitutional violation alone, coupled with the damages

24  

ORDER GRANTING PRELIMINARY INJUNCTION - 8

1    incurred, can suffice to show irreparable harm."  Id. at 1058.  See also Hernandez, 872 F.3d at

2    994 ("It is well-established that the deprivation of constitutional rights 'unquestionably

3    constitutes irreparable injury.'") (citations omitted).

4         Plaintiffs here are faced with a similar choice – accept their indeterminate detention and

5    receive bond hearings at the Government's pleasure with a reversed and inequitable burden of

6    proof and procedural deficiencies which impact their ability to appeal an adverse determination

7    or (as the Defendants have suggested) give up their asylum claim and allow themselves to be

8    deported back to a homeland where they have already been found to have a credible fear of

9    injury or death.  The Constitution does not require these Plaintiffs to endure such a no-win

10   scenario.

11        Defendants also claim that Plaintiffs are not entitled to relief because they have not

12   exhausted their administrative rights.  The exhaustion requirement is "prudential, rather than

13   jurisdictional," and it is within the discretion of a district court to

14       waive the prudential exhaustion requirement if "administrative remedies
         are inadequate or not efficacious, pursuit of administrative remedies would
15       be a futile gesture, irreparable injury will result, or the administrative
         proceedings would be void."
16

17   Hernandez, 872 F.3d at 987 (citation omitted).  As has already been observed, "[i]t is

18   well-established that the deprivation of constitutional rights 'unquestionably constitutes

19   irreparable injury.'" Hernandez, 872 F.3d at 994 (citations omitted).  Furthermore, Plaintiffs'

20   evidence demonstrates that, Defendants having shown no inclination to modify any of their

21   policies, the administrative remedy is "inadequate."  Indeed, the thrust of that evidence

22   (regarding the lack of either an automatic verbatim record or mandatory written findings at the

23   time of ruling) is that the current practices negatively impact their ability to effectively appeal

24

1    and it would be futile to continue to pursue the administrative remedy in the face of Defendants'

2    ongoing refusal to alter the procedural framework.

3          In attempting to argue that Plaintiffs have no constitutional right to a verbatim record or

4    automatic written findings, Defendants again turn to the argument that there is not even a

5    guaranteed right to verbatim record in criminal proceedings.  This argument was addressed—and

6    rejected—in the Court's Order on Motion to Dismiss:

7          The government goes on to claim that, because "[t]he Supreme Court has
           declined to impose a contemporaneous verbatim record requirement on
8          *criminal* trials," the Court should not do so in immigration custody
           redetermination hearings. (Dkt. No. 36 at 18 (emphasis in original).) The
9          problem with this argument is that every case cited in support of this
           proposition says the *opposite*: that indigent defendants must be provided
10         with "a record of sufficient completeness" (Coppedge v. United States,
           369 U.S. 438, 446 (1962) for an appeal or "a complete transcript of the
11         proceedings at trial." United States v. Carrillo, 902 F.2d 1405, 1409 (9th
           Cir. 1990).
12

13   (Dkt. 91 at 15, n.3.)

14         Defendants also assert that, because there are "less intrusive ways for the Board to ensure

15   detainees have notice of the basis for their bond decisions," Plaintiffs' interests should not be

16   elevated over the adverse impact on the Government's interest.  (Dkt. No. 82, Response at 19.)

17   The example of a "less intrusive way" which Defendants cite is a case which remanded a bond

18   decision to the IJ for a more thorough bond decision.  In re: Fernando Antonio Garro-Rojas,

19   2007 WL 1430371, at *1 (BIA Mar. 23, 2007).  But it is the prolongation of Plaintiffs' detention

20   that is at the heart of the interest which they seek to protect.  Defendants do not have a right to a

21   "less intrusive" solution that continues to undermine the fundamental interest at stake here.

22         As an example of the nature of their interest in the issuance of written findings before

23   their appeal is filed, Plaintiffs cite to 8 C.F.R. § 1003.3(b) (which mandates dismissal of a Notice

24

1   of Appeal which is insufficiently detailed), as well as <u>Matter of Keyte</u>, 20 I. & N. Dec. 158, 159

2   (BIA 1990), wherein a notice of appeal was summarily dismissed for "offer[ing] only a

3   generalized statement of [the] reason for the appeal." Written findings issued <u>after</u> the notice of

4   appeal is filed are of little benefit to this class. Additionally, written findings, often composed

5   weeks after the hearing itself,[2] may overlook key facts and findings, and may be subject to bias

6   in favor of the adverse ruling. <u>See Bergerco, U.S.A. v. Shipping Corp. of India, Ltd.</u>, 896 F.2d

7   1210, 1214 (9th Cir. 1990) ("[O]nce the court has entered judgment, it may become subject to

8   the very natural weight of its conviction, tending to focus on that which supports its holding.")

9          Regarding Plaintiffs' interest in shifting the burden of proof at the bond hearings,

10  Defendants again wrongly cite <u>Jennings</u> for their argument that Plaintiffs must continue to bear

11  the burden of proof. (Response at 18.) The Supreme Court in <u>Jennings</u> declined to address the

12  constitutional arguments on their merits, instead remanding them to the appellate court for that

13  purpose. 138 S.Ct. at 851. In every other context (both civil and criminal detention), the

14  Government bears the burden of proof regarding suitability for release (with the corresponding

15  presumption in favor of release) – the Supreme Court has upheld that allocation of the burden

16  where it was found (<u>see United States v. Salerno</u>, 481 U.S. 739, 751 (1987); <u>Kansas v. Hendricks</u>

17  521 U.S. 346, 353 (1997)), and struck it down where it was not (<u>see Foucha v. Lousiana</u>, 504

18  U.S. 71, 81 (1992); <u>Addington v. Texas</u>, 441 U.S. 418, 427 ("The individual should not be asked

19  to share equally with society the risk of error when the possible injury to the individual is

20  significantly greater than any possible harm to the state."); and <u>Zadvydas</u>, 533 U.S. at 692

21

22

23

24  ---
    [2] <u>See</u> Dkt. No. 49, Decl. of Cooper at ¶ 16; Dkt. No. 51, Decl. of Jong at ¶ 10.

ORDER GRANTING PRELIMINARY INJUNCTION - 11

1  (striking down a regulation which required immigrant detainees to prove they were not

2  dangerous)).[3]

3      The Court finds that Plaintiffs have succeeded in establishing the existence of the private

4  interests (shared by the class) that are being impacted by the government action.

5      B.    <u>Risk of deprivation/value of procedural safeguards</u>

6      The risk of deprivation occasioned by the indeterminate prolonged civil detention of this

7  class seems almost too obvious to state.  The Court's Order on Motion to Dismiss quoted the

8  Ninth Circuit in <u>Rodriguez v. Marin</u>, 909 F.3d 252, 256 (9th Cir. 2018):

9      We have grave doubts that any statute that allows for arbitrary prolonged
10     detention without any process is constitutional or that those who founded our
       democracy precisely to protect against the government's arbitrary deprivation
11     of liberty would have thought so. Arbitrary civil detention is not a feature of
       our American government.

12     The <u>Hernandez</u> court, conducting a similar <u>Mathews</u> analysis in the context of immigrant

13 detention, described the second factor as follows: "[T]here is a significant risk that the individual

14 will be needlessly deprived of the fundamental right to liberty." 872 F.3d at 993.  That

15 Defendants' procedures here occasion the deprivation of such a fundamental right suffices as an

16 adequate description of "the risk of an erroneous deprivation of such interest through the

17 procedures used," including the absence of any deadline for conducting the bond hearing once

18 requested and placing the burden on the detainee to establish grounds for release.  Additionally,

19 the failure to supply a verbatim record of the hearing or a contemporaneous set of written

20

21

22

23 _____

[3] Further support can be found in an S.D.N.Y. case, <u>Martinez v. Decker</u>, 2018 U.S. Dist. LEXIS 178577 at *13 (S.D.N.Y., October 17, 2018): "Thus, in accordance with every court to have decided this issue, the Court concludes that due process requires the Government to bear the burden of proving that detention is justified at a bond hearing under Section 1226(a)."

24

1  findings jeopardizes the class members' ability to effectively appeal an adverse decision – a

2  further incursion upon their constitutionally-protected liberty interest.

3      Having identified the risk, the Court moves on to examine "the probable value, if any, of

4  additional or substitute procedural safeguards."  Mathews, 424 U.S. at 335.  In establishing by

5  this injunction the requirement that Defendant EOIR hold a bond hearing for class members

6  within seven days of their request, the Court is informed, first, by its previous findings of "a

7  plethora of district court and Board of Immigration Appeals cases affirm[ing] the requirement of

8  a 'prompt' or 'expeditious' bond hearing for immigrants seeking entry."  (See Dkt. No. 91, Order

9  on Motion to Dismiss at 13-14.)  Further guidance is found in the Congressional mandate that, in

10  the statutory scheme by which asylum determinations are made, Defendants are required to

11  review credible fear determinations "as expeditiously as possible," a phrase which is defined as

12  requiring review "to the maximum extent practicable within 24 hours, but in no case later than 7

13  days."  8 U.S.C. § 1225(b)(1)(B)(III)(iii); see also 8 C.F.R. §§ 287.3(d), 1003.42(e).

14      Elsewhere in the civil commitment context, there is a long history of courts which have

15  found that due process requires an expeditious hearing, often defined as a period of no longer

16  than seven days.  See, e.g., Doe v. Gallinot, 657 F.2d 1017 (9th Cir. 1982)(affirming a ruling

17  which required a probable cause hearing for an involuntary mental health commitment after 72

18  hours, "but in no event . . . later than the seventh day of confinement;" Id. at 1025[4]); Saravia v.

19  Sessions, 280 F.Supp.3d 1168 (N.D.Cal. 2017) (finding, using a Mathews balancing test, that the

20  due process clause required, for minors re-arrested by DHS, "the opportunity to be heard 'at a

21

22

23  [4] The Ninth Circuit further found in Gallinot that "the seven-day limit represents a responsible balance of the competing interests involved."  Id. at 1025.

24

1    meaningful time,'" and fixed that period at no later than seven days following the re-arrest; Id. at

2    1197); Nguti v. Sessions, 259 F.Supp.3d 6 (W.D.N.Y. 2017) (requiring an immigrant detainee's

3    bond hearing to be held within one week of the order; Id. at 14).  The Court finds that a timeline

4    of seven days from the date of the bond hearing request is consistent with both Congressional

5    intent and judicial precedent and represents a procedural safeguard providing the value of an

6    opportunity to be heard at a meaningful time regarding this fundamental interest possessed by the

7    class members.

8         The probable value of the other safeguards (the burden of proof borne by the government,

9    an automatic contemporaneous recording of the proceedings, and written findings at the time of

10   decision) required by this injunction has been mentioned supra and may be summarized as: (1)

11   the burden of proof being borne by the party which has traditionally been responsible for it and

12   which has the greater resources to elicit the necessary facts; and (2) the provision to these class

13   members of a meaningful opportunity to decide whether to appeal an adverse determination and

14   to prepare a sufficiently detailed notice of appeal that the process may go forward with a

15   complete representation of their position.  Generally speaking, the "probable value, if any, of

16   additional or substitute procedural safeguards" is the increased likelihood that Plaintiffs will be

17   deprived of their fundamental liberty interest only where absolutely necessary, and for no longer

18   than necessary.

19        C.    The Government's interest

20        "The government has legitimate interests in protecting the public and in ensuring that

21   non-citizens in removal proceedings appear for hearings . . . ."  Hernandez, supra  at 990.  The

22   Defendants present their interests primarily in terms of the burden on their resources that

23   implementing additional procedural safeguards (and a mandated timeline) will impose; i.e.,

24

1    "available resources and docketing realities." (Response at 12.)   While those concerns are

2    certainly within the scope of a <u>Mathews</u> balancing test (this third factor is described as "the

3    Government's interest, including the function involved and *the fiscal and administrative burdens*

4    *that the additional or substitute procedural requirement would entail*"), the Court will not exalt

5    expense over fundamental rights to liberty.  As the Ninth Circuit has stated,

6           [T]he government has no legitimate interest in detaining individuals who
            have been determined not to be a danger to the community and whose
7           appearance at future immigration proceedings can be reasonably
            ensured . . . .
8

9    <u>Hernandez</u>, *supra* at 994.

10          The Court finds that the <u>Mathews</u> balancing test favors the Plaintiffs' position in terms of

11    a finding of "likelihood of success on the merits" – Plaintiffs have established the existence of a

12    fundamental liberty interest, the risk of erroneous deprivation of that interest, and the value of

13    additional procedural safeguards.  The Government interest, while hardly nonexistent, is not

14    sufficient to outweigh the other factors.

15                 *2.   Irreparable harm*

16          The Court finds that Plaintiffs have provided solid evidentiary and jurisprudential proof

17    of the multiple layers of irreparable injury occasioned by Defendants' policies and practices.

18    The Court's analysis begins by noting again that the courts of the United States recognize that

19    "any deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"

20    <u>Hernandez</u>, <u>supra</u> at 995 (citation omitted).

21          Next, the analysis turns to the more concrete types of harm inflicted by prolonged

22    detention, including physical and psychological trauma (e.g., malnutrition, poor medical care,

23    depression; <u>see</u> declarations of Plaintiffs and counsel at Dkt. Nos. 46, 48, 51, 54-58).  Plaintiffs

24    attach to their opening brief a series of declarations establishing the spectrum of harms attendant

ORDER GRANTING PRELIMINARY INJUNCTION - 15

1    upon prolonged detention (including panic attacks, depression, and exacerbation of pre-existing

2    trauma).  (see Opening Brief at 23.)  Additionally, the Ninth Circuit has cited with approval an

3    amicus brief from the American Bar Association in Hernandez which

4           describes evidence of subpar medical and psychiatric care in ICE
             detention facilities, the economic burdens imposed on detainees and their
5           families as a result of detention, and the collateral harms to children of
             detainees whose parents are detained.
6

7    872 F.3d at 994.

8           Secondarily, prolonged indefinite detention negatively impacts detainees who are

9    required to bear the burden of proof of their eligibility for release.  Detention poses "serious

10   obstacles in demonstrating eligibility for release at a bond hearing, including impediments to

11   gathering evidence, communicating with potential witnesses or attorneys . . . or accessing

12   documents that immigration officials have confiscated." (Opening Brief at 24; see declarations of

13   immigration counsel at Dkt. Nos. 46-52, 54, 59.)

14          Furthermore, there is the impact of the procedural deficiencies alleged by Plaintiffs on

15   their ability to effectively appeal any adverse determinations.  If the detainee does not know the

16   grounds on which the bond request was denied, how is the detainee—or the detainee's counsel—

17   supposed to know whether an appeal would be well-taken?  As one counsel declared: "It is near

18   impossible to advise a client on his or her chances of appeal if I have little to no idea of what the

19   [IJ]'s reasoning was for denying bond in the first place."  (Dkt. No. 51, Decl. of Jong at ¶ 11; see

20   also Dkt. No. 50, Decl. of Inlender at ¶ 15 ("Once an appeal is filed, the lack of a transcript

21   means that there is no verifiable way to relay what happened before the immigration judge and,

22   in some cases, to articulate specific errors requiring reversal.").)

23          Finally, there is the incalculable harm to those class members who, facing an uncertain

24   length of time in custody and an arduous and obstacle-strewn road to establishing their right to

1   release (to say nothing of their right to asylum), simply abandon their claim and accept

2   deportation back to countries where, as it has already been established to the Government's

3   satisfaction, they face persecution, torture, and possibly death.  (See Dkt. Nos. 46-47, 50-53, 55,

4   57-60.)

5        Defendants' arguments to the contrary are not persuasive.  They claim that there are no

6   allegations of prolonged detention awaiting a bond hearing, but Plaintiffs' declaratory evidence

7   is replete with assertions of waiting times of weeks and months prior to a bond hearing.  (E.g.,

8   Dkt. Nos. 46, 47, 57, 61.)  They argue that claims of prolonged detention "could be addressed in

9   the ordinary course of habeas litigation when they are ripe" (Response at 24) – apparently

10  entirely missing the grim irony of Plaintiffs being forced to undergo a further delay in detention

11  for an entirely separate legal proceeding.  Even in the face of over a dozen declarations

12  documenting excessive delays and its effects on the class members, Defendants insist that the

13  injuries are "speculative," lacking any proof that they are "likely."

14       Plaintiffs have succeeded in establishing irreparable harm from the complained-of

15  practices.

16        *3.   Balance of equities/Public interest*

17       When the Government is a party to the case, the public interest and balance of equities

18  factors "merge."  Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1092 (9th Cir. 2014).   The

19  equities on Plaintiffs' side consist of the deprivation of a fundamental constitutional right, with

20  accompanying harms that range from physical, emotional and psychological damage to

21  unnecessarily prolonged separation from their families to denial of due process.  The equities on

22  Defendants' side are primarily concerned with the agencies' right to control their dockets and to

23

24

1    allocate what are unquestionably limited resources as they see fit.  This is not a close call.  As the

2    Hernandez court stated:

3    > "Faced with such a conflict between financial concerns and preventable
     > human suffering, we have little difficulty concluding that the balance of

4    > hardships tips decidedly in plaintiffs' favor."

5    872 F.3d at 996 (quoting Lopez v. Heckler, 713 F.2d 1432, 1437 (9th Cir. 1983).

6    In considering the public interest factor in the injunctive equation, the Hernandez court

7    found the following "public interest" factors favored plaintiffs; the Court finds them applicable

8    here:

9    1. "[E]nsuring the government's bond determination procedures comply with the
        Constitution."

10   2. "In addition to potential hardships facing Plaintiffs, the court 'may consider . . . the
        indirect hardship to their friends and family members.'"  (quoting Golden Gate Rest.

11      Ass'n v. City & County of San Francisco, 512 F.3d 1112, 1126 (9th Cir. 2008)).

12   3. "[T]he general public's interest in the efficient allocation of the government's fiscal
        resources" (citing the $158 a day cost to confine each detainee, with a total daily cost

13      of $6.5 million [in 2017], compared to a maximum cost of $17 a day for supervised

14      release).

15   Id.

16   Additionally, there is Ninth Circuit precedent for the principle that "it is always in the

17   public interest to prevent the violation of a party's constitutional rights."  Melendres v. Arpaio,

18   695 F.3d 990, 102 (9th Cir. 2012).  It is the finding of this Court that both the balance of equities

19   and the public interest favor the granting of the injunction requested by Plaintiffs.

20                                          **Conclusion**

21   The Plaintiffs of the Bond Hearing Class have succeeded in establishing all the requisite

22   elements for a granting of their request for injunctive relief: a likelihood of success on the merits,

23   irreparable harm if their relief is not granted, a balance of equities in their favor, and that the

24

1   public interest will be benefited by the relief they seek.  Accordingly, the Court GRANTS the

2   requested relief and orders that Defendant EOIR institute the following procedural safeguards

3   within 30 days of this Order:

4       1.  Conduct bond hearings within seven days of a bond hearing request by a class

5          member, and release any class member whose detention time exceeds that limit;

6       2.  Place the burden of proof on Defendant Department of Homeland Security in those

7          bond hearings to demonstrate why the class member should not be released on bond,

8          parole, or other conditions;

9       3.  Record the bond hearing and produce the recording or verbatim transcript of the

10         hearing upon appeal; and

11      4.  Produce a written decision with particularized determinations of individualized

12         findings at the conclusion of the bond hearing.

13

14  The clerk is ordered to provide copies of this order to all counsel.

15  Dated April 5, 2019.

16

17  Marsha J. Pechman
18  United States District Judge

19

20

21

22

23

24

ORDER GRANTING PRELIMINARY INJUNCTION - 19

ER-94

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, et al., | CASE NO. C18-928 MJP |
| Plaintiffs, | ORDER GRANTING CERTIFICATION OF THE CLASSES |
| v. | |
| US IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed

1.  Plaintiffs' Amended Motion for Class Certification (Dkt. No. 37),

2.  Defendants' Opposition to Plaintiffs' Amended Motion for Class Certification (Dkt. No. 68),

3.  Plaintiffs' Reply in Support of Amended Motion for Class Certification (Dkt. No. 72),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

ORDER GRANTING CERTIFICATION OF THE CLASSES - 1

ER-95

1    IT IS ORDERED that the motion is GRANTED, and the following classes are certified in

2  this matter:

3    (1) **Credible Fear Interview Class**: All detained asylum seekers in the United States subject
         to expedited removal proceedings under 8 U.S.C. § 1225(b) who are not provided a
4        credible fear determination within ten days of *the later of* (1) requesting asylum or
         expressing a fear of persecution to a DHS official *or* (2) the conclusion of any criminal
5        proceeding related to the circumstances of their entry, absent a request by the asylum
         seeker for a delayed credible fear interview.

6
     (2) **Bond Hearing Class**: All detained asylum seekers who entered the United States without
7        inspection, were initially subject to expedited removal proceedings under 8 U.S.C. §
         1225(b), were determined to have a credible fear of persecution, but are not provided a
8        bond hearing with a verbatim transcript or recording of the hearing within seven days of
         requesting a bond hearing.

9
     IT IS FURTHER ORDERED that Plaintiffs Padilla, Guzman, Orantes and Vasquez are
10
   designated as representatives of the Credible Fear Interview Class; Plaintiffs Orantes and
11
   Vasquez as representatives of the Bond Hearing Class; and Plaintiffs' counsel as class counsel.
12

13                                      **Background**

14    Plaintiffs are the named representatives of a putative class seeking declaratory relief

15 related to Defendants United States Immigration and Customs Enforcement ("ICE"), United

16 States Department of Homeland Security ("DHS"), United States Customs and Border Protection

17 ("CBP") and United States Citizenship and Immigration Services ("USCIS")'s policies and

18 practices with respect to the processing of asylum and credible fear claims and the setting of

19 bond for detained immigrants pending resolution of those claims.  Their complaint was originally

20 filed on June 25, 2018 (Dkt. No. 1) and has been amended twice to date.  (Dkt. Nos. 8, 26.)[1]

21

22 _____

   [1] The complaint in this case was initially filed on June 25, 2018.  (Dkt. No. 1.)  Since then, it has
23 been twice amended.  (Dkt. Nos. 8, 26.)  The operative complaint is now the Second Amended
   Complaint.  (Dkt. No. 26 ("SAC").)  Hereinafter, all references to the complaint refer to the
24 SAC.

ORDER GRANTING CERTIFICATION OF THE CLASSES - 2                              ER-96

**A.  The Named Plaintiffs**

**Yolany Padilla**: Shortly after her apprehension for illegal entry into the United States in May 2018, Ms. Padilla expressed a fear of being removed to her native Honduras.  (SAC at ¶ 40.)  Six weeks later, she was interviewed by an asylum officer and one day later, found to have a credible fear.  Two days later, she was granted a bond hearing, was awarded bond, and was released in late July 2018. (Id. at ¶ 66, 115.)

**Ibis Guzman**: Ms. Guzman is also from Honduras and underwent a similar process to Ms. Padilla.  She was represented at her bond hearing but was denied bond.  (Id. at ¶¶ 32, 99.) She reserved appeal, but was released in late July 2018.  (Id. at ¶ 119.)

**Bianca Orantes**: Shortly after her apprehension for illegal entry into the United States, Ms. Orantes expressed a fear of returning to her native El Salvador.  (Id. at ¶ 44.)  About five weeks later, she was interviewed by an asylum officer and, one day later found to have a credible fear.  (Id. at ¶ 102.)  She was granted a bond hearing 11 days after her credible fear determination, was denied bond, reserved appeal, but was released in late July 2018.  (Id. at ¶¶ 121, 123.)

**Baltazar Vasquez**: Shortly after his apprehension for illegal entry into the United States, Mr. Vasquez expressed a fear of returning to his native El Salvador.  (Id. at ¶ 46.)  About eight weeks later, he was interviewed by an asylum officer and found to have a credible fear.  Three weeks later, he was granted a bond hearing, stipulated to an $8,000 bond, waived appeal, and was released.  (Id. at ¶¶ 108, 125.)

**B.  The Class Claims**

Plaintiffs seek certification of two classes: A Credible Fear Interview Class and a Bond Hearing Class (collectively, the "Classes"), and assert the following remaining claims:

1    **Count I (Violation of Due Process)**: Both Classes claim they were detained for "an

2    unreasonable time" while awaiting their credible fear interview and bond hearings.  They seek to

3    impose (1) a ten-day deadline for the credible fear interview, running from the date on which the

4    non-citizen expresses a fear of returning to his or her country; and (2) a seven-day deadline for

5    the bond hearing, running from the date of a positive credible fear determination.  In addition,

6    they seek procedural changes to the bond hearing including (1) that the government bear the

7    burden of proof; (2) that they be provided a recording or verbatim transcript of the hearing; and

8    (3) that the bond adjudicator issue written findings after every hearing.

9    **Count II (Administrative Procedure Act)**:  The Bond Hearing Class claims that

10   the procedural deficiencies they allege in the bond hearing process are an unconstitutional part

11   of a "final agency action" in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)

12   ("APA").[2]

13                                        **Discussion**

14       Preliminarily, Defendants again argue that the restrictions in the immigration statutes at

15   issue deprive this Court of jurisdiction. These arguments are identical to those which the Court

16   has previously rejected.  (See Dkt. No. 91 at 6-8; Dkt. No. 100.)  The Court will not repeat its

17   reasoning here, but will repeat its finding that it has jurisdiction to hear Plaintiffs' claims.

18   **I.    Legal Standard**

19       Plaintiffs seek class certification under Federal Rules of Civil Procedure 23(a) and

20   23(b)(2).  Rule 23(a) provides that a class may be certified only if: (1) the class is so numerous

21

22   _____

23   [2] Count II also claims that credible fear interviews and bond hearings were being "unreasonably
     delayed" in violation of the APA, § 706(1).  However, those claims were dismissed by the Court
     under Fed. R. Civ. P. 12(b)(6).  (See Dkt. No. 91 at 11-12, 16-17.)  Count III (Violation of

24   Asylum Statute) has been abandoned.  (Id. at 18.)

1    that joinder of all members is impracticable; (2) there are questions of law or fact common to the

2    class; (3) the claims or defenses of the representative parties are typical of the claims or defenses

3    of the class; and (4) the representative parties will fairly and adequately protect the interests of

4    the class.  Rule 23(b)(2) provides that a class may be maintained if "the party opposing the class

5    has acted or refused to act on grounds that apply generally to the class, so that . . . declaratory

6    relief is appropriate respecting the class as a whole."  A class may be certified under Rule

7    23(b)(2) where the challenged conduct is "such that it can be enjoined or declared unlawful only

8    as to all of the class members or as to none of them."  Wal-Mart Stores, Inc. v. Dukes, 564 U.S.

9    338, 360 (2011).

10   **II.     Class Certification**

11   **A.  Numerosity**

12   Defendants do not challenge this element, and the Court finds that the requirement for

13   numerosity has been satisfied.

14   **B.  Commonality**

15   Plaintiffs contend that, despite the differing factual circumstances among the class

16   members, all have suffered the same injury, and that injury is capable of class-wide resolution.

17   Wal-Mart, 564 U.S. at 350.  Regarding the timing of credible fear interviews and bond hearings,

18   the alleged injury is the failure to hold the interviews and hearings in a constitutionally timely

19   manner (i.e., ten days and seven days, respectively, according to the complaint).  Regarding the

20   bond hearings, the alleged injury is the claimed procedural deficiencies (i.e., that the burden of

21   proof is placed on the detainee; that no verbatim record and no written findings are provided

22   unless the ruling is appealed).  The uniform resolution which is applicable to all members of the

23   class is a declaratory judgment that these practices are unconstitutional.

24

1    Regarding the timing of interviews and hearings, Defendants respond that the individual

2    circumstances of the class members and varying reasons for delays in their interviews and

3    hearings render this matter incapable of a uniform procedural resolution.  For example, because

4    some of the class members have not entered at a recognized point of entry ("POE"), they are

5    subject to criminal prosecution, which may affect the timing of credible fear interviews and/or

6    bond hearings.  This argument is addressed in detail in Section II.C, *infra*, with respect to

7    typicality and adequacy of the class representatives.  The Court will confine itself here to a

8    finding that the criminal prosecutions faced by some class members will not suffice to defeat

9    commonality.

10    Regarding the procedural protections available at bond hearings, Defendants claim that

11    the balancing test in Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (which weighs the

12    private interest affected by the government action, the risk of erroneous deprivation of the

13    private interest, and the government interest in the action) requires an "individualized

14    assessment," and that imposing a strict and uniform timetable on credible fear interviews and

15    bond hearings would be inconsistent with "the flexibility inherent in due process."  Mathews

16    contains no holding to this effect, nor does it hold that a classwide deprivation of due process

17    cannot be addressed by a uniform solution.

18    Defendants further contend that due process violations in the immigration context must

19    be subjected to a "harmless error" analysis.  See, e.g., Prieto-Romero v. Clark, 534 F.3d 1053,

20    1066 (9th Cir. 2008); Singh v. Holder, 638 F.3d 1196, 1210 (9th Cir. 2011).  While this does

21    appear to be the state of the law regarding individual litigants, neither of these cases were class

22    action suits analyzing the commonality of class claims.  The fact that certain members of the

23    Classes may not have ultimately been harmed by the allegedly unconstitutional practices of the

24

ORDER GRANTING CERTIFICATION OF THE CLASSES - 6

ER-100

1   government does not mean that these practices are constitutional.  Furthermore, a finding that

2   any or all of these practices are unconstitutional means, *ipso facto*, that they have the potential to

3   harm anyone who is subjected to them.  The purpose of classwide declaratory relief is to avert

4   any such likelihood and it is self-defeating to wait until after the fact of the bond hearing to

5   decide whether the practice is unconstitutional *and* harmful to a particular class member.

6        As Plaintiffs point out, "courts regularly resolve procedural due process claims on a

7   class-wide basis when addressing the constitutionality of immigration agencies' policies and

8   practices."  See, e.g., Hernandez v. Sessions, 872 F.2d 976, 993-94 (9th Cir. 2017); Walters v.

9   Reno, 145 F.3d 1032, 1047 (9th Cir. 1998); Rojas v. Johnson, 305 F. Supp. 3d 1176, 1194-1200

10  (W.D.Wash. 2018).

11       The Court finds that the requirement for commonality has been satisfied.

12  **C.  Typicality and Adequacy**[3]

13       Defendants attack the named Plaintiffs' typicality and adequacy on multiple fronts, and

14  the Court will address each in turn:

15            **1.  The Named Plaintiffs' Injury**

16       Defendants contend that the named plaintiffs have received their credible fear

17  determinations and bond hearings and have all been released from custody such that they are no

18  longer facing any injury.  The Court finds that these events do not defeat adequacy or typicality.

19       First, there is precedent for certifying a class where some of the proposed class members

20  have received some of the sought-after protections but others have not.  See Walters, 145 F.3d at

21  1037; Rojas v. Johnson, C16-1024RSM, 2017 WL 1397749, at *5-6 (W.D. Wash. Jan. 10, 2017).

22

23  _____

24  [3] While typicality and adequacy are separate inquiries, they are in some ways overlapping and
    the briefing tends to conflate the two factors.  Accordingly, the Court will address them together.

ORDER GRANTING CERTIFICATION OF THE CLASSES - 7

ER-101

1    Second, the resolution of the named Plaintiffs' injuries occurred *after* the filing of the

2    litigation, and courts are traditionally reluctant to permit government agencies "to avoid

3    nationwide litigation that challenges the constitutionality of its general practices simply by

4    pointing to minor variations in procedure . . . designed to avoid the precise constitutional

5    inadequacies" which are at issue.  Walters, 145 F.3d at 1046.

6    Third, Plaintiffs' ultimate release is not a factor in a case where the nature of the class's

7    common circumstance—immigration detention—renders their claims "inherently transitory":

8       [W]here a plaintiff's claim becomes moot while she seeks to certify a class, her
        action will not be rendered moot if her claims are "inherently transitory" (such
9       that the trial court could not have ruled on the motion for class certification before
        her claim expired), as similarly-situated class members would have the same
10      complaint. The theory behind this rule is that such claims are "capable of
        repetition, yet evading review."
11

12   Rivera v. Holder, 307 F.R.D. 539, 548 (W.D. Wash. 2015) (citing Pitts v. Terrible Herbst, Inc.,

13   653 F.3d 1081, 1090-91 (9th Cir. 2011) (describing how this "relation back" doctrine applies in

14   class actions)).  Claims which would otherwise "evade review" are permitted to "relate back" to

15   the filing of the complaint for purposes of the certification analysis.  Sosna v. Iowa, 419 U.S.,

16   393, 402 n.11 (1975).

17   Finally, Plaintiffs' claims are aimed at Defendants' *policies and practices*.  If those

18   policies and practices are ultimately determined to be unconstitutional or otherwise violative of

19   federal law, the fact that not all class members will have been injured by those practices (due to

20   the "inherently transitory" nature of their claims) should not affect their ability to have those

21   practices declared unconstitutional as to all who find themselves in similar circumstances.

22

23

24

ORDER GRANTING CERTIFICATION OF THE CLASSES - 8

### 2. The Timing and Effect of Criminal Proceedings

Defendants argue that the named Plaintiffs are atypical, having been subject to—in addition to the normal immigration procedures—criminal prosecution (based upon their entry into the country at some place other than a POE). Tellingly, Defendants fail to provide any explanation as to *how* a criminal prosecution might impact the timing of the credible fear interview and bond hearing or change the due process analysis. In the case of at least Ms. Orantes, her credible fear interview occurred *weeks* after her criminal proceedings were concluded. Nor do the immigration regulations regarding the right to a credible fear interview and bond hearing contain any provision about criminal prosecution impacting the timing of those procedures. See 8 C.F.R. § 208.31(b). The allegedly unconstitutional delays of which the named Plaintiffs complain remain the same for them as the other class members.

In response, Plaintiffs explain:

> [J]ust as Plaintiffs do not seek to impose deadlines where delays are at the request of the applicant, they do not seek to require CFIs prior to a district court's disposition of a pending criminal charge.

(Dkt. No. 72 at 9.) Based upon this representation, the Court will revise the Credible Fear Interview Class's proposed class definition, such that the requested ten-day deadline will be run from the disposition of any pending criminal proceedings. In other words, the Credible Fear Interview Class will include "all detained asylum seekers . . . who are not provided a credible fear determination within ten days of *the later of* (1) requesting asylum or expressing a fear of persecution to a DHS official *or* (2) the conclusion of any criminal proceeding related to the circumstances of their entry, absent a request by the asylum seeker for a delayed credible fear interview."

### 3. The Geographical Location, Circumstances of Entry, and Challenges to Bond Determinations

Defendants' arguments that the named Plaintiffs are located in different geographical regions, entered the country under different circumstances, and faced different outcomes at their bond hearings, fare no better.

First, Defendants follow the same "indefinite detention" policy across the country, regardless of their location or the circumstances of their entry.  Further, these factors do not seem to affect the uniformity of treatment received by the putative class members: Plaintiffs have submitted affidavits from immigration attorneys across the country describing similar delays and procedural deficiencies in credible fear interviews and bond hearings.  (Dkt. Nos. 39-44.)

Second, Defendants contend that Ms. Orantes and Mr. Vasquez are neither typical nor adequate to represent the bond hearing class because neither appealed their bond determination. The Court fails to see how this renders them atypical or inadequate, as they were still subject to the same allegedly improper circumstances (i.e., delayed bond hearings, alleged procedural deficiencies) as the class they seek to represent.  Additionally, where a defendant's policies are immutable, a futile effort at administrative exhaustion is not required.  American-Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1058 (9th Cir. 1995).  In any event, according to the complaint, Ms. Orantes and Mr. Vazquez *did* intend to appeal their bond denials and only abandoned these efforts when they were released.

### 4. The Named Plaintiffs' Participation in Litigation

Lastly, Defendants argue that there is a lack of evidence of the named Plaintiffs' "interest, willingness, and understanding of the need to participate" in their litigation, based upon the absence of declarations affirming so much.  As far as the Court is aware, there is no requirement that a named plaintiff submit a declaration specifically affirming their interest,

1  willingness, and understanding of the need to participate.  Further, Ms. Orantes submitted a

2  declaration in connection with the pending request for a preliminary injunction.  (See Dkt. No.

3  57.)  The physiological, psychological, and emotional hardships she relates in those declarations

4  leave little doubt as to her interest in the case and willingness to pursue it.  Defendants' request

5  for additional time to depose the named Plaintiffs on these topics is rejected as both unnecessary

6  and unduly time-consuming.

7      The Court finds that the requirements for typicality and adequacy have been satisfied.

8  **D.  Classwide Relief is Appropriate**

9      For the reasons discussed in Section II.B, *supra*, concerning the commonality

10  requirement, the Court finds that Defendants' conduct is applicable to all class members, such

11  that declaratory relief, if granted, will be appropriate for everyone in both the Credible Fear

12  Interview and the Bond Hearing Classes.

13  **E.  Nationwide Certification is Appropriate**

14      Defendants ask that, should the Court certify the requested classes, it not do so on a

15  nationwide basis.  Their grounds for this request are (1) "intercircuit comity," (2) the foreclosure

16  of similar litigation in other districts with the accompanying opportunity to address "unique local

17  issues", and (3) the risk that nationwide certification would foreclose class members—who will

18  not be able to opt out—from seeking "speedier individual relief."

19      The Court is not persuaded.  As Plaintiffs point out, the proposed class representatives

20  were transferred all over the country before landing in the Western District of Washington.  That

21  Defendants routinely transfer detained immigrants throughout the country prior to adjudicating

22  their cases is a fact capable of judicial notice, and the Court fails to see the logic of confining the

23  outcome of this matter to a single district.

24

ORDER GRANTING CERTIFICATION OF THE CLASSES - 11

ER-105

1    Further, the Court's analysis of the "commonality" and "typicality" factors addresses the

2    validity of "unique local issues"—Plaintiffs are seeking a uniform nationwide resolution because

3    there is no provision in the applicable regulations (or the Constitution) that permits Defendants to

4    deny due process based upon "local issues," however "unique" they may be.  In any event,

5    Defendants cite no other similar litigation elsewhere in the country, and the Court is aware of

6    none.

7    Finally, the Court finds Defendants' concern that class members be afforded the

8    opportunity to seek "speedier individual recovery" to border on the cynical.  It is again a fact

9    eligible for judicial notice that the overwhelming majority of these class members are not

10   sufficiently resourced to pursue litigation on their own.

11   The Supreme Court has recognized that nationwide certification is committed to the

12   discretion of the district court and is appropriate in some circumstances.  Califano v. Yamasaki,

13   442 U.S. 682, 702-03 (1979).  The Court finds that this is manifestly one of those circumstances,

14   and rejects Defendants' request to limit the scope of the class certification.

15                                  **Conclusion**

16   Plaintiffs have established numerosity, commonality, typicality and adequacy, and have

17   further demonstrated that "declaratory relief is available to the class as a whole" and that the

18   challenged conduct is "such that it can be enjoined or declared unlawful only as to all of the class

19   members or as to none of them."  Wal-Mart, 564 U.S. at 360.  The Court therefore certifies a

20   Credible Fear Interview Class and a Bond Hearing Class as defined *supra*; designates named

21   Plaintiffs Padilla, Guzman, Orantes and Vasquez as Credible Fear Interview Class

22   representatives and Plaintiffs Orantes and Vasquez as Bond Hearing Class representatives; and

23   appoints Plaintiffs' counsel as class counsel.

24

ORDER GRANTING CERTIFICATION OF THE CLASSES - 12

ER-106

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated March 6, 2019.

3

4    Marsha J. Pechman
     United States Senior District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING CERTIFICATION OF THE CLASSES - 13

ER-107

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE

10   YOLANY PADILLA, et al.,                        CASE NO. C18-928 MJP

11                          Plaintiffs,             ORDER DENYING MOTION FOR
                                                    RECONSIDERATION
12                  v.

13   U.S. IMMIGRATION AND
     CUSTOMS ENFORCEMENT, et al.,
14
                            Defendants.
15

16

17          The above-entitled Court, having received and reviewed Defendants' Motion for

18   Reconsideration (Dkt. No. 92), Plaintiffs' Response to Defendants' Motion for Reconsideration

19   (Dkt. No. 98), all attached declarations and exhibits, and relevant portions of the record, rules as

20   follows:

21          IT IS ORDERED that the motion is DENIED.

22                                         **Discussion**

23          Defendants seek reconsideration of the Court's order granting in part and denying in part

24   their motion to dismiss. (Dkt. No. 91.) Reconsideration is disfavored in this district, absent a

1  demonstration of "manifest error" in the prior ruling or "new facts or legal authority which could

2  not have been brought to [the Court's] attention earlier with reasonable diligence."  Local Rule

3  7(h).

4       Defendants assign "manifest error" on two bases:

5       1.  Judicial Review is Barred by 28 U.S.C. § 1252(a)(2)(A)(iv) and (e)(3)

6       Defendants assert that the Court ignored 28 U.S.C. § 1252(a)(2)(A)(iv), which bars

7  judicial review of "procedures and policies adopted by the [Secretary] to implement the

8  provisions of section 1225(b)(1)."  (Motion at 3.)  This argument misses the point of Plaintiffs'

9  legal theory and the rationale of the Court's Order.  The gravamen of Plaintiffs' lawsuit is that

10 Defendants have not adopted any formal procedure or policy regarding when the credible fear

11 interviews or the bond hearings of which they complain will be held; hence the issue of

12 impermissible "indefinite detention."  The Court accepted this argument and finds no manifest

13 error in having done so.

14      Similarly, Defendants assert that the Court ignored § 1252(e)(3), which would restrict

15 any "permissible" challenge to the constitutionality of section 1225(b)(1) or the "procedures and

16 policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)" to

17 lawsuits filed in the District of Columbia.  But again, what is being challenged here is *not* the

18 constitutionality of § 1225(b)(1), but rather Defendants' *failure to implement the statute*.  Were

19 the Court to adopt Defendants' reasoning, the government could insulate itself from review

20 merely by declining to take any action or commit its policies to writing.  In neither instance does

21 the Court find any manifest error in ruling that (on those causes of action which were permitted

22 to proceed) Plaintiffs have stated a plausible claim upon which relief may be granted.

23

24

ORDER DENYING MOTION FOR RECONSIDERATION - 2

ER-109

1    2.    The Court's Reliance on *Jennings* is Erroneous

2    Defendants maintain that the differences between the language of § 1252(b)(9) – the

3    statute at issue in <u>Jennings</u> – and § 1252(a)(2)(A)(i) – the statute at issue in the instant case –

4    render the Court's reliance on the jurisdictional ruling in <u>Jennings</u> inappropriate.  But the Court's

5    Order acknowledged the differences in the statutory provisions between <u>Jennings</u> and Plaintiffs'

6    case and found them irrelevant.  The same constitutional issue (and the rationale upon which the

7    <u>Jennings</u> court found jurisdiction) exists in both cases and, in both cases, supports a finding of

8    jurisdiction.

9    Regarding <u>Jennings</u>, Defendants assert that the plaintiffs in that case challenged only "the

10   constitutionality of their mandatory detention, separate and apart from any aspect of their

11   removal or expedited removal proceedings."  (Motion at 7.)  Because the Plaintiffs here have

12   already been ordered removed and will only be released if their fear of return is found to be

13   credible, Defendants argue that they *are* impermissibly challenging the process by which their

14   removability will be determined.  The Court is not persuaded.  Whether the Plaintiffs here are in

15   custody or not, they are still subject to removal until their credible fear claims are evaluated.

16   Granting Plaintiffs their constitutional rights to contest an indeterminate period of detention is

17   not a challenge to the removal proceedings themselves.

18   Defendants have failed to establish manifest error in the Court's ruling.  Their motion for

19   reconsideration of that ruling is DENIED.

20   The clerk is ordered to provide copies of this order to all counsel.

21   Dated February 12, 2019.

22

23

24   Marsha J. Pechman
     United States Senior District Judge

*The Honorable Marsha J. Pechman*

1

2

3

4

5

6

7

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

8   YOLANY PADILLA;  IBIS GUZMAN; BLANCA
    ORANTES; BALTAZAR VASQUEZ;

9                                        Plaintiffs-Petitioners,    No. 2:18-cv-928  MJP

10          v.

11  U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
    ("ICE"); U.S. DEPARTMENT OF HOMELAND

12  SECURITY ("DHS"); U.S. CUSTOMS AND BORDER
    PROTECTION ("CBP"); U.S. CITIZENSHIP AND

13  IMMIGRATION SERVICES ("USCIS"); EXECUTIVE
    OFFICE FOR IMMIGRATION REVIEW ("EOIR");

14  THOMAS HOMAN, Acting Director of ICE; KIRSTJEN
    NIELSEN, Secretary of DHS; KEVIN K. McALEENAN,

15  Acting Commissioner of CBP; L. FRANCIS CISSNA,
    Director of USCIS; MARC J. MOORE, Seattle Field Office

16  Director, ICE; JEFFERSON BEAUREGARD
    SESSIONS III, United States Attorney General; LOWELL

17  CLARK, warden of the Northwest Detention Center in
    Tacoma, Washington;  CHARLES INGRAM, warden of the

18  Federal Detention Center in SeaTac, Washington;  DAVID
    SHINN, warden of the Federal Correctional Institute in

19  Victorville, California; JAMES JANECKA, warden of the
    Adelanto Detention Facility;

20

21                                        Defendants-Respondents.

22

**SECOND AMENDED
COMPLAINT:
CLASS ACTION FOR
INJUNCTIVE AND
DECLARATORY RELIEF**

23

24

25

26

SECOND AMENDED COMPLAINT
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Case 2:18-cv-00928-MJP   Document 26   Filed 08/22/18   Page 2 of 35

## I.   **INTRODUCTION**

1.      This lawsuit initially challenged the legality of the following three parts of the federal government's zero-tolerance policy with respect to persons fleeing for safety and asylum in the United States: (1) family separations, (2) credible fear interviews and determinations, and (3) the related bond hearings.

### A.   **Family Separations**

2.      This lawsuit previously challenged the legality of the government's zero-tolerance practice of forcibly ripping children away from parents seeking asylum.  The day after plaintiffs filed this suit in the Western District of Washington, however, a federal court in the Southern District of California issued a nationwide preliminary injunction Order against this forcible separation.  (*Ms. L v. ICE*, S.D.Cal. case no. 18cv0428 DMS (MDD), docket no. 83).

3.      With this Second Amended Complaint, plaintiffs confirm that they will not further pursue those claims in this case.

### B.   **Credible Fear Interviews & Determinations**

4.      This lawsuit challenges the legality of the government's policy or practice of excessively prolonging the detention of asylum seekers placed in expedited removal proceedings by failing to promptly provide them their credible fear interview and determination.  Federal law requires that persons who have asked for asylum or expressed a fear of persecution must be scheduled for a "credible fear interview" with a DHS official to determine whether that person should be allowed to proceed with applying for asylum because he or she has a credible fear of persecution.  If the interviewer determines the asylum seeker <u>does</u> have a credible fear of persecution, the government assigns the case to the federal immigration court for hearings to adjudicate the merits of that person's asylum claim.  If the interviewer determines the asylum seeker does <u>not</u> have a credible fear of persecution, the asylum seeker can appeal that determination to a federal immigration judge.  But in either case, the federal government detains

SECOND AMENDED COMPLAINT - 1
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   the asylum seeker until it determines that she or he has a credible fear of persecution.  The *Ms. L*

2   *v. ICE* Order did not address the federal government's lengthy delays in conducting these

3   statutorily required credible fear interviews and or determinations.

4   **C.**    **Bond Hearings**

5        5.    This lawsuit also challenges the legality of the government's related policy or

6   practice of excessively prolonging the detention of asylum seekers by failing to promptly

7   conduct the bond hearings required by federal law after an asylum seeker's positive completion

8   of their credible fear interview.  Federal law requires that if an asylum seeker enters the United

9   States at a location other than a designated "Port Of Entry" and is determined to have a credible

10   fear of persecution in his or her credible fear interview, that asylum seeker is entitled to an

11   individualized bond hearing before an immigration judge to determine reasonable conditions for

12   that person's release from federal detention while he or she awaits the many months it takes to

13   adjudicate his or her asylum claim (e.g., a reasonable bond amount or parole without posting a

14   monetary bond).  This bond hearing must comport with constitutional requirements.  Yet the

15   government does not establish any timeline for setting this hearing, and as a matter of practice,

16   does not even audio record or provide a transcript of this hearing for appeal or appellate review

17   (unlike other hearings in removal proceedings before the immigration judge). The government

18   also places the burden on asylum seekers to demonstrate in the bond hearing that they should not

19   continue to be detained throughout the lengthy immigration proceedings.  When an immigration

20   judge denies bond, the immigration judge routinely fails to make specific findings but instead

21   simply checks a box on a template order. The *Ms. L v. ICE* Order did not address the federal

22   government's failure to conduct prompt bond hearings that comport with constitutional

23   requirements.

SECOND AMENDED COMPLAINT - 2
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-113

**D.     United States Constitution**

6.     The Bill of Rights prohibits the federal government from depriving any person of their liberty without due process of law (U.S. Constitution, 5th Amendment).

7.     Asylum seekers who cross the United States border are persons.  They accordingly have a constitutionally protected liberty interest in (1) not being imprisoned for an unreasonable time awaiting their credible fear interview and determination and (2) not being imprisoned without the opportunity for a prompt bond hearing that comports with constitutional requirements.  And especially with respect to the federal government's avowed policy or practice to deter criminal violations of federal immigration laws, asylum seekers also have a constitutionally protected interest in (3) not being subjected to prolonged imprisonment for deterrence or penalty reasons unrelated to adjudicating the merits of their individual asylum claim.

8.     With this Second Amended Complaint, plaintiffs specify with more particularity how defendants' implementation of the federal government's policies and practices with respect to persons fleeing for safety and seeking asylum in the United States violates the United States Constitution.

**E.     Federal Law**

9.     Federal law prohibits final agency action that is arbitrary, capricious, unlawfully withheld, or unreasonably delayed (e.g., Administrative Procedures Act, 5 U.S.C. §706).  Federal law also grants persons fleeing persecution the right to apply for safety and asylum in the United States (e.g., 8 U.S.C. §§ 1225 & 1158; 8 C.F.R. §§ 235.3, 208.30, & 1003.42).

10.     Federal law accordingly prohibits federal agencies from arbitrarily or capriciously depriving an asylum seeker of their child, their prompt credible fear interview and determination, or their prompt bond hearing.  Federal law prohibits federal agencies from unlawfully withholding or unreasonably delaying an asylum seeker's reunification with their child, an

SECOND AMENDED COMPLAINT - 3
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   asylum seeker's credible fear interview and determination, or an asylum seeker's bond hearing.

2   And federal law prohibits federal agencies from impeding or seeking to deter an asylum seeker's

3   legal right to apply for asylum.

4         11.     With this Second Amended Complaint, plaintiffs specify with more particularity

5   how defendants' implementation of the federal government's policies and practices with respect

6   to persons fleeing for safety and asylum in the United States violates federal law.

7   **F.     Requested Relief**

8         12.     With respect to (1) credible fear interviews and determinations and (2) the related

9   bond hearings, plaintiffs request <u>injunctive</u> relief requiring defendants to cease their policies and

10  practices implementing the federal government's policy or practice in violation of the United

11  States Constitution and federal law.  Plaintiffs request declaratory relief to terminate the parties'

12  disagreement with respect to whether (and how) defendants' implementation of the federal

13  government's policies or practices with respect to persons fleeing for safety and asylum in the

14  United States violates the United States Constitution and federal law.  Lastly, plaintiffs request

15  whatever additional relief this Court finds warranted, just, or equitable.

16                   **II.     JURISDICTION**

17        13.     This case arises under the Fifth Amendment of the United States Constitution, the

18  Administrate Procedures Act ("APA"), and federal asylum statutes.  This Court has jurisdiction

19  under 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2241 (habeas jurisdiction);

20  and Article I, § 9, clause 2 of the United States Constitution ("Suspension Clause").

21        14.     The original plaintiffs in this case were all in custody for purposes of habeas

22  jurisdiction when this action was filed on June 25, 2018.

23        15.     After this action was filed, plaintiffs Padilla, Orantes, and Guzman were

24  eventually released from detention after they were eventually provided a credible fear interview

25  and individualized bond hearings before an immigration judge.  At the time this Second

26

SECOND AMENDED COMPLAINT - 4
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Amended Complaint is electronically filed on August 22, 2018, plaintiff Vasquez is still in custody for purposes of habeas jurisdiction.

16.     At the time this Second Amended Complaint is electronically filed on August 22, 2018, all the children that the federal government took away from plaintiffs have been returned to their mothers after approximately two months of being separated.

### III.     VENUE

17.     Venue lies in this District under 28 U.S.C. § 1391 because a substantial portion of the relevant facts occurred within this District. Those facts include defendants' detention of plaintiffs Padilla, Guzman, and Orantes in this District while forcibly separated from their children, failure in this District to promptly conduct a credible fear interview and determination for their asylum claims, and failure in this District to promptly conduct bond hearings that comport with constitutional requirements to set reasonable conditions for release pending adjudication of their asylum claims.

### IV.     PARTIES

18.     Plaintiff **Yolany Padilla** is a human being seeking asylum for herself and her 6-year-old son (J.A) in the United States. She is a citizen of Honduras.

19.     Plaintiff **Ibis Guzman** is a human being seeking asylum for herself and her 5-year-old son (R.G.) in the United States. She is a citizen of Honduras.

20.     Plaintiff **Blanca Orantes** is a human being seeking asylum for herself and her 8-year-old son (A.M.) in the United States. She is a citizen of El Salvador.

21.     Plaintiff **Baltazar Vasquez** is a human being seeking asylum in the United States. He is a citizen of El Salvador.

22.     Defendant U.S. Immigration and Customs Enforcement ("ICE") is the federal government agency that carries out removal orders and oversees immigration detention. ICE is part of DHS. ICE's responsibilities include determining whether an asylum seeker will be

SECOND AMENDED COMPLAINT - 5
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1  released and how soon his or her case will be submitted for a credible fear interview and

2  subsequent proceedings on the merits before the immigration court. ICE's local field office in

3  Tukwila, Washington, is responsible for determining whether plaintiffs detained in Washington

4  will be released, and how soon their cases will be submitted for credible fear interview and

5  subsequent proceedings before the immigration court.

6      23.    Defendant U.S. Department of Homeland Security ("DHS") is the federal

7  government agency that enforces immigration laws of the United States. DHS's responsibilities

8  include determining whether an asylum seeker will be released and how soon his or her case will

9  be submitted for a credible fear interview and subsequent proceedings before the immigration

10  court. DHS's local field office in Tukwila, Washington, is responsible for determining whether

11  plaintiffs detained in Washington will be released, and how soon their cases will be submitted for

12  credible fear interview and subsequent proceedings before the immigration court.

13      24.    Defendant U.S. Customs and Border Protection ("CBP") is the federal

14  government agency that conducts the initial processing and detention of asylum seekers crossing

15  the U.S. border. CBP is part of DHS. CBP's responsibilities include determining whether an

16  asylum seeker will be released and how soon his or her case will be submitted for a credible fear

17  interview and determination.

18      25.    Defendant U.S. Citizenship and Immigration Services ("USCIS") is the federal

19  government agency that, through its asylum officers, interviews asylum seekers to determine

20  whether they should be assigned to the immigration court to be allowed to proceed with applying

21  for asylum because they have a credible fear of persecution. USCIS is a part of DHS.

22      26.    Defendant Executive Office for Immigration Review ("EOIR") is the federal

23  government agency that is responsible for conducting immigration court proceedings, including

24  adjudicating plaintiffs' asylum claims in removal proceedings and conducting individual bond

25  hearings for persons in removal proceedings. EOIR is a part of the Department of Justice.

26

SECOND AMENDED COMPLAINT - 6
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Case 2:18-cv-00928-MJP   Document 26   Filed 08/22/18   Page 8 of 35

27.     Defendant Thomas Homan is sued in his official capacity as the Director of ICE, and is a legal custodian of plaintiff Vasquez and putative class members.

28.     Defendant Marc J. Moore is sued in his official capacity as the ICE Seattle Field Office Director, and is a legal custodian of detained plaintiffs.

29.     Defendant Kirstjen Nielsen, is sued in her official capacity as the Secretary of DHS.  In this capacity, she directs DHS, ICE, CBP, and USCIS.  As a result, defendant Nielsen has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103 and is a legal custodian of detained plaintiffs.

30.     Defendant Kevin K. McAleenan is sued in his official capacity as the Commissioner of CBP.

31.     Defendant L. Francis Cissna is sued in his official capacity as the Director of USCIS.

32.     Defendant Jefferson Beauregard Sessions III is sued in his official capacity as the United States Attorney General.  In this capacity, he directs agencies within the United States Department of Justice, including EOIR.  Defendant Sessions has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103, oversees defendant EOIR, and is empowered to grant asylum or other relief, including custody determinations made for persons in removal proceedings.

33.     Defendant Lowell Clark is sued in his official capacity as the warden of the Northwest Detention Center in Tacoma, Washington.

34.     Defendant Charles Ingram is sued in his official capacity as the warden of the Federal Detention Center in SeaTac, Washington.

35.     Defendant David Shinn is sued in his official capacity as the warden of the Federal Correctional Institute in Victorville, California.

SECOND AMENDED COMPLAINT - 7
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-118

36.     Defendant James Janecka is sued in his official capacity as the warden of the

Adelanto Detention Facility in Adelanto, California.

**V.     FACTS**

**A.     Seeking Asylum**

37.     Federal law allows a person to seek asylum in the United States.

38.     Plaintiffs are persons seeking asylum in the United States.

39.     Plaintiff **Yolany Padilla** and her 6-year-old son J.A. are asylum seekers who fled

physical danger and persecution in Honduras.

40.     On or about May 18, 2018, plaintiff Yolany Padilla and her 6-year-old son J.A

crossed the U.S.-Mexico border.  They were arrested by a CBP agent as they were making their

way to the closest Port Of Entry.  She informed the CBP agent that they were seeking asylum.

41.     Plaintiff **Ibis Guzman** and her 5-year-old son R.G. are asylum seekers who fled

physical danger and persecution in Honduras.

42.     On or about May 16, 2018, plaintiff Ibis Guzman and her 5-year-old son R.G.

crossed the U.S.-Mexico border.  They were arrested by a CBP agent.  She informed the CBP

agent that they were seeking asylum.

43.     Plaintiff **Blanca Orantes** and her 8-year-old son A.M. are asylum seekers who

fled physical danger and persecution in El Salvador.

44.     On or about May 21, 2018, plaintiff Blanca Orantes and her 8-year-old son A.M.

crossed the U.S.-Mexico border.  They immediately walked to the CBP station to request

asylum, and were arrested by a CBP agent.  She informed the CBP agent that they were seeking

asylum.

45.     Plaintiff **Baltazar Vasquez** is an asylum seeker who fled physical danger and

persecution in El Salvador.

SECOND AMENDED COMPLAINT - 8
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

46.     On or about June 1, 2018, Baltazar Vasquez crossed the U.S.-Mexico border.  He was arrested by a CBP agent, and informed the CBP agent that he was seeking asylum.

**B.     Defendants' Zero-Tolerance Policy or Practice**

47.     Defendant Sessions made an announcement about the federal government's "Zero-Tolerance Policy" on April 6, 2018, *See* https://www.justice.gov/opa/pr/attorney-general-announces-zero-tolerance-policy-criminal-illegal-entry.

48.     The federal government's zero-tolerance policy was designed to be a coordinated effort to deter asylum seekers entering the country and exercising their right to apply for asylum by criminally prosecuting them, forcibly separating them from their children, and imposing prolonged, uncertain imprisonment (euphemistically called "detention") on them.

49.     The federal government's zero-tolerance policy has been implemented against asylum seekers who enter the country without inspection requesting asylum.

50.     The federal government's zero-tolerance policy has also been implemented against asylum seekers who appear at a Port Of Entry to request asylum.

**C.     Promptly Taking Children Away From Parents Seeking Asylum**

51.     One part of the federal government's zero-tolerance policy or practice was to promptly take children away from parents seeking asylum in the United States.

52.     The federal government would send the parent and child to separate federal detention facilities – often in different states thousands of miles away from each other.

53.     A child's forced separation from a parent causes the child severe trauma.  This damage is even worse for children who are already traumatized from fleeing danger and persecution in their home country.  The cognitive and emotional damage caused by a child's forced separation from a parent can be permanent.

54.     A parent's forced separation from their child is also deeply damaging to the parent.  This damage is even worse for parents who are already traumatized from fleeing danger

SECOND AMENDED COMPLAINT - 9
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    and persecution in their home country, are given little to no information regarding the well-being

2    or whereabouts of their child, and fear they may never see their child again.

3         55.    The federal government promptly took children away from parents seeking

4    asylum in the United States without any demonstration in a hearing that that parent is unfit or

5    presents any danger to the child.

6         56.    The federal government promptly took children away from parents seeking

7    asylum in the United States without any evidence or accusation that the parent seeking asylum is

8    an unfit parent, or presents a danger to the child, or is not acting in the child's best interest, or is

9    a threat to the child's safety, or abused the child, or neglected the child.

10        57.    The federal government promptly took children away from parents seeking

11   asylum in the United States to penalize and deter persons from seeking asylum.

12        58.    The federal government promptly took children away from parents seeking

13   asylum in the United States as part of its zero-tolerance policy against criminal violations of

14   federal immigration laws.

15        59.    Plaintiffs Yolany Padilla, Ibis Guzman, and Blanca Orantes are parents who

16   sought asylum and were (1) detained in immigration custody by defendants in Washington State

17   and (2) separated from a minor child by defendants without any demonstration in a hearing that

18   that parent is unfit or presents a danger to the child.

19        60.    When plaintiff **Yolany Padilla** and her 6-year-old son J.A were taken into

20   custody, a federal agent promptly announced that Yolany Padilla's son would be taken away

21   from her. Her 6-year-old son clutched his mother's shirt and said, "No, mommy, I don't want to

22   go." She reassured her son that any separation would be short, and that everything would be

23   okay. She was able to stay with her son as they were transferred to one of the federal detention

24   buildings that detainees commonly refer to as "the hielera" ("the freezer") because of its cold

25

26

SECOND AMENDED COMPLAINT - 10
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-121

1  temperatures.  Once they arrived, Yolany Padilla's 6-year-old son was forcibly taken away from
2  her without explanation.

3       61.    Yolany Padilla's 6-year-old son was taken away from her without any hearing,
4  and without any accusation or evidence that she is in any way an unfit parent, or that she is in
5  any way not acting in his best interest fleeing for safety in the United States, or that she is in any
6  way a threat to his safety, or that she in any way abused him, or that she in any way neglected
7  him.

8       62.    Yolany Padilla was then transferred to another federal facility in Laredo, Texas
9  about three days later.  The federal officers in that facility took her son's birth certificate from
10  her.  When she asked for it back, she was told the immigration authorities had it.  No one has
11  returned her son's birth certificate to her.

12       63.    About twelve days later, Yolany Padilla was transferred to the Federal Detention
13  Center in SeaTac, Washington.

14       64.    Despite repeated inquiries into her son's whereabouts, Yolany Padilla was not
15  provided any information about her son until about a month into her detention, when the
16  Honduran consul visited the detention center and she explained she had no news of her son.
17  Soon thereafter she was given a piece of paper saying her son had been put in a place called
18  "Cayuga Center" in New York.  That piece of paper also had a phone number, but she was not
19  able to call her son that day because she did not have money to make a long distance phone call.

20       65.    The next day, someone gave Yolany Padilla the opportunity to call her son for
21  about ten minutes.  Her 6-year-old son mostly cried quietly.

22       66.    Yolany Padilla was not released from federal imprisonment until July 6, 2018,
23  after an immigration judge finally granted her a bond.

24

25

26

SECOND AMENDED COMPLAINT - 11
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

67.     Yolany Padilla's 6-year-old son was not released from federal imprisonment until July 14, 2018.  That was almost two months after the federal government forcibly took him away from his mom.

68.     CBP transported plaintiff **Ibis Guzman** and her 5-year-old son R.G. to one of the federal detention buildings in Texas that detainees commonly refer to as "the hielera" ("the freezer") because of its cold temperatures.   One CBP agent questioned Ibis Guzman, and another CBP agent forcibly took her son away stating she would see her son again in three days.

69.     Ibis Guzman's 5-year-old son was taken away from her without any hearing, and without any accusation or evidence that she is in any way an unfit parent, or that she is in any way not acting in his best interest fleeing for safety in the United States, or that she is in any way a threat to his safety, or that she in any way abused him, or that she in any way neglected him.

70.     After three days, Ibis Guzman was transferred to a different CBP facility in Texas.  When she asked the federal agents there about the reunification with her son that the CBP agent had promised, they told her they did not know anything about her son's whereabouts.

71.     Ibis Guzman was then transferred to another federal facility in Laredo, Texas, where she was detained without any knowledge of the whereabouts of her 5-year-old son and without any means to contact him.  She did not receive any information about him during this time, despite her repeated attempts to obtain such information.

72.     About two weeks later, Ibis Guzman was transferred to the Federal Detention Center in SeaTac, Washington.

73.     Ibis Guzman was not provided any information about her 5-year-old son until about a week later, when she was told that her son had been given to a place called "Baptist Child and Family Services" in San Antonio, Texas.  But she was still not able to contact him.

74.     On June 20, 2018, Ibis Guzman was transferred to the Northwest Detention Center in Tacoma, Washington.

SECOND AMENDED COMPLAINT - 12
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-123

75. Ibis Guzman was denied bond by the immigration judge at her bond hearing on July 3, 2018.

76. She was not released until on or about July 31, 2018, after the federal government was forced to comply with the preliminary injunction in *Ms. L.*, and thereafter reunited with her child.

77. CBP transported plaintiff **Blanca Orantes** and her 8-year-old son A.M. to a federal detention facility in Texas. CBP agents led Blanca Orantes into one of the federal detention buildings that detainees commonly refer to as "the hielera" ("the freezer") because of its cold temperatures, and took her 8-year-old son to another part of that detention facility.

78. While a CBP agent was later interviewing Blanca Orantes, another agent brought her 8-year-old son to her and told her to "say goodbye" to him because they were being separated. Her 8-year-old son began crying and pleading for his mom not to leave him.

79. Blanca Orantes' 8-year-old son was taken away from her without any hearing, and without any accusation or evidence that she is in any way an unfit parent, or that she is in any way not acting in his best interest fleeing for safety in the United States, or that she is in any way a threat to his safety, or that she in any way abused him, or that she in any way neglected him.

80. On or around May 24, 2018, Blanca Orantes was handcuffed and taken to court. She pled guilty to improper entry under 8 U.S.C. §1325 and was sentenced to time served. She was then returned to her cell.

81. About nine days later, Blanca Orantes was transported to the Federal Detention Center in SeaTac, Washington.

82. The federal government did not provide Blanca Orantes any information about her 8-year-old son until June 9, 2018, when an ICE officer handed her a slip of paper saying her son was being held at place called "Children's Home of Kingston" in Kingston, New York.

SECOND AMENDED COMPLAINT - 13
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

83.     On June 20, 2018, Blanca Orantes was transferred to the Northwest Detention Center in Tacoma, Washington, where she was finally allowed to speak to her 8-year-old son by telephone.

84.     Blanca Orantes was denied bond by the immigration judge at her bond hearing on July 16, 2018.

85.     She was not released until on or about July 24, 2018, in order to comply with the preliminary injunction in *Ms. L.*, and thereafter reunited with her child.

**D.     Failing To Promptly Provide The Credible Fear Interview & Determination Required By Federal Law**

86.     One part of the federal government's policy or practice is to keep asylum seekers in limbo in federal detention by delaying the threshold credible fear interview to which asylum seekers are entitled under federal law.

87.     Detained asylum seekers who are subject to expedited removal are not permitted to move forward with their asylum claims until a credible fear determination has been made by a DHS official.

88.     The federal government keeps asylum seekers in limbo in federal detention by delaying their credible fear interview in part to penalize and deter persons from seeking asylum.

89.     The federal government keeps asylum seekers in limbo in federal detention by delaying their credible fear interview.

90.     The federal government has not established any procedural timeframes for providing asylum seekers the credible fear interview and determinations required by federal law.

91.     Plaintiffs Yolany Padilla, Ibis Guzman, Blanca Orantes, and Baltazar Vasquez are detained asylum seekers subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who were not provided a credible fear interview and determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.

SECOND AMENDED COMPLAINT - 14
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

92. When plaintiff **Yolany Padilla** first spoke with the CBP agent on or about May 18, 2018, she told the CBP agent that she and her son were requesting asylum.

93. Neither Yolany Padilla nor her son were provided a credible fear interview within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.

94. Neither Yolany Padilla nor her son were provided a credible fear interview as of the date this lawsuit was originally filed on June 25, 2018.

95. Instead, Yolany Padilla was not provided her credible fear interview until July 2, 2018. That was more than a month after federal officials imprisoned her. The DHS official conducting her credible fear interview determined that Yolany Padilla does have a credible fear of persecution, and therefore assigned her asylum claim to immigration court for adjudication on the merits

96. When plaintiff **Ibis Guzman** first spoke with the CBP agent on or about May 16, 2018, she told the CBP agent that she and her son were requesting asylum.

97. Neither Ibis Guzman nor her son were provided a credible fear interview within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.

98. Neither Ibis Guzman nor her son were provided a credible fear interview as of the date this lawsuit was originally filed on June 25, 2018.

99. Instead, Ibis Guzman was not provided her credible fear interview until June 27, 2018. That was more than a month after federal officials imprisoned her. The DHS official conducting her credible fear interview determined that Ibis Guzman does have a credible fear of persecution, and therefore assigned her asylum claim to immigration court for adjudication on the merits.

100. When plaintiff **Blanca Orantes** first spoke with the CBP agent on or about May 21, 2018, she told the CBP agent that she and her son were requesting asylum.

SECOND AMENDED COMPLAINT - 15
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

101.    Neither Blanca Orantes nor her son were provided a credible fear interview within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.

102.    Neither Blanca Orantes nor her son were provided a credible fear interview as of the date this lawsuit was originally filed on June 25, 2018.

103.    Instead, Blanca Orantes was not provided her credible fear interview until June 27, 2018.  That was more than a month after federal officials imprisoned her.  The DHS official conducting her credible fear interview determined that Blanca Orantes does have a credible fear of persecution, and therefore assigned her asylum claim to immigration court for adjudication on the merits.

104.    When plaintiff **Baltazar Vasquez** first spoke with the CBP agent on or about June 1, 2018, he told the CBP agent that he was requesting asylum.

105.    Baltazar Vasquez was not provided a credible fear interview within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.

106.    Baltazar Vasquez was not provided a credible fear interview as of the date this lawsuit was originally filed on June 25, 2018.

107.    Baltazar Vasquez was not scheduled for a credible fear interview until after the First Amended Complaint was electronically filed on July 15, 2018.

108.    Baltazar Vasquez was not provided his credible fear interview until July 31, 2018. That was almost two months after federal officials imprisoned him. The DHS official conducting his credible fear interview determined that Baltazar Vasquez does have a credible fear of persecution, and therefore referred his case to an immigration court for adjudication of the merits of his asylum claim.

109.    Baltazar Vasquez is currently imprisoned at the Adelanto Detention facility in Adelanto, California.

SECOND AMENDED COMPLAINT - 16
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

ER-127

**E.      Failing To Promptly Provide The Bond Hearing Required By Federal Law**

110.      One part of the federal government's policy or practice is to prolong imprisonment without a proper bond hearing for asylum seekers who entered the United States without inspection.

111.      The federal government keeps asylum seekers in limbo in federal detention by delaying their bond hearing in part to penalize and deter persons from seeking asylum.

112.      The federal government keeps asylum seekers in limbo in federal detention by delaying their bond hearing.

113.      The federal government has not established any procedural timeframes for timely providing the bond hearings required by federal law.  The federal government has not established basic procedural safeguards for bond hearings such as verbatim transcripts or audio recordings of bond hearings.  The absence of such basic safeguards impedes an imprisoned asylum seeker's ability to meaningful appeal the denial of bond in their individual case as not being based on evidence of legally relevant factors (i.e., being a flight risk or danger to the community) instead of legally irrelevant factors (e.g., the zero-tolerance policy's general goal of punishing and deterring asylum seekers).   Defendant EOIR maintains audio recordings of proceedings before an Immigration Judge other than bond hearings, and provides verbatim transcripts on appeals to the Board of Immigration Appeals.  But Defendant EOIR does not maintain audio recordings of an asylum seeker's bond hearing or provide verbatim transcripts for appeal of bond hearing determinations.  Indeed, when an immigration judge denies bond, they routinely do not make specific, particularized findings, and instead simply check a box on a template order.  Moreover, Defendants place the burden of proof on the noncitizen to demonstrate that they should not continue to be detained throughout their lengthy immigration proceedings.

114.      Plaintiff **Yolany Padilla** is an asylum seeker who originally entered the United States without inspection, was initially subject to expedited removal proceedings under

SECOND AMENDED COMPLAINT - 17
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

8 U.S.C. §1225(b) and detained, was determined to have a credible fear of persecution, but was not provided a timely bond hearing with a verbatim transcript or audio recording.

115.    The federal government did not provide Yolany Padilla a bond hearing until after she filed this lawsuit. At the conclusion of that bond hearing, an order was issued allowing her to be released from federal detention upon posting an $8,000 bond pending the adjudication of her asylum claim on the merits.  To her knowledge, there is no verbatim transcript or recording of her bond hearing.  At the bond hearing, the immigration judge placed the burden of proof on Yolany Padilla to demonstrate that she qualified for a bond.

116.    Plaintiffs **Ibis Guzman** is a detained asylum seeker who originally entered the United States without inspection, was initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), was determined to have a credible fear of persecution, but was not provided a timely bond hearing with a verbatim transcript or audio recording.

117.    The federal government did not provide Ibis Guzman a bond hearing until after she filed this lawsuit.  At the bond hearing, the immigration judge placed the burden of proof on Ibis Guzman to demonstrate that she qualified for a bond.  At the conclusion of that bond hearing, an immigration judge issued an order denying her release on *any* bond amount pending the adjudication of her asylum claim on the merits.

118.    The immigration judge did not make specific, particularized findings for the basis of the denial. The immigration judge circled the preprinted words "Flight Risk" on a form order, rendering her ineligible for bond even though a DHS official had already determined she has a credible fear of persecution and even though the federal government has taken away her 6-year-old son.

119.    The immigration judge provided no written explanation for circling "Flight Risk" or the factors and evidence considered in making that conclusion to deny bond.  Per defendant EOIR's practice, there is no verbatim transcript or recording of her bond hearing.  She was not

SECOND AMENDED COMPLAINT - 18
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1  released until on or about July 31, 2018, in order to comply with the preliminary injunction in

2  *Ms. L.*

3  120.   Plaintiff **Blanca Orantes** is a detained asylum seeker who originally entered the

4  United States without inspection, was initially subject to expedited removal proceedings under

5  8 U.S.C. §1225(b), was determined to have a credible fear of persecution once she was

6  eventually provided her credible fear interview and determination, but was not provided a bond

7  hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond

8  hearing.

9  121.   Blanca Orantes was not provided a bond hearing until July 16, 2018.  At the bond

10  hearing, the immigration judge placed the burden of proof on Blanca Orantes to demonstrate that

11  she qualified for a bond.  At the conclusion of that bond hearing, an immigration judge issued an

12  order denying her release on *any* bond amount pending the adjudication of her asylum claim on

13  the merits.

14  122.   The immigration judge did not make specific, particularized findings for the basis

15  of the denial, and even failed to check the box indicating why she was denied bond on the

16  template order. Per defendant EOIR's practice, there is no verbatim transcript or recording of her

17  bond hearing.  At the bond hearing the immigration judge placed the burden on Blanca Orantes

18  to demonstrate that she was qualified for a bond.

19  123.   She was not released until on or about July 23, 2018, after the federal government

20  was forced to comply with the preliminary injunction in *Ms. L.*, and thereafter reunited her with

21  her child.

22  124.   Plaintiff **Baltazar Vasquez** is a detained asylum seeker who originally entered

23  the United States without inspection, was initially subject to expedited removal proceedings

24  under 8 U.S.C. §1225(b), was determined to have a credible fear of persecution once he was

25  eventually provided his credible fear interview and determination, but was not provided a bond

26

SECOND AMENDED COMPLAINT - 19
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond

2    hearing.

3        125.    The federal government did not provide Baltazar Vasquez a bond hearing until

4    August 20, 2018.  At the bond hearing, the immigration judge placed the burden of proof on

5    Baltazar Vasquez to demonstrate that he qualified for a bond.  At the conclusion of that bond

6    hearing, an order was issued allowing him to be released from federal detention upon posting a

7    $9,000 bond pending the adjudication of his asylum claim on the merits.  There is no verbatim

8    transcript or recording of his bond hearing.

9                    **VI.    CLASS ALLEGATIONS**

10       126.    The named plaintiffs are asylum seekers who filed this suit on behalf of

11   themselves and their family members being detained in federal detention.

12       127.    The named plaintiffs also bring this suit as a class action under Fed.R.Civ.P. 23(b)

13   on behalf of the other similarly situated persons specified in the two classes of asylum seekers

14   specified in Part VI of this Second Amended Complaint.

15   **A.    "Credible Fear Interview Class"**

16       128.    With respect to plaintiffs' claims concerning defendants' failure to promptly

17   provide asylum seekers a credible fear interview and determination, plaintiffs seek to represent

18   the following class (the "**credible fear interview class**"):

19       All detained asylum seekers in the United States subject to expedited removal proceedings
         under 8 U.S.C. §1225(b) who are not provided a credible fear determination within 10 days
20       of requesting asylum or expressing a fear of persecution to a DHS official, absent a request
         by the asylum seeker for a delayed credible fear interview.
21

22       129.    Plaintiffs allege the following on information and belief:  At least several hundred

23   asylum seekers currently fit within the **credible fear interview class**.  Defendants should know

24   the precise number since the members of this class should be readily ascertainable through

25   defendants' records.

26

SECOND AMENDED COMPLAINT - 20
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

130.     The **credible fear interview class** satisfies Rule 23(a)(1).  This class is so numerous that joinder of all class members is impracticable.

131.     The **credible fear interview class** satisfies Rule 23(a)(2).  There are questions of law or fact common to this class.  Given the definition of this class, its members all share the same common factual situation of being a detained asylum seeker subject to defendants' practice of failing to provide a credible fear interview and determination within 10 days of their expressing a fear of persecution or a request for asylum to a DHS official, despite the fact they have been placed in expedited removal proceedings under 8 USC § 1225(b), which requires immediate action.  The members of this class share common questions of law governing whether defendants' practice of failing to provide class members a credible fear interview and determination within 10 days of their expressing a fear of persecution or a request for asylum to a DHS official is legal under the Fifth Amendment, APA, or federal asylum statutes.

132.     The **credible fear interview class** satisfies Rule 23(a)(3).  Plaintiffs' claims concerning the legality of defendants' practice of failing to provide a credible fear interview and determination within 10 days of their expressing a fear of persecution or a request for asylum to a DHS official are typical of the claims of class members.  As noted in the prior paragraph, the definition of this class dictates that plaintiffs share with the other class members the same common factual situation and the same common questions of law under the Fifth Amendment, APA, and federal asylum statutes.

133.     The **credible fear interview class** satisfies Rule 23(a)(4).  Plaintiffs will fairly and adequately protect the interests of that class.  They are represented by counsel from the Northwest Immigrant Rights Project and the American Immigration Council, who have extensive experience litigating class action lawsuits and other complex cases in federal court, including civil rights lawsuits on behalf of noncitizens.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1      134.    The **credible fear interview class** satisfies Rule 23(b)(1).  Requiring separate

2  actions by the members of this class would create the risk of inconsistent or varying

3  adjudications with respect to individual class members that would establish incompatible

4  standards of conduct for defendants.  Requiring separate actions by the members of this class

5  would create the risk of adjudications with respect to individual class members that, as a

6  practical matter, would be dispositive of the interests of the other class members not parties to

7  the individual adjudications, or would at least substantially impair or impede their ability to

8  protect their interests.

9      135.    The **credible fear interview class** satisfies Rule 23(b)(2).  Defendants have acted

10  or refused to act on grounds that apply generally to this class.  Final injunctive relief or

11  corresponding declaratory relief is appropriate with respect to the class as a whole, especially as

12  it involves uniform, federal immigration law and plaintiffs are transferred across the country by

13  defendants.  Moreover, requiring separate actions by the members of this class would create the

14  risk of inconsistent or varying adjudications with respect to individual class members that would

15  establish incompatible standards of conduct for defendants.

16      136.    The **credible fear interview class** satisfies Rule 23(b)(3).  Questions of law or

17  fact common to members of this class predominate over questions affecting only individual

18  members.  A class action is superior to other available methods for fairly and efficiently

19  adjudicating the legality of defendants' practice of failing to provide a credible fear interview

20  and determination within 10 days of a person's expressing a fear of persecution or requesting

21  asylum.

22  **B.**    **"Bond Hearing Class"**

23      137.    With respect to plaintiffs' claims concerning defendants' failure to promptly

24  conduct a bond hearing to set reasonable conditions for the asylum seeker's release pending the

25  lengthy proceedings to adjudicate his or her asylum claim, and to provide a bond hearing that

26

SECOND AMENDED COMPLAINT - 22
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

comports with the requirements of due process, plaintiffs seek to represent the following class

(the "**bond hearing class**"):

> All detained asylum seekers who entered the United States without inspection, who were initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), who were determined to have a credible fear of persecution, but who are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.

138.    Plaintiffs allege the following on information and belief:  At least several hundred asylum seekers currently fit within the **bond hearing class**.  Defendants should know the precise number since the members of this class should be readily ascertainable through defendants' records.

139.    The **bond hearing class** satisfies Rule 23(a)(1).  This class is so numerous that joinder of all class members is impracticable.

140.    The **bond hearing class** satisfies Rule 23(a)(2).  There are questions of law or fact common to this class.  Given the definition of this class, its members all share the same common factual situation of being asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings, were found to have a credible fear of persecution, but were then subject to defendants' practice of failing to provide a bond hearing with a transcript or recording of the hearing within 7 days of their requesting a bond hearing.  Moreover, defendant EOIR placed the burden on class members to demonstrate in bond hearings that plaintiffs are eligible for release, and defendants EOIR failed to make any specific, particularized findings of fact when denying release. The members of this class share common questions of law governing whether defendants' practice of failing to provide a bond hearing with a transcript or recording of the proceeding within 7 days of their requesting a bond hearing, Defendant EOIR's practice of placing the burden of proof on the detained asylum seeker to demonstrate their eligibility for release, and Defendant EOIR's failure to make specific,

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    particularized findings when denying release, is legal under the Fifth Amendment, APA, or

2    federal asylum statutes.

3          141.    The **bond hearing class** satisfies Rule 23(a)(3).  Plaintiffs' claims concerning the

4    legality of defendants' practice of failing to provide a bond hearing with a transcript or recording

5    of the proceeding within 7 days of an asylum seeker's requesting a bond hearing, Defendant

6    EOIR's practice of placing the burden of proof on the detained asylum seeker to demonstrate

7    they are eligible for release , and Defendant EOIR's failure to make specific findings when

8    denying release, are typical of the claims of class members.  As noted in the prior paragraph, the

9    definition of this class dictates that plaintiffs share with the other class members the same

10   common factual situation and the same common questions of law under the Fifth Amendment,

11   APA, and federal asylum statutes.

12         142.    The **bond hearing class** satisfies Rule 23(a)(4).  Plaintiffs will fairly and

13   adequately protect the interests of that class.  They are represented by counsel from the

14   Northwest Immigrant Rights Project and the American Immigration Council, who have extensive

15   experience litigating class action lawsuits and other complex cases in federal court, including

16   civil rights lawsuits on behalf of noncitizens.

17         143.    The **bond hearing class** satisfies Rule 23(b)(1).  Requiring separate actions by

18   the members of this class would create the risk of inconsistent or varying adjudications with

19   respect to individual class members that would establish incompatible standards of conduct for

20   defendants.  Requiring separate actions by the members of this class would create the risk of

21   adjudications with respect to individual class members that, as a practical matter, would be

22   dispositive of the interests of the other class members not parties to the individual adjudications,

23   or would at least substantially impair or impede their ability to protect their interests.

24         144.    The **bond hearing class** satisfies Rule 23(b)(2).  Defendants have acted or

25   refused to act on grounds that apply generally to this class.  Final injunctive relief or

26

SECOND AMENDED COMPLAINT - 24
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1  corresponding declaratory relief is appropriate with respect to the class as a whole especially as it

2  involves uniform, federal immigration law and plaintiffs are transferred across the country by

3  defendants.  Moreover, requiring separate actions by the members of this class would create the

4  risk of inconsistent or varying adjudications with respect to individual class members that would

5  establish incompatible standards of conduct for defendants.

6  145.    The **bond hearing class** satisfies Rule 23(b)(3).  Questions of law or fact

7  common to members of this class predominate over questions affecting only individual

8  members.  A class action is superior to other available methods for fairly and efficiently

9  adjudicating the legality of defendants' practice of failing to provide a bond hearing with a

10  transcript or recording of the proceeding within 7 days of an asylum seeker's requesting a bond

11  hearing, defendant EOIR's practice of placing the burden of proof on the detained asylum seeker

12  to demonstrate they are eligible for release, and Defendant EOIR's failure to make specific,

13  particularized findings when denying release.

## VII.   CAUSES OF ACTION

### COUNT I
### (Violation of Due Process)

146.    All of the foregoing allegations are repeated and re-alleged as though fully set
forth herein.

147.    The Due Process Clause of the Fifth Amendment applies to all "persons" on
United States soil and thus applies to Mss. Guzman, Orantes, Mr. Vasquez and all proposed class
members.

148.    The named plaintiffs and proposed class members have a constitutionally
protected liberty interest in (1) not being imprisoned in federal detention for an unreasonable
time awaiting their credible fear interview and determination, (2) not being imprisoned in federal
detention for an unreasonable time awaiting their bond hearing, and (3) having a bond hearing
that is fair and comports with due process.

SECOND AMENDED COMPLAINT - 25
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

149.     The federal government's imprisoning plaintiffs and members of the Credible Fear Interview Class in federal detention for an unreasonable time awaiting their credible fear interview and determination violates their substantive due process rights.  The government's prolonging these asylum seekers' federal detention by delaying their credible fear interview and determination more than 10 days does not further a legitimate purpose.  The government's prolonging these asylum seekers' federal detention by delaying their credible fear interview and determination more than 10 days does not further a compelling governmental interest. Defendants' prolonging their federal detention by delaying their credible fear interview and determination more than 10 days is a violation of the constitutional substantive due process rights of plaintiffs and their children as well as of members of the Credible Fear Interview Class.

150.     The federal government's imprisoning plaintiffs and members of the Credible Fear Class in federal detention for an unreasonable time awaiting their credible fear interview and determination violates their procedural due process rights.  That ongoing imprisonment awaiting a credible fear interview and determination is contrary to the law governing expedited removal proceedings and is imposed without any hearing.  Defendants' imprisoning plaintiffs and members of the Credible Fear Interview Class in federal detention for an unreasonable time awaiting their credible fear interview and determination is a violation of the constitutional due process rights of plaintiffs and their children as well as of members of the Credible Fear Interview Class.

151.     The federal government's imprisoning plaintiffs and members of the Bond Hearing Class in federal detention for an unreasonable time awaiting a bond hearing to assess their eligibility for release pending the lengthy proceedings to adjudicate their asylum claim violates substantive due process.  The government's prolonging these asylum seekers' federal detention by delaying their bond hearing more than 7 days does not further a legitimate purpose. The government's prolonging these asylum seekers' federal detention by delaying their bond

SECOND AMENDED COMPLAINT - 26
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   hearing more than 7 days does not further a compelling governmental interest.  Moreover,

2   denying release for general deterrence or punishment goals unrelated to the specific factors of

3   whether the individual presents a flight risk or danger to the community unlawfully deprives

4   these asylum seekers of their constitutional right to liberty.  Defendants' prolonging plaintiffs'

5   and members of the Bond Hearing Class's federal detention by delaying their bond hearing more

6   than 7 days is a violation of the constitutional substantive process rights of plaintiffs and

7   members of the Bond Hearing Class.

8   152.    The federal government's imprisoning plaintiffs and members of the Bond

9   Hearing Class in federal detention for an unreasonable time awaiting a bond hearing to assess

10   their eligibility for release pending the lengthy proceedings to adjudicate their asylum claim

11   violates procedural due process.  That ongoing detention is imposed without providing a bond

12   hearing with a transcript or recording of the hearing and specific, particularized findings with

13   respect to any denial of release, denies plaintiffs and members of the Bond Hearing Class an

14   adequate record to file an administrative appeal or habeas petition.  Moreover, denying release

15   for general deterrence goals unrelated to the specific factors of whether the individual presents a

16   flight risk or danger to the community strips detained asylum seekers of a fair hearing. What is

17   more, placing the burden on the noncitizen to demonstrate their eligibility for release also

18   constitutes a violation of their due process rights. Defendants' prolonging plaintiffs' and

19   members of the Bond Hearing Class's federal detention by failing to provide a bond hearing

20   where the burden of proof is on the government and with a verbatim transcript or recording of

21   the hearing within 7 days of requesting a bond is a is a violation of the constitutional substantive

22   due process rights of plaintiffs and their children as well as of members of the Bond Hearing

23   Class.

24

25

26

SECOND AMENDED COMPLAINT - 27
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

## COUNT II
### (Administrative Procedure Act)

153.    All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

154.    Defendants' decision to detain plaintiffs and members of the Credible Fear Interview Class for an unreasonable time awaiting their credible fear interview, without a compelling justification and without a mechanism, protocol, or system to assure a prompt and fair credible fear interview and determination, is a final agency action.  That action violates 5 U.S.C. §§706(1) and (2)(A) and (B).

155.    Defendants' decision to detain plaintiffs and members of the Bond Hearing Class for an unreasonable time awaiting a bond hearing to set reasonable conditions for their release pending the lengthy proceedings to adjudicate their asylum claim, without a compelling justification and without a mechanism, protocol, or system to assure a prompt and fair bond hearing, is a final agency action.  That action violates 5 U.S.C. §§706(1) and (2)(A) and (B).

156.    Defendants' decision to deny plaintiffs and members of the Bond Hearing Class a bond hearing with adequate procedural protections, specifically a hearing where the burden of proof is on the government, a recording or transcript of the hearing available for any subsequent administrative appeal or habeas petition, and specific, particularized findings of any denial of release, is a final agency action.  That action violates 5 U.S.C.  §§706(1) and (2)(A) and (B).

157.    The APA imposes on federal agencies the duty to conclude matters presented to it within a "reasonable time."  5 U.S.C. §555(b).

158.    The APA prohibits agency action that is "unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

159.    Defendant DHS and its sub-agencies are required to conduct an interview to assess whether an asylum seeker has a credible fear of persecution. This obligation is triggered when Defendants learn of an individual's fear of persecution. *See* 8 U.S.C. §1225(b)(1)(A)(ii).

SECOND AMENDED COMPLAINT - 28
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    Asylum seekers are only permitted to raise their claims before an immigration judge after the

2    asylum officer's credible fear determination. *See* 8 C.F.R. § 208.30(f), (g).

3        160.    Conducting a credible fear interview to determine whether a person seeking

4    asylum has a credible fear of persecution is a discrete, final agency action that DHS is required to

5    take.

6        161.    Defendants' failure to expeditiously conduct a credible fear interview after

7    detaining plaintiffs and members of the Credible Fear Interview class constitutes "an agency

8    action unlawfully withheld or unreasonably delayed" under the APA. *See* 5 U.S.C. § 706(1).

9        162.    If the asylum officer determines that an asylum seeker has a credible fear of

10   persecution, the case is transferred to EOIR for adjudication of the asylum claim by an

11   immigration judge.

12       163.    An asylum seeker in the Bond Hearing Class is entitled to a bond hearing to

13   assess eligibility for his or her release from DHS custody pending the lengthy proceedings to

14   adjudicate his or her asylum claim.

15       164.    Defendant EOIR's failure to promptly conduct a bond hearing for plaintiffs and

16   members of the Bond Hearing Class within 7 days violates defendant's legal duty under the APA

17   to conclude matters presented to it within a reasonable time.

18       165.    Defendant EOIR's failure to conduct a bond hearing for plaintiffs and members of

19   the Bond Hearing Class with appropriate procedural safeguards constitutes an agency action

20   unlawfully withheld or unreasonably delayed in violation of the APA.

21                                    **COUNT III**
                                **(Violation of Asylum Statute)**
22

23       166.    All of the foregoing allegations are repeated and re-alleged as though fully set

24   forth herein.

25

26

SECOND AMENDED COMPLAINT - 29          NORTHWEST IMMIGRANT RIGHTS PROJECT
Case No. 2:18-cv-928 MJP                         615 Second Avenue, Suite 400
                                                      Seattle, WA 98104
                                                  Telephone (206) 957-8611

167.     The Immigration and Nationality Act grants noncitizens fleeing persecution the opportunity to apply for asylum in the United States. 8 U.S.C. §1225(b)(1) (expedited removal); 8 C.F.R. §§ 235.3(b)(4), 208.30, & 1003.42; 8 U.S.C. §1158(a)(1).

168.     International law likewise recognizes the fundamental human right to asylum of persons fleeing for safety from persecution and torture.

169.     Noncitizens fleeing persecution have a private right of action to vindicate their right to apply for and receive asylum in the United States.

170.     Defendants' failure to promptly conduct a credible fear interview for plaintiffs and members of the Credible Fear Interview Class violates the asylum statute because it unlawfully infringes on their ability to pursue their asylum claims.

171.     Defendants' failure to promptly conduct a bond hearing to assess eligibility for the release of plaintiffs and members of the Bond Hearing Class violates the asylum statute because it unlawfully infringes on their ability to pursue their asylum claims.

### VIII.   PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court enter judgment against defendants granting the following relief:

A. Certify the following **Credible Fear Interview Class**: "All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. §1225(b) who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official."

B. Name plaintiffs as representatives of the Credible Fear Interview Class, and appoint their counsel as class counsel.

C. Declare that defendants have an obligation to provide Credible Fear Interview Class members their credible fear interview and determination within 10 days of that person's requesting asylum or expressing a fear of persecution to any DHS official.

SECOND AMENDED COMPLAINT - 30
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

D.  Preliminarily and permanently enjoin defendants from not providing Credible Fear Interview Class members their credible fear determination within 10 days of that person's requesting asylum or expressing a fear of persecution to any DHS official.

E.  Certify the following **Bond Hearing Class**: "All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing."

F.  Name plaintiffs as representatives of the Bond Hearing Class, and appoint their counsel as class counsel.

G.  Declare that defendants have an obligation to provide Bond Hearing Class members a bond hearing within 7 days of their requesting a hearing to set reasonable conditions for their release pending adjudication of their asylum claim.

H.  Declare that defendants have an obligation to provide Bond Hearing Class members (including plaintiffs) a bond hearing with adequate procedural safeguards, including a verbatim transcript or recording of their bond hearing.

I.  Declare that defendant DHS must bear the burden of proof to show continued detention is necessary in civil immigration proceedings.

J.  Declare that in bond hearings immigration judges must make specific, particularized written findings as to the basis for denying release from detention, including findings identifying the basis for finding that the individual is a flight risk or a danger to the community.

K.  Preliminarily and permanently enjoin defendants from not providing Bond Hearing Class members their bond hearing with a verbatim transcript or recording of their bond hearing.

SECOND AMENDED COMPLAINT - 31
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

L.  Preliminarily and permanently enjoin defendants from not providing Bond Hearing Class members their bond hearing within 7 days of the asylum seeker's request.

M.  Preliminarily and permanently enjoin defendants from not providing Bond Hearing Class members bond hearings where defendant DHS bears the burden of proof to show continued detention is necessary.

N.  N. Preliminarily and permanently enjoin defendants from not providing Bond Hearing Class members where immigration judges make specific, particularized written findings as to the basis for denying release from detention, including findings identifying the basis for finding that the individual is a flight risk or a danger to the community.

O.  Order defendants to pay reasonable attorneys' fees and costs.

P.  Order all other relief that is just and proper.

SECOND AMENDED COMPLAINT - 32
Case No. 2:18-cv-928 MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    Dated this 22nd day of August, 2018.

2

3    _s/ Matt Adams_____                    _s/ Thomas F. Ahearne_____
4    Matt Adams, WSBA No. 28287                          Thomas F. Ahearne, WSBA #14844
     Email:  matt@nwirp.org                              Email:  ahearne@foster.com
5
     Glenda M. Aldana Madrid, WSBA No. 46987             *William F. Abrams, CA Bar #88805
6    Email:  glenda@nwirp.org                            *Admitted pro hac vice
                                                         *Email:  bill.abrams@foster.com
7
     Leila Kang, WSBA No. 48048                          Joanna Plichta Boisen, WSBA #38368
8    Email:  leila@nwirp.org                             Email:  Joanna.boisen@foster.com
9    NORTHWEST IMMIGRANT RIGHTS PROJECT                  Benjamin J. Hodges, WSBA #49301
10   615 Second Avenue, Suite 400                        Email:  ben.hodges@foster.com
     Seattle, WA  98104
11   Telephone: (206) 957-8611                           Kevin Ormiston, WSBA #49835
     Facsimile: (206) 587-4025                           Email:  kevin.ormiston@foster.com
12   _Attorneys for Plaintiffs-Petitioners_

13   Trina Realmuto*                                     FOSTER PEPPER PLLC
14   Kristin Macleod-Ball*                               1111 Third Avenue, Suite 3000
     AMERICAN IMMIGRATION COUNCIL                        Seattle, Washington  98101-3292
15   100 Summer Street, 23rd Floor                       Telephone: (206) 447-4400
     Boston, MA 02110                                    Facsimile: (206) 447-9700
16   (857) 305-3600                                      _Attorneys for Plaintiffs-Petitioners_
     trealmuto@immcouncil.org
17   kmacleod-ball@immcouncil.org

18   *Application for _pro hac vice_ admission
19   forthcoming

20

21

22

23

24

25

26
     SECOND AMENDED COMPLAINT - 33                  NORTHWEST IMMIGRANT RIGHTS PROJECT
     Case No. 2:18-cv-928 MJP                           615 Second Avenue, Suite 400
                                                              Seattle, WA 98104
                                                         Telephone (206) 957-8611

1

## **CERTIFICATE OF SERVICE**

2         I hereby certify that on August 22, 2018, I had the foregoing electronically filed with the

3

4 Clerk of the Court using the CM/ECF system, which will send notification of such filing to those

5 attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in

6 accordance with the Federal Rules of Civil Procedure.

7         DATED this 22nd day of August, 2018.

8

9                            *s/ Matt Adams*
                            NORTHWEST IMMIGRANT RIGHTS PROJECT

10                          615 Second Avenue, Suite 400
                          Seattle, Washington  98104

11                          Telephone: (206) 957-8611
                          Facsimile: (206) 587-4025

12                          Email:  matt@nwirp.org

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND AMENDED COMPLAINT - 34         NORTHWEST IMMIGRANT RIGHTS PROJECT
Case No. 2:18-cv-928 MJP                 615 Second Avenue, Suite 400
                                       Seattle, WA 98104
                                 Telephone (206) 957-8611

9RVR,APPEAL,STAYED

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CIVIL DOCKET FOR CASE #: 2:18-cv-00928-MJP

Padilla et al v. US Immigration and Customs Enforcement et al
Assigned to: Judge Marsha J. Pechman
Case in other court: 9th Circuit Court of Appeals, 19-35565
              9th Circuit Court of Appeals, 24-01736
              9th Circuit Court of Appeals, 24-02801
Cause: 42:1983 Civil Rights Act

Date Filed: 06/25/2018
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Yolany Padilla**

represented by **Anand Balakrishnan**
AMERICAN CIVIL LIBERTIES UNION (NY)
125 BROAD ST
18TH FLOOR
NEW YORK, NY 10004-2400
212-284-7361
Email: abalakrishnan@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin J Hodges**
FOSTER GARVEY PC (SEA)
1111 3RD AVENUE, STE 3000
SEATTLE, WA 98101-3299
206-447-4400
Fax: 206-447-9700
Email: ben.hodges@foster.com
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Emma C Winger**
AMERICAN IMMIGRATION COUNCIL
1331 G ST NW
STE 200
WASHINGTON, DC 20005
202-507-7512
Email: ewinger@immcouncil.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Glenda M Aldana Madrid**
NORTHWEST IMMIGRANT RIGHTS
PROJECT (SEA)
615 2ND AVE

ER-146

STE 400
SEATTLE, WA 98104
206-957-8646
Email: glenda@nwirp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joanna Plichta Boisen**
FOSTER GARVEY PC (SEA)
1111 3RD AVENUE, STE 3000
SEATTLE, WA 98101-3299
206-447-3867
Email: joanna.boisen@foster.com
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Judy Rabinovitz**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 BROAD ST
18TH FL
NEW YORK, NY 10004
212-549-2618
Email: jrabinovitz@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Ormiston**
FOSTER GARVEY PC (SEA)
1111 3RD AVENUE, STE 3000
SEATTLE, WA 98101-3299
206-447-4400
Email: kevin.ormiston@foster.com
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Kristin Macleod-Ball**
AMERICAN IMMIGRATION COUNCIL
1318 BEACON STREET STE 18
BOSTON, MA 02446
857-305-3722
Email: kristin@immigrationlitigation.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matt Adams**
NORTHWEST IMMIGRANT RIGHTS
PROJECT (SEA)
615 2ND AVE
STE 400
SEATTLE, WA 98104
206-957-8611

ER-147

Email: matt@nwirp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
FOSTER GARVEY PC (SEA)
1111 3RD AVENUE, STE 3000
SEATTLE, WA 98101-3299
206-447-8934
Email: ahearne@foster.com
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Trina Realmuto**
NATIONAL IMMIGRATION
LITIGATION ALLIANCE
10 GRIGGES TERRACE
BROOKLINE, MA 02446
617-513-0802
Email: trina@immigrationlitigation.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William F. Abrams**
SCHWABE WILLIAMSON & WYATT
(SEA)
1420 5TH AVE
STE 3400
SEATTLE, WA 98101-2339
206-622-1711
Email: WAbrams@SCHWABE.com
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Aaron Korthuis**
NORTHWEST IMMIGRANT RIGHTS
PROJECT (SEA)
615 2ND AVE
STE 400
SEATTLE, WA 98104
206-816-3872
Email: aaron@nwirp.org
*ATTORNEY TO BE NOTICED*

**Leila Kang**
NORTHWEST IMMIGRANT RIGHTS
PROJECT (SEA)
615 2ND AVE
STE 400
SEATTLE, WA 98104
206-816-3847
Email: leila@nwirp.org
*ATTORNEY TO BE NOTICED*

ER-148

WAWD CM/ECF Version 1.7.0.2

Michael Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRATIONS' RIGHTS PROJECT
125 BROAD STREET
FLOOR 18
NEW YORK, NY 10004
212-519-7848
Email: mtan@aclu.org
*TERMINATED: 05/31/2023*
*PRO HAC VICE*

**Plaintiff**

**Ibis Guzman**                    represented by **Anand Balakrishnan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin J Hodges**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Emma C Winger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Glenda M Aldana Madrid**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joanna Plichta Boisen**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Judy Rabinovitz**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Ormiston**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Kristin Macleod-Ball**
(See above for address)

ER-149

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Trina Realmuto**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William F. Abrams**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Aaron Korthuis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leila Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Tan**
(See above for address)
*TERMINATED: 05/31/2023*
*PRO HAC VICE*

**Matt Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Blanca Orantes**        represented by    **Anand Balakrishnan**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin J Hodges**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Emma C Winger**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

WAWD CM/ECF Version 1.7.0.2

**Glenda M Aldana Madrid**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joanna Plichta Boisen**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Judy Rabinovitz**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Ormiston**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Kristin Macleod-Ball**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Trina Realmuto**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William F. Abrams**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Aaron Korthuis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leila Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Tan**
(See above for address)

ER-151

*TERMINATED: 05/31/2023*
*PRO HAC VICE*

**Matt Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Baltazar Vasquez**                    represented by    **Anand Balakrishnan**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Benjamin J Hodges**
                                                         (See above for address)
                                                         *TERMINATED: 09/06/2018*
                                                         *LEAD ATTORNEY*

                                                         **Emma C Winger**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Glenda M Aldana Madrid**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Joanna Plichta Boisen**
                                                         FOSTER PEPPER PLLC (SEA)
                                                         1111 THIRD AVE
                                                         STE 3000
                                                         SEATTLE, WA 98101-3299
                                                         206-447-3867
                                                         Email: joanna.boisen@foster.com
                                                         *TERMINATED: 09/06/2018*
                                                         *LEAD ATTORNEY*

                                                         **Judy Rabinovitz**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kevin Ormiston**
                                                         (See above for address)
                                                         *TERMINATED: 09/06/2018*
                                                         *LEAD ATTORNEY*

                                                         **Kristin Macleod-Ball**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

ER-152

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Trina Realmuto**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William F. Abrams**
(See above for address)
*TERMINATED: 09/06/2018*
*LEAD ATTORNEY*

**Aaron Korthuis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leila Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Tan**
(See above for address)
*TERMINATED: 05/31/2023*
*PRO HAC VICE*

**Matt Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**US Immigration and Customs Enforcement**
*also known as*
ICE

represented by **Archith Ramkumar**
US DEPARTMENT OF JUSTICE (BOX 868)
PO BOX 868
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-693-9370
Email: RamkumarA@sec.gov
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
US DEPARTMENT OF JUSTICE (BOX 878)
PO BOX 878

BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-742-7093
Email: bichngoc.t.do@usdoj.gov
*ATTORNEY TO BE NOTICED*

**David Kim**
US DEPARTMENT OF JUSTICE (BOX
878)
PO BOX 878
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-598-0114
Email: david.kim4@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
US DEPARTMENT OF JUSTICE (BOX
878)
PO BOX 878
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-305-7037
Email: jesi.j.carlson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
US DEPARTMENT OF JUSTICE (BOX
868)
PO BOX 868
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-598-2445
Email: joseph.darrow@usdoj.gov
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
US DEPARTMENT OF JUSTICE (BOX
868)
PO BOX 868
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-616-4458
Email: lauren.c.bingham@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
US DEPARTMENT OF JUSTICE (BOX
878)
PO BOX 878
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-532-4700

ER-154

Email: sarah.s.wilson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of Homeland Security**
*also known as*
DHS

represented by **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Customs and Border Protection**
*also known as*
CBP

represented by **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Citizenship and**                    represented by    **Archith Ramkumar**
**Immigration Services**                                               (See above for address)
*also known as*                                                        *TERMINATED: 10/21/2020*
USCIS

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of Health and Human**                 represented by    **Archith Ramkumar**
**Services**                                                           (See above for address)
*TERMINATED: 08/22/2018*                                               *TERMINATED: 10/21/2020*
*also known as*
HHS
*TERMINATED: 08/22/2018*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Office of Refugee Resettlement**      represented by    **Archith Ramkumar**
*TERMINATED: 08/22/2018*                                 (See above for address)
*also known as*                                             *TERMINATED: 10/21/2020*
ORR
*TERMINATED: 08/22/2018*                                 **Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Homan**                     represented by    **Archith Ramkumar**
*Acting Director of ICE*                                 (See above for address)
*TERMINATED: 05/20/2019*                             *TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

ER-157

**Kirstjen M Nielsen**
*Secretary of DHS*
*TERMINATED: 05/20/2019*

represented by **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin K McAleenan**
*Acting Commissioner of DHS*

represented by **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**

ER-158

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**L Francis Cissna**          represented by   **Archith Ramkumar**
*Director of USCIS*                            (See above for address)
                                               *TERMINATED: 10/21/2020*

                                               **Bichngoc T Do**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **David Kim**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Jesi J Carlson**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Joseph A. Darrow**
                                               (See above for address)
                                               *TERMINATED: 07/09/2019*

                                               **Lauren C. Bingham**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Sarah S. Wilson**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Alex M Azar, II**          represented by   **Archith Ramkumar**
*Secretary of HHS*                            (See above for address)
*TERMINATED: 08/22/2018*                      *TERMINATED: 10/21/2020*

                                               **Bichngoc T Do**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **David Kim**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Joseph A. Darrow**
                                               (See above for address)
                                               *TERMINATED: 07/09/2019*

                                               **Lauren C. Bingham**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

ER-159

**Scott Lloyd**
*Director of ORR*
*TERMINATED: 08/22/2018*

represented by **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marc J Moore**
*Seattle Field Office Director, ICE*
*TERMINATED: 05/20/2019*

represented by **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

ER-160

**Executive Office for Immigration Review**      represented by   **Archith Ramkumar**
(See above for address)
*TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jefferson Beauregard Sessions, III**      represented by   **Archith Ramkumar**
*United States Attorney General*                             (See above for address)
*TERMINATED: 04/02/2019*                                     *TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**

ER-161

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lowell Clark**                              represented by   **Archith Ramkumar**
*Warden of the Norwest Detention Center in*                   (See above for address)
*Tacoma*                                                      *TERMINATED: 10/21/2020*

                                                             **Bichngoc T Do**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **David Kim**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jesi J Carlson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Joseph A. Darrow**
                                                             (See above for address)
                                                             *TERMINATED: 07/09/2019*

                                                             **Lauren C. Bingham**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Sarah S. Wilson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Ingram**                           represented by   **Archith Ramkumar**
*Warden of the Federal Detention Center in*                   (See above for address)
*SeaTac, Washington*                                          *TERMINATED: 10/21/2020*
*TERMINATED: 01/11/2023*

                                                             **Bichngoc T Do**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **David Kim**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jesi J Carlson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Joseph A. Darrow**
                                                             (See above for address)
                                                             *TERMINATED: 07/09/2019*

                                                             **Lauren C. Bingham**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Shinn**                              represented by   **Archith Ramkumar**
*Warden of the Federal Correctional Institute*              (See above for address)
*in Victorville, CA*                                         *TERMINATED: 10/21/2020*
*TERMINATED: 01/11/2023*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph A. Darrow**
(See above for address)
*TERMINATED: 07/09/2019*

**Lauren C. Bingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Janecka**                            represented by   **Archith Ramkumar**
*Warden of the Adelanto Detention Facility*                  (See above for address)
                                                             *TERMINATED: 10/21/2020*

**Bichngoc T Do**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah S. Wilson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**William P Barr**                    represented by   **Archith Ramkumar**
*United States Attorney General*                        (See above for address)
                                                        *TERMINATED: 10/21/2020*

                                                        **Bichngoc T Do**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David Kim**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jesi J Carlson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Joseph A. Darrow**
                                                        (See above for address)
                                                        *TERMINATED: 07/09/2019*

                                                        **Lauren C. Bingham**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sarah S. Wilson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew T Albence**                 represented by   **Bichngoc T Do**
*Acting Deputy Director of ICE*                         (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David Kim**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jesi J Carlson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sarah S. Wilson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**John P. Sanders**                   represented by   **Bichngoc T Do**
*Acting Commissioner of CBP*                            (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Elizabeth Godfrey**<br>*Acting Director of Seattle Field Office, ICE* | represented by | **Bichngoc T Do**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**David Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesi J Carlson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2018 | 1 | COMPLAINT against defendant(s) Alex M. Azar, II, L. Francis Cissna, Thomas Homan, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement (Receipt # 0981-5369615) Attorney Matt Adams added to party Ibis Guzman(pty:pla), Attorney Matt Adams added to party Blanca Orantes(pty:pla), Attorney Matt Adams added to party Yolany Padilla(pty:pla), filed by Ibis Guzman, Yolany Padilla, Blanca Orantes. (Attachments: # 1 Civil Cover Sheet, # 2 Summons Azar, # 3 Summons CBP, # 4 Summons Cissna, # 5 Summons DHS, # 6 Summons HHS, # 7 Summons Homan, # 8 Summons ICE, # 9 Summons Lloyd, # 10 Summons McAleenan, # 11 Summons Moore, # 12 Summons Nielsen, # 13 Summons ORR, # 14 Summons USCIS)(Adams, Matt) (Entered: 06/25/2018) |
| 06/25/2018 | | Judge Marsha J. Pechman added. (ST) (Entered: 06/25/2018) |
| 06/25/2018 | 2 | Summons(es) Electronically Issued as to defendant(s) Alex M. Azar, II, L. Francis Cissna, Thomas Homan, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons) (ST) (Entered: 06/25/2018) |
| 06/27/2018 | 3 | NOTICE of Appearance by attorney Thomas Fitzgerald Ahearne on behalf of Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla. (Ahearne, Thomas) (Entered: 06/27/2018) |
| 06/27/2018 | 4 | APPLICATION OF ATTORNEY William F. Abrams FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla (Fee Paid) Receipt No. 0981-5375032 (Ahearne, Thomas) (Entered: 06/27/2018) |

ER-165

| 06/28/2018 | | Attorneys Joanna Plichta,Benjamin J Hodges,and Kevin Ormiston added as counsel for Ibis Guzman, Blanca Orantes, and Yolany Padilla per 3 Notice of Appearance. (PM) (Entered: 06/28/2018) |
|---|---|---|
| 06/28/2018 | 5 | ORDER re 4 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney William F. Abrams for Plaintiff Ibis Guzman, Blanca Orantes, and Yolany Padilla, by Clerk William M McCool. No document associated with this docket entry, text only.<br><br>*NOTE TO COUNSEL: Local counsel agrees to* **sign all filings** *and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(DS) (Entered: 06/28/2018) |
| 07/12/2018 | 6 | MINUTE ORDER reminding parties of the necessity to adhere to the formatting requirements set out in the Local Rules; specifically, the formatting requirements set out in LCR 10(c)(1). Authorized by Judge Marsha J. Pechman. (PM) (Entered: 07/12/2018) |
| 07/12/2018 | 7 | MINUTE ORDER clarifying to parties that all pleadings filed before this Court must be in font which is 12 point Times New Roman or larger. Pleadings filed in any other font type will not be accepted. Authorized by Judge Marsha J. Pechman. (PM) (Entered: 07/12/2018) |
| 07/15/2018 | 8 | AMENDED COMPLAINT against All Defendants, filed by Yolany Padilla.(Ahearne, Thomas) (Entered: 07/15/2018) |
| 07/16/2018 | | Party Baltazar Vasquez as Plaintiff; Executive Office for Immigration Review, Jefferson Beauregard Sessions, III, Lowell Clark, Charles Ingram and David Shinn added as defendants per 8 Amended Complaint. (PM) (Entered: 07/16/2018) |
| 07/16/2018 | 9 | PRAECIPE TO ISSUE SUMMONS re 8 Amended Complaint by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Attachments: # 1 Summons Executive Office for Immigration Review, # 2 Summons Jefferson Sessions, # 3 Summons Lowell Clark, # 4 Summons Charles Ingram, # 5 Summons David Shinn)(Ahearne, Thomas) (Entered: 07/16/2018) |
| 07/17/2018 | 10 | Summons(es) Electronically Issued as to defendant(s) Executive Office for Immigration Review (main document), (Attachments: # 1 Summons Jefferson Beauregard Sessions, III, # 2 Summons Lowell Clark, # 3 Summons Charles Ingram, # 4 Summons David Shinn)(PM) (Entered: 07/17/2018) |
| 07/30/2018 | 11 | MOTION to Certify Class , filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 8/24/2018, (Ahearne, Thomas) (Entered: 07/30/2018) |
| 07/30/2018 | 12 | DECLARATION of Glenda M. Aldana Madrid filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 11 MOTION to Certify Class (Ahearne, Thomas) (Entered: 07/30/2018) |
| 07/30/2018 | 13 | DECLARATION of Ashleen O'Brien filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 11 MOTION to Certify Class (Ahearne, Thomas) (Entered: 07/30/2018) |
| 07/30/2018 | 14 | DECLARATION of Matt Adams filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 11 MOTION to Certify Class (Ahearne, Thomas) (Entered: 07/30/2018) |

ER-166

8/1/24, 5:34 PM                                    WAWD CM/ECF Version 1.7.0.2

| 07/30/2018 | 15 | DECLARATION of Thomas F. Ahearne filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 11 MOTION to Certify Class (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Ahearne, Thomas) (Entered: 07/30/2018) |
| 07/30/2018 | 16 | CERTIFICATE OF SERVICE by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 13 Declaration, 14 Declaration, 15 Declaration, 12 Declaration, 11 MOTION to Certify Class (Ahearne, Thomas) (Entered: 07/30/2018) |
| 07/31/2018 | 17 | ORDER REGARDING INITIAL DISCLOSURES AND JOINT STATUS REPORT Joint Status Report due by 9/11/2018, FRCP 26f Conference Deadline is 8/28/2018, Initial Disclosure Deadline is 9/4/2018, by Judge Marsha J. Pechman. (RM) (Entered: 07/31/2018) |
| 07/31/2018 | 18 | AFFIDAVIT of Mailing of Summons and Complaint to US Attorney's Office; ICE; DHS; CBP; USCIS; HHS; ORR; Thomas Homan; Kirstjen Nielsen; Kevin K. McAleenan; L. Francis Cissna; Alex M. Azar II; Scott Lloyd; Marc J. Moore on 6/27/2018, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Adams, Matt) (Entered: 07/31/2018) |
| 07/31/2018 | 19 | AFFIDAVIT of Mailing of Summons and Complaint to EOIR; Jefferson B. Sessions III; Lowell Clark; Charles Ingram; David Shinn on 7/17/2018, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Adams, Matt) (Entered: 07/31/2018) |
| 08/02/2018 | 20 | NOTICE of Appearance by attorney Joseph A. Darrow on behalf of Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement. (Darrow, Joseph) (Entered: 08/02/2018) |
| 08/17/2018 | 21 | NOTICE of Appearance by attorney Lauren C. Bingham on behalf of Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement. (Bingham, Lauren) (Entered: 08/17/2018) |
| 08/17/2018 | 22 | NOTICE that the following is RE-NOTED: 11 MOTION to Certify Class . Filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. Noting Date 9/28/2018, (Hodges, Benjamin) (Entered: 08/17/2018) |
| 08/20/2018 | 23 | STIPULATION AND PROPOSED ORDER *REGARDING MOTION BRIEFING SCHEDULE* by parties (Hodges, Benjamin) (Entered: 08/20/2018) |
| 08/21/2018 | 24 | STIPULATION AND ORDER per parties' 23 Stipulation. IT IS SO ORDERED. After filing of the Second Amended Complaint on August 22, 2018, defendants' motion to dismiss will be due September 5 and noted for September 28. Plaintiffs' response to the motion to dismiss will be due September 24, and defendants' reply will be due September 28. Defendants' response to plaintiffs' pending renoted Motion for Class Certification (Dkt. # 11 ) is due September 17, and plaintiffs' reply is due September 28. Signed by Judge Marsha J. Pechman. (PM) (Entered: 08/21/2018) |

| 08/22/2018 | 25 | NOTICE *Regarding Second Amended Complaint and Stipulation* ; filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Attachments: # 1 Exhibit Exhibit A & B)(Hodges, Benjamin) (Entered: 08/22/2018) |
| --- | --- | --- |
| 08/22/2018 | 26 | Second AMENDED COMPLAINT *CLASS ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF* against defendant(s) L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, James Janecka, filed by Ibis Guzman, Yolany Padilla, Blanca Orantes, Baltazar Vasquez. (Adams, Matt) (Entered: 08/22/2018) |
| 08/22/2018 | 27 | APPLICATION OF ATTORNEY Trina Realmuto FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Fee Paid) Receipt No. 0981-5445052 (Adams, Matt) (Entered: 08/22/2018) |
| 08/22/2018 | 28 | APPLICATION OF ATTORNEY Kristin Macleod-Ball FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Fee Paid) Receipt No. 0981-5445053 (Adams, Matt) (Entered: 08/22/2018) |
| 08/23/2018 | 29 | ORDER re 27 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Trina Realmuto for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, and Baltazar Vasquez, by Clerk William M McCool. No document associated with this docket entry, text only.<br><br>*NOTE TO COUNSEL: Local counsel agrees to* **sign all filings** *and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(DS) (Entered: 08/23/2018) |
| 08/23/2018 | 30 | ORDER re 28 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Kristin Macleod-Ball for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, and Baltazar Vasquez, by Clerk William M McCool. No document associated with this docket entry, text only.<br><br>*NOTE TO COUNSEL: Local counsel agrees to* **sign all filings** *and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(DS) (Entered: 08/23/2018) |
| 08/28/2018 | 31 | JOINT STIPULATION AND ORDER REGARDING MOTION BRIEFING SCHEDULE signed by Judge Marsha J. Pechman. After filing of the Second Amended Complaint on August 22, 2018, defendants' motion to dismiss will be due September 5 and noted for September 28. Plaintiffs' response to the motion to dismiss will be due September 24, and defendants' reply will be due September 28. Defendants' response to plaintiffs' pending renoted Motion for Class Certification (Dkt. # 11 ) is due September 17, and plaintiffs' reply is due September 28. (PM) (Entered: 08/29/2018) |
| 08/31/2018 | 32 | MINUTE ORDER: At the request of the parties, an extension of time to file the joint status report is granted. The report will be due on 10/11/2018. All other FRCP 26-related dates are adjusted accordingly. Failure to adhere to these deadlines may result in sanctions, up to and including dismissal of this action. Authorized by Judge Marsha J. Pechman. (RM) (Entered: 08/31/2018) |
| 09/02/2018 | 33 | Stipulated MOTION *Regarding Briefing Schedule*, filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles |

| | | |
|---|---|---|
| | | Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement. Noting Date 9/4/2018, (Bingham, Lauren) (Entered: 09/02/2018) |
| 09/05/2018 | 34 | STIPULATON AND ORDER regarding motion briefing schedule re parties' 33 Stipulated Motion, signed by Judge Marsha J. Pechman. (SWT) (Entered: 09/05/2018) |
| 09/06/2018 | 35 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Joanna Plichta Boisen; Benjamin J Hodges; Kevin Ormiston; William F. Abrams and Thomas Fitzgerald Ahearne for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Hodges, Benjamin) (Entered: 09/06/2018) |
| 09/06/2018 | 36 | MOTION to Dismiss , filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Citizenship and Immigration Services, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement. (Attachments: # 1 Exhibit Vasquez Bond Order, # 2 Proposed Order) Noting Date 9/28/2018, (Bingham, Lauren) (Entered: 09/06/2018) |
| 09/06/2018 | 37 | Amended MOTION to Certify Class , filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 9/28/2018, (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 38 | DECLARATION of Trina Realmuto filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 39 | DECLARATION of Carlos Moctezuma Garcia filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 40 | DECLARATION of Priya A. Patel filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 41 | DECLARATION of Kelly M.L. Rojas filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 42 | DECLARATION of K. Russell filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 43 | DECLARATION of Benjamin E. Stein filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/06/2018 | 44 | DECLARATION of Timothy Warden-Hertz filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 37 Amended MOTION to Certify Class (Aldana Madrid, Glenda) (Entered: 09/06/2018) |
| 09/20/2018 | 45 | MOTION for Preliminary Injunction , filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 10/12/2018, (Adams, Matt) (Entered: 09/20/2018) |

ER-169

| 09/20/2018 | 46 | DECLARATION of Carolina Antonini filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 47 | DECLARATION of Eduardo Beckett filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 48 | DECLARATION of Anna Byers filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 49 | DECLARATION of Holly S. Cooper filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 50 | DECLARATION of Talia Inlender filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 51 | DECLARATION of Jeremy Jong filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 52 | DECLARATION of Jennifer Lee Koh filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 53 | DECLARATION of Taylor Levy filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 54 | DECLARATION of Allegra S. Love filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 55 | DECLARATION of Laura P. Lunn filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 56 | DECLARATION of Hilario Mercado, Jr. filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 57 | DECLARATION of Blanca Orantes filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 58 | DECLARATION of Jessica Shulruff Schneider filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 59 | DECLARATION of Jocelyn L. Valencia filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |
| 09/20/2018 | 60 | DECLARATION of Edna Yang filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/20/2018) |

| 09/21/2018 | 61 | DECLARATION of Baltazar Vasquez filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 09/21/2018) |
|---|---|---|
| 09/24/2018 | 62 | DECLARATION of Aaron Hull filed by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services re 45 MOTION for Preliminary Injunction (Darrow, Joseph) (Entered: 09/24/2018) |
| 09/24/2018 | 63 | DECLARATION of Sidney K. Aki filed by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services re 45 MOTION for Preliminary Injunction (Darrow, Joseph) (Entered: 09/24/2018) |
| 09/24/2018 | 64 | DECLARATION of John L. Lafferty filed by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services re 45 MOTION for Preliminary Injunction (Darrow, Joseph) (Entered: 09/24/2018) |
| 09/24/2018 | 65 | DECLARATION of David W. Jennings filed by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services re 37 Amended MOTION to Certify Class (Darrow, Joseph) (Entered: 09/24/2018) |
| 09/24/2018 | 66 | DECLARATION of Joe Neifert filed by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services re 37 Amended MOTION to Certify Class (Darrow, Joseph) (Entered: 09/24/2018) |
| 09/24/2018 | 67 | DECLARATION of Hilma Torres filed by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human |

ER-171

|  |  | Enforcement, United StatesCitizenship and Immigration Services re 37 Amended MOTION to Certify Class (Darrow, Joseph) (Entered: 09/24/2018) |
|---|---|---|
| 09/24/2018 | 68 | RESPONSE, by Defendants Alex M. Azar, II, L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services, to 37 Amended MOTION to Certify Class . (Attachments: # 1 Exhibit A - Guzman Bond Order)(Darrow, Joseph) (Entered: 09/24/2018) |
| 09/24/2018 | 69 | RESPONSE, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, to 36 MOTION to Dismiss . Oral Argument Requested. (Kang, Leila) (Entered: 09/24/2018) |
| 09/26/2018 | 70 | PRAECIPE re 42 Declaration *of Kathrine Russell* re: 37 Amended Motion for Class Certification by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Attachments: # 1 Exhibit)(Adams, Matt) Modified on 9/27/2018 to add link and language re: amended motion for class certification (PM). (Entered: 09/26/2018) |
| 09/28/2018 | 71 | NOTICE of Appearance by attorney Sarah S. Wilson on behalf of Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. (Wilson, Sarah) (Entered: 09/28/2018) |
| 09/28/2018 | 72 | REPLY, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, TO RESPONSE to 37 Amended MOTION to Certify Class (Attachments: # 1 Citation Dist. Ct. decision cited to)(Adams, Matt) (Entered: 09/28/2018) |
| 09/28/2018 | 73 | DECLARATION of Yolany Padilla filed by Plaintiff Yolany Padilla re 37 Amended MOTION to Certify Class (Adams, Matt) (Entered: 09/28/2018) |
| 09/28/2018 | 74 | DECLARATION of Ibis Guzman filed by Plaintiff Ibis Guzman re 37 Amended MOTION to Certify Class (Adams, Matt) (Entered: 09/28/2018) |
| 09/28/2018 | 75 | Second DECLARATION of Blanca Orantes filed by Plaintiff Blanca Orantes re 37 Amended MOTION to Certify Class (Adams, Matt) (Entered: 09/28/2018) |
| 09/28/2018 | 76 | REPLY, filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services, TO RESPONSE to 36 MOTION to Dismiss (Wilson, Sarah) (Entered: 09/28/2018) |
| 10/01/2018 | 77 | Stipulated MOTION *Regarding Motion for Preliminary Injunction Briefing Schedule*, filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. Noting Date 10/1/2018, (Bingham, Lauren) (Entered: 10/01/2018) |

ER-172

| | | |
|---|---|---|
| 10/03/2018 | 78 | ORDER re: parties' 77 Stipulated Motion. Defendants' response to Plaintiffs' 45 MOTION for Preliminary Injunction due 10/17/2018; Plaintiffs' reply due 10/26/2018; Plaintiffs' 45 MOTION for Preliminary Injunction is re-noted for 10/26/2018. Signed by Judge Marsha J. Pechman. (PM) (Entered: 10/04/2018) |
| 10/11/2018 | 79 | Stipulated MOTION *Regarding Exchange of Initial Disclosures and Submission of 26(f) report*, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. Noting Date 10/11/2018, (Adams, Matt) (Entered: 10/11/2018) |
| 10/15/2018 | 80 | NOTICE of Appearance by attorney Aaron Korthuis on behalf of Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Korthuis, Aaron) (Entered: 10/15/2018) |
| 10/15/2018 | 81 | STIPULATION AND ORDER *Regarding Exchange of Initial Disclosures and Submission of 26(f) Report* re parties' 79 Stipulated Motion. The parties shall exchange initial disclosures by November 5, 2018. The parties shall submit their 26(f) report by November 12, 2018. Signed by Judge Marsha J. Pechman. (TH) (Entered: 10/15/2018) |
| 10/17/2018 | 82 | RESPONSE, by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services, to 45 MOTION for Preliminary Injunction . (Wilson, Sarah) (Entered: 10/17/2018) |
| 10/18/2018 | 83 | MOTION for Relief *from Deadlines*, filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. (Attachments: # 1 Proposed Order) Noting Date 10/26/2018, (Bingham, Lauren) (Entered: 10/18/2018) |
| 10/24/2018 | 84 | RESPONSE, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, to 83 MOTION for Relief *from Deadlines*. (Korthuis, Aaron) (Entered: 10/24/2018) |
| 10/26/2018 | 85 | REPLY, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, TO RESPONSE to 45 MOTION for Preliminary Injunction (Adams, Matt) (Entered: 10/26/2018) |
| 10/26/2018 | 86 | RESPONSE, filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services, TO REPLY to 83 MOTION for Relief *from Deadlines* (Bingham, Lauren) (Entered: 10/26/2018) |
| 11/07/2018 | | Set Oral Argument on 36 MOTION to Dismiss : Motion Hearing set for 11/20/2018 at 1:30 PM before Judge Marsha J. Pechman. (LW) (Entered: 11/07/2018) |
| 11/07/2018 | 87 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Glenda Melinda Aldana Madrid for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Aldana Madrid, Glenda) (Entered: 11/07/2018) |

ER-173

WAWD CM/ECF Version 1.7.0.2

| | | |
|---|---|---|
| 11/09/2018 | 88 | Joint Stipulated MOTION *Regarding 26(f) Report*, filed by Defendants L. Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. Noting Date 11/9/2018, (Bingham, Lauren) (Entered: 11/09/2018) |
| 11/14/2018 | 89 | JOINT STIPULATION AND ORDER regarding submission of 26(f) report re parties' 88 Stipulated Motion: The parties shall submit their 26(f) within two weeks of Court's ruling on pending motion for certification. Signed by Judge Marsha J. Pechman.(SWT) (Entered: 11/14/2018) |
| 11/20/2018 | 90 | MINUTE ENTRY for proceedings held before Judge Marsha J. Pechman- Dep Clerk: *Lowell Williams*; Pla Counsel: *Matt Adams, Leila Kang, Aaron Korthuis, Trina Realmuto (by phone)*; Def Counsel: *Sarah Wilson, Brianna Evans*; CR: *Andrea Ramirez*; Time of Hearing: *1:30 PM*; **Motion Hearing** held on 11/20/2018 re 36 MOTION to Dismiss filed by Jefferson Beauregard Sessions, III, US Immigration and Customs Enforcement, Thomas Homan, L. Francis Cissna, US Department of Homeland Security, James Janecka, Marc J Moore, David Shinn, Charles Ingram, Lowell Clark, Kirstjen Nielsen, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K. McAleenan, United StatesCitizenship and Immigration Services. Court hears argument from counsel and takes matter under advisement. Court advises counsel that its ruling will issue in 14 days. (LW) (Entered: 11/20/2018) |
| 12/11/2018 | 91 | ORDER granting in part and denying in part Defendants' 36 Motion to Dismiss. Plaintiffs' claims relating to violations of the Administrative Procedures Act are DISMISSED with prejudice (except as to the claims of the Bond Hearing class for certain procedural safeguards); the motion to dismiss the remainder of Plaintiffs' claims is DENIED. Signed by Judge Marsha J. Pechman. (PM) (Entered: 12/11/2018) |
| 12/26/2018 | 92 | MOTION for Reconsideration re 91 Order on Motion to Dismiss, , filed by Defendants L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. (Attachments: # 1 Proposed Order) Noting Date 12/26/2018, (Wilson, Sarah) (Entered: 12/26/2018) |
| 12/26/2018 | 93 | MOTION for Extension of Time to File Answer , filed by Defendants L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. (Attachments: # 1 Proposed Order) Noting Date 1/4/2019, (Wilson, Sarah) (Entered: 12/26/2018) |
| 01/03/2019 | 94 | NOTICE of Change of Address/Change of Name of Attorney Trina Realmuto. Filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Realmuto, Trina) Modified address on 1/3/2019 (DS). (Entered: 01/03/2019) |
| 01/04/2019 | 95 | NOTICE of Change of Address/Change of Name of Attorney Kristin Macleod-Ball. Filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Macleod-Ball, Kristin) (Entered: 01/04/2019) |
| 01/04/2019 | 96 | MINUTE ORDER directing Plaintiffs to respond to Defendants' 92 MOTION for Reconsideration. Response due 1/18/2019. The 92 Motion for Reconsideration is re-noted |

for 1/18/2019. Authorized by Judge Marsha J. Pechman. (PM) (Entered: 01/04/2019)

| 01/04/2019 | 97 | ORDER granting the Government's 93 Motion to extend the answer deadline. The answer deadline in this case is extended until seven days after Congress restores appropriations to the Department of Justice. Signed by Judge Marsha J. Pechman. (PM) (Entered: 01/04/2019) |
| 01/18/2019 | 98 | RESPONSE, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, to 92 MOTION for Reconsideration re 91 Order on Motion to Dismiss, . (Kang, Leila) (Entered: 01/18/2019) |
| 02/04/2019 | 99 | ANSWER to 26 Amended Complaint,, by L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services.(Wilson, Sarah) (Entered: 02/04/2019) |
| 02/12/2019 | 100 | ORDER denying Defendants' 92 Motion for Reconsideration. Signed by Judge Marsha J. Pechman. (PM) (Entered: 02/12/2019) |
| 03/06/2019 | 101 | ORDER denying Defendants' 83 Motion for Relief from Deadlines. The parties shall submit their Rule 26(f) report within two weeks of the Court's ruling on the pending motion for class certification. (See Dkt. No. 89 .) Signed by Judge Marsha J. Pechman. (PM) (Entered: 03/06/2019) |
| 03/06/2019 | 102 | ORDER granting Plaintiffs' 37 Amended Motion for Class Certification. It is further ORDERED that Plaintiffs Padilla, Guzman, Orantes and Vasquez are designated as representatives of the Credible Fear Interview Class; Plaintiffs Orantes and Vasquez as representatives of the Bond Hearing Class; and Plaintiffs' counsel as class counsel. Signed by Judge Marsha J. Pechman. (PM) (Entered: 03/06/2019) |
| 03/12/2019 | 103 | NOTICE of Hearing 45 MOTION for Preliminary Injunction : ORAL ARGUMENT/Motion Hearing set for 3/26/2019 at 03:00 PM in Courtroom 14206 before Judge Marsha J. Pechman. Each side is allowed 20 minutes for argument, including rebuttal. (RM) (Entered: 03/12/2019) |
| 03/13/2019 | 104 | NOTICE of Request for Video Recording of Hearing on Motion for Preliminary Injunction on 3/26/2019 at 3:00 PM before Marsha J. Pechman. Parties must submit PARTY RESPONSE TO REQUEST FOR VIDEO RECORDING before 3/18/2019. **Please Note: This form must not be filed electronically with the Court.** (RM) (Entered: 03/13/2019) |
| 03/19/2019 | 105 | NOTIFICATION REGARDING PROPOSED VIDEO RECORDING. All parties have consented to the video recording of the hearing on the motion for preliminary injunction on 3/26/2019 at 3:00 PM. Unless otherwise ordered by the presiding judge, the proceeding will be video recorded as part of the CAMERAS Pilot Project. (RM) (Entered: 03/19/2019) |
| 03/20/2019 | 106 | JOINT STATUS REPORT signed by all parties estimated Trial Days: 5-10. Filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez.(Adams, Matt) (Entered: 03/20/2019) |
| 03/26/2019 | 107 | MINUTE ENTRY for proceedings held before Judge Marsha J. Pechman- Dep Clerk: *Rhonda Miller*; Pla Counsel: *Aaron Korthuis, Leila Kang, Matt Adams*; Def Counsel: *Lauren Bingham, Brianna Evans*; CR: *Nicki Drury*; **Motion Hearing** held on 3/26/2019 45 MOTION for Preliminary Injunction filed by Baltazar Vasquez, Blanca Orantes, Ibis |

| | | |
|---|---|---|
| | | Guzman, Yolany Padilla. Oral argument presented. Court will issue order within 14 days. (RM) (Entered: 03/27/2019) |
| 03/28/2019 | 108 | ORDER SETTING TRIAL DATE AND RELATED DATES; Length of Trial: *5-10 DAY* Bench Trial is set for 10/19/2020 at 09:00 AM in Courtroom 14206 before Judge Marsha J. Pechman. Joinder of Parties due by 4/25/2019, Proposed ESI order due 4/29/2019, Amended Pleadings due by 5/22/2019, Completion of fact discovery by 11/20/2019, Completion of expert discovery by 3/19/2020, Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 3/23/2020, Motions due by 4/22/2020, Dispositive motions due by 5/22/2020, Motions in Limine due by 9/14/2020, Pretrial Order due by 10/7/2020, Trial briefs to be submitted by 10/7/2020, Proposed Findings of Fact and Conclusions of Law to be submitted by 10/7/2020, Pretrial Conference set for 10/9/2020 at 01:30 PM in Courtroom 14206 before Judge Marsha J. Pechman. (RM) (Entered: 03/28/2019) |
| 04/02/2019 | | Pursuant to Federal Rule of Civil Procedure 25(d), William P Barr is substituted for United States Attorney General Jefferson Beauregard Sessions, III. The docket has been updated. (PM) (Entered: 04/02/2019) |
| 04/03/2019 | 109 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Oral Argument on Request for Preliminary Injunction held on 3/26/2019 before Judge Marsha J. Pechman. <br><br> Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov. <br><br> To purchase a copy of the transcript, contact court reporter Nickoline Drury, nickoline_drury@wawd.uscourts.gov, 206-370-8508. <br><br> Release of Transcript Restriction set for 7/2/2019, (ND) (Entered: 04/03/2019) |
| 04/05/2019 | 110 | ORDER granting plaintiffs' 45 Motion for Preliminary Injunction, signed by Judge Marsha J. Pechman. (SWT) (Entered: 04/05/2019) |
| 04/22/2019 | 111 | Stipulated MOTION *Regarding Briefing Deadlines for Motion to Vacate*, filed by Defendants William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. Noting Date 4/22/2019, (Bingham, Lauren) (Entered: 04/22/2019) |
| 04/22/2019 | 112 | NOTICE of Appearance by attorney Archith Ramkumar on behalf of Defendants Alex M. Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. (Ramkumar, Archith) (Entered: 04/22/2019) |

ER-176

| | | |
|---|---|---|
| 04/23/2019 | 113 | ORDER re: parties' 111 Stipulated Motion Regarding Briefing Schedule for Defendants' Forthcoming Motion to Vacate. April 26, 2019: Deadline for Defendants' Motion to Vacate; May 10, 2019: Deadline for Plaintiffs' Opposition to Defendants' Motion to Vacate; May 15, 2019: Deadline for Defendants' reply in support of their Motion to Vacate. Compliance with the Preliminary Injunction 110 entered on April 5, 2019, is hereby STAYED until May 31, 2019. Signed by Judge Marsha J. Pechman. (PM) (Entered: 04/23/2019) |
| 04/26/2019 | 114 | MOTION to Vacate 110 Order on Motion for Preliminary Injunction , filed by Defendants Alex M. Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United StatesCitizenship and Immigration Services. (Attachments: # 1 Exhibit A: Matter of M-S-, # 2 Proposed Order) Noting Date 5/15/2019, (Ramkumar, Archith) (Entered: 04/26/2019) |
| 04/29/2019 | 115 | STIPULATION AND PROPOSED ORDER *REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION* by parties (Bingham, Lauren) (Entered: 04/29/2019) |
| 05/02/2019 | 116 | MOTION to Amend *Complaint*, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Attachments: # 1 Exhibit Proposed Amended Complaint, # 2 Exhibit Proposed Amended Complaint (redline), # 3 Proposed Order) Noting Date 5/17/2019, (Kang, Leila) (Entered: 05/02/2019) |
| 05/03/2019 | 117 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 11/20/2018 before Judge Marsha J. Pechman. <br><br> Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov. <br><br> To purchase a copy of the transcript, contact court reporter Andrea Ramirez, andrea_ramirez@wawd.uscourts.gov, 206-370-8509. <br><br> Release of Transcript Restriction set for 8/1/2019, (AR) (Entered: 05/03/2019) |
| 05/06/2019 | 118 | STIPULATION AND PROPOSED ORDER *Regarding Discovery of Electronically Stored Information* by parties (Ramkumar, Archith) (Entered: 05/06/2019) |
| 05/07/2019 | 119 | APPLICATION OF ATTORNEY Anand Balakrishnan FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Fee Paid) Receipt No. 0981-5757888 (Adams, Matt) (Entered: 05/07/2019) |
| 05/07/2019 | 120 | APPLICATION OF ATTORNEY Judy Rabinovitz FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Fee Paid) Receipt No. 0981-5757903 (Adams, Matt) (Entered: 05/07/2019) |
| 05/07/2019 | 121 | APPLICATION OF ATTORNEY Michael King Tan FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez |

WAWD CM/ECF Version 1.7.0.2

| | | (Fee Paid) Receipt No. 0981-5757917 (Adams, Matt) (Entered: 05/07/2019) |
|---|---|---|
| 05/07/2019 | 122 | ORDER re 119 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Anand Balakrishnan for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, and Baltazar Vasquez, by Clerk William M McCool. No document associated with this docket entry, text only. *NOTE TO COUNSEL: Local counsel agrees to **sign all filings** and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(DS) (Entered: 05/07/2019) |
| 05/07/2019 | 123 | ORDER re 120 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney ~~Judith Rabinowitz~~ Judy Rabinovitz for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, and Baltazar Vasquez, by Clerk William M McCool. No document associated with this docket entry, text only. *NOTE TO COUNSEL: Local counsel agrees to **sign all filings** and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(DS) Corrected PHV attorney on 5/8/2019 (DS). (Entered: 05/07/2019) |
| 05/07/2019 | 124 | ORDER re 121 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Michael Tan for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, and Baltazar Vasquez, by Clerk William M McCool. No document associated with this docket entry, text only. *NOTE TO COUNSEL: Local counsel agrees to **sign all filings** and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(DS) (Entered: 05/07/2019) |
| 05/07/2019 | 125 | STIPULATION AND ORDER regarding discovery of electronically stored information. Signed by Judge Marsha J. Pechman. (MW) (Entered: 05/07/2019) |
| 05/10/2019 | 126 | RESPONSE, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, to 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction . Oral Argument Requested. (Korthuis, Aaron) (Entered: 05/10/2019) |
| 05/13/2019 | 127 | STIPULATION AND PROPOSED ORDER *Granting Leave to Plaintiffs to File a Third Amended Complaint, Extending the Time for Implementing the Preliminary Injunction Issued by this Court, Staying Discovery, and Setting a Briefing Schedule for Forthcoming Motions* by parties (Ramkumar, Archith) (Entered: 05/13/2019) |
| 05/15/2019 | 128 | REPLY, filed by Defendants Alex M. Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services, TO RESPONSE to 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction (Ramkumar, Archith) (Entered: 05/15/2019) |
| 05/20/2019 | 129 | ORDER granting Plaintiffs' 116 Motion for Leave to Amend the Complaint. Enforcement of the preliminary injunction entered on April 5 (Dkt. 110 ) is further stayed until July 1, 2019. Defendants' deadline to file a Notice of Appeal with respect to the Order granting Plaintiffs' motion for a preliminary injunction is extended from June 4, 2019 to July 5, |

ER-178

| | | |
|---|---|---|
| | | 2019. Discovery is stayed pending consideration of the parties' forthcoming motions. Schedule for Plaintiffs' forthcoming cross- motion to modify the Order granting Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss Plaintiffs' Third Amended Complaint is as follows: Plaintiffs' cross-motion to modify due 5/28/2019; Defendants' opposition to Plaintiffs' cross-motion due 6/10/2019; Plaintiffs' reply in support of their cross-motion due 6/14/2019; Defendants' motion to dismiss Third Amended Complaint due 6/3/2019; Plaintiffs' opposition to Defendants' motion due 6/17/2019; Defendants' reply in support of their motion to dismiss due 6/21/2019. Signed by Judge Marsha J. Pechman. (PM) (Entered: 05/20/2019) |
| 05/20/2019 | 130 | Third AMENDED COMPLAINT *Class Action for Injunctive and Declaratory Relief* against All Defendants, filed by Ibis Guzman, Yolany Padilla, Blanca Orantes, Baltazar Vasquez.(Adams, Matt) (Entered: 05/20/2019) |
| 05/20/2019 | | Parties Thomas Homan (Acting Director of ICE) and Marc J Moore (Seattle Field Office Director, ICE) terminated per 130 Third Amended Complaint. (MW) (Entered: 05/21/2019) |
| 05/28/2019 | 131 | Cross MOTION for Modification of the Existing Preliminary Injunction re 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction , 110 Order on Motion for Preliminary Injunction , filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 6/14/2019, (Kang, Leila) (Entered: 05/28/2019) |
| 05/28/2019 | 132 | DECLARATION of David Hausman filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 131 Cross MOTION for Modification of the Existing Preliminary Injunction re 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction , 110 Order on Motion for Preliminary Injunction (Kang, Leila) (Entered: 05/28/2019) |
| 05/28/2019 | 133 | DECLARATION of Allen S. Keller filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 131 Cross MOTION for Modification of the Existing Preliminary Injunction re 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction , 110 Order on Motion for Preliminary Injunction (Kang, Leila) (Entered: 05/28/2019) |
| 05/28/2019 | 134 | DECLARATION of Michelle Brane filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez re 131 Cross MOTION for Modification of the Existing Preliminary Injunction re 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction , 110 Order on Motion for Preliminary Injunction (Kang, Leila) (Entered: 05/28/2019) |
| 05/30/2019 | 135 | NOTICE of Hearing 131 Cross MOTION for Modification of the Existing Preliminary Injunction & 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction : ORAL ARGUMENT/Motion Hearing set for 6/28/2019 at 10:00 AM in Courtroom 14206 before Judge Marsha J. Pechman. Each side is allowed 30 minutes for argument, including rebuttal. (RM) (Entered: 05/30/2019) |
| 06/03/2019 | 136 | MOTION to Dismiss , filed by Defendants Matthew T. Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K. McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Attachments: # 1 Proposed Order) Noting Date 6/21/2019, (Bingham, Lauren) (Entered: 06/03/2019) |
| 06/03/2019 | 137 | DECLARATION of Russell Hott filed by Defendants Matthew T. Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, |

| | | Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K. McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services re 136 MOTION to Dismiss (Bingham, Lauren) (Entered: 06/03/2019) |
|---|---|---|
| 06/04/2019 | 138 | NOTICE OF RESCHEDULED HEARING TIME. The Hearing time has been changed regarding 131 Cross MOTION for Modification of the Existing Preliminary Injunction & 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction : ORAL ARGUMENT/Motion Hearing set for 6/28/2019 at 9:00 AM in Courtroom 14206 before Judge Marsha J. Pechman. Each side is allowed 30 minutes for argument, including rebuttal.(RM) (Entered: 06/04/2019) |
| 06/10/2019 | 139 | RESPONSE, by Defendants Matthew T. Albence, Alex M. Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, John P. Sanders, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services, to 131 Cross MOTION for Modification of the Existing Preliminary Injunction re 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction , 110 Order on Motion for Preliminary Injunction . (Ramkumar, Archith) (Entered: 06/10/2019) |
| 06/14/2019 | 140 | REPLY, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, TO RESPONSE to 131 Cross MOTION for Modification of the Existing Preliminary Injunction re 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction , 110 Order on Motion for Preliminary Injunction (Attachments: # 1 Citation Attachment 1)(Kang, Leila) (Entered: 06/14/2019) |
| 06/17/2019 | 141 | RESPONSE, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, to 136 MOTION to Dismiss . Oral Argument Requested. (Korthuis, Aaron) (Entered: 06/17/2019) |
| 06/21/2019 | 142 | REPLY, filed by Defendants Matthew T. Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K. McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services, TO RESPONSE to 136 MOTION to Dismiss (Bingham, Lauren) (Entered: 06/21/2019) |
| 06/25/2019 | 143 | Joint Stipulated MOTION *Regarding Preliminary Injunction Implementation*, filed by Defendants Matthew T. Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K. McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. Noting Date 6/25/2019, (Bingham, Lauren) (Entered: 06/25/2019) |
| 06/26/2019 | 144 | NOTICE of Request for Video Recording regarding hearing on 131 Cross MOTION for Modification of the Existing Preliminary Injunction & 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction on 6/28/2019 at 9:00 before Marsha J. Pechman. Parties must submit PARTY RESPONSE TO REQUEST FOR VIDEO RECORDING before 6/27/2019 at 3:00 PM. **Please Note: This form must not be filed electronically with the Court.** (RM) (Entered: 06/26/2019) |

ER-180

| | | |
|---|---|---|
| 06/27/2019 | 145 | NOTIFICATION REGARDING PROPOSED VIDEO RECORDING. At least one party or the presiding judge has opposed the request to video record. The hearing regarding 131 Cross MOTION for Modification of the Existing Preliminary Injunction & 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction scheduled on 6/28/2019 at 9:00 AM in Courtroom 14206 before Judge Marsha J. Pechman will not be video recorded. (RM) (Entered: 06/27/2019) |
| 06/28/2019 | 146 | ORDER re: parties' 143 Joint Stipulated Motion Regarding Preliminary Injunction Implementation. Based on the foregoing stipulation of the parties, IT IS SO ORDERED. Compliance with the preliminary injunction is STAYED until July 8, 2019. Signed by Judge Marsha J. Pechman. (PM) (Entered: 06/28/2019) |
| 06/28/2019 | 147 | MINUTE ENTRY for proceedings held before Judge Marsha J. Pechman- Dep Clerk: *Rhonda Miller*; Pla Counsel: *Aaron Korthuis, Leila Kang, Anand Balakrishnan, Matt Adams*; Def Counsel: *Lauren Bingham, Brianna Evans*; CR: *Debbie Zurn*. **Motion Hearing** held on 6/28/2019 regarding 131 Cross MOTION for Modification of the Existing Preliminary Injunction & 114 MOTION to Vacate 110 Order on Motion for Preliminary Injunction. Oral argument presented. Court will issue written order. (RM) (Entered: 06/28/2019) |
| 07/01/2019 | 148 | NOTICE of Supplemental Authority re 141 Response to Motion, 126 Response to Motion, 140 Reply to Response to Motion, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Kang, Leila) (Entered: 07/01/2019) |
| 07/02/2019 | 149 | ORDER on Motions re: Preliminary Injunction (Dkts. 114 , 131 ). The Court GRANTS the requested relief. The preliminary injunction, as modified, will enter into effect 14 days from the date of this order. (See Order for details). Signed by Judge Marsha J. Pechman. (SWT) (Entered: 07/02/2019) |
| 07/03/2019 | 150 | NOTICE OF APPEAL (19-35565) to Ninth Circuit re 149 Order on Motion to Vacate,, Order on Motion for Miscellaneous Relief, 110 Order on Motion for Preliminary Injunction by Defendants Matthew T. Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K. McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Bingham, Lauren) Modified on 7/8/2019 to add CCA# (GT). (Entered: 07/03/2019) |
| 07/05/2019 | 151 | USCA Case Number 19-35565 for 150 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T. Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K. McAleenan, John P. Sanders. (GT) (Entered: 07/08/2019) |
| 07/09/2019 | 152 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Joseph A. Darrow for Defendants Matthew T. Albence, Alex M. Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K. McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, John P. Sanders, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Darrow, Joseph) (Entered: 07/09/2019) |
| 07/09/2019 | 153 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 6/28/2019 before Judge Marsha J. Pechman. |

| | | |
|---|---|---|
| | | Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript, contact court reporter Debbie Zurn, debbie_zurn@wawd.uscourts.gov, 206-370-8504.<br><br>Release of Transcript Restriction set for 10/7/2019, (DZ) (Entered: 07/09/2019) |
| 07/12/2019 | 154 | ORDER OF USCA (19-35565) staying the district court's orders 110 149 re: Preliminary Injunction, re: 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T. Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K. McAleenan, John P. Sanders. (GT) Modified on 7/12/2019 to link to orders being stayed (PM). (Entered: 07/12/2019) |
| 07/22/2019 | 155 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T. Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K. McAleenan, John P. Sanders. (GT) (Entered: 07/22/2019) |
| 07/23/2019 | 156 | MINUTE ORDER terminating the Government's 136 Motion to Dismiss while the appeal is pending. Once the appeal is resolved, the Government is directed to re-file its motion to dismiss if it still wishes the Court to rule upon it. Authorized by Judge Marsha J. Pechman. (PM) (Entered: 07/23/2019) |
| 08/28/2019 | 157 | STIPULATION AND PROPOSED ORDER *Clarifying Scope of Class* by parties (Bingham, Lauren) (Entered: 08/28/2019) |
| 08/29/2019 | 158 | JOINT STIPULATION AND ORDER CLARIFYING SCOPE OF CLASS re parties' 157 Stipulation. The Court hereby CLARIFIES that the Bond Hearing Class includes individuals who otherwise satisfy the requirements for class membership but were determined to have a credible fear of torture, rather than only individuals determined to have a credible fear of persecution. Accordingly, the preliminary injunction in this case (as partially stayed by the Ninth Circuit), applies to these individuals. Signed by Judge Marsha J. Pechman. (PM) (Entered: 08/29/2019) |
| 12/10/2019 | 159 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Leila Kang for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Kang, Leila) (Entered: 12/10/2019) |
| 03/27/2020 | 160 | OPINION FROM USCA (19-35565) (NOT THE MANDATE) as to 150 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and |

ER-182

| | | |
|---|---|---|
| | | Border Protection, Kevin K McAleenan, John P. Sanders. **AFFIRMED IN PART; VACATED AND REMANDED IN PART** (CDA) (Entered: 03/27/2020) |
| 05/04/2020 | 161 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. (CDA) (Entered: 05/04/2020) |
| 06/15/2020 | 162 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. (CDA) (Entered: 06/16/2020) |
| 07/28/2020 | 163 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. (CDA) (Entered: 07/29/2020) |
| 09/10/2020 | 164 | Joint STATUS REPORT *and Proposed Order Staying Case* by Defendants Matthew T Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services (Bingham, Lauren) (Entered: 09/10/2020) |
| 09/11/2020 | 165 | ORDER STAYING CASE: This case is STAYED during the pendency of the Government's petition for writ of certiorari at the Supreme Court. The parties are directed to confer and file a status report within seven (7) days of the issuance of the certified copy of the judgment of the Supreme Court decision denying the petition, or issuing a decision on the merits. Signed by Judge Marsha J. Pechman. (LH) (Entered: 09/11/2020) |
| 10/21/2020 | 166 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Archith Ramkumar for Defendants Matthew T Albence, Alex M Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, John P. Sanders, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Ramkumar, Archith) (Entered: 10/21/2020) |
| 12/07/2020 | 167 | MANDATE OF USCA (19-35565) as to 150 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders, 160 Memorandum/Opinion from USCA. The judgment of this Court, entered March 27, 2020, takes effect this date. This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal |

ER-183

| | | |
|---|---|---|
| | | Rules of Appellate Procedure. **AFFIRMED IN PART; VACATED AND REMANDED IN PART.** (RE) (Entered: 12/07/2020) |
| 02/22/2021 | 168 | JOINT STATUS REPORT signed by all parties. (Bingham, Lauren) (Entered: 02/22/2021) |
| 07/07/2021 | 169 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey et al. The parties joint motion to hold this appeal in abeyance for a further 60 days is GRANTED. The Court will not consider further requests to hold the case in abeyance absent extraordinary circumstances. This appeal is referred to the Circuit Mediator for the period of the time extension to explore whether the appeal can be resolved through negotiation between the parties. (CDA) (Entered: 07/07/2021) |
| 09/09/2021 | 170 | STATUS REPORT ORDER. The Court ORDERS the Parties to meet and confer and file a joint status report within 7 days of entry of this Order to update the Court on the status of the appeal and to advise the Court on any proposed deadlines and actions the Parties wish the Court to consider. Signed by Judge Marsha J. Pechman. (PM) (Entered: 09/09/2021) |
| 09/10/2021 | 171 | JOINT STATUS REPORT signed by all parties. (Bingham, Lauren) (Entered: 09/10/2021) |
| 09/13/2021 | 172 | ORDER CONTINUING STAY OF CASE re: 171 Joint Status Report. This case is STAYED during the pendency of mediation and any further proceedings at the Ninth Circuit. The parties are directed to confer and file a status report every ninety (90) days from the date of this Order or within fourteen (14) days of the resolution of mediation or of other proceedings at the Ninth Circuit. Signed by Judge Marsha J. Pechman. (PM) (Entered: 09/13/2021) |
| 09/23/2021 | 173 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. The Clerk is directed to temporarily close this courts docket for administrative purposes until December 29, 2021. This administrative closure is not a decision on the merits and no mandate will issue in connection with this order. At any time, any party may request that this appeal be reopened. On or before October 22, 2021, counsel is requested to contact the mediator by email (Chris_Goelz@ca9.uscourts.gov) to report on the status of the case. (RE) (Entered: 09/24/2021) |
| 12/14/2021 | 174 | JOINT STATUS REPORT signed by all parties. (Bingham, Lauren) (Entered: 12/14/2021) |
| 12/15/2021 | 175 | STATUS REPORT ORDER. The Court continues the stay in this matter and ORDERS the Parties to meet and confer and file a joint status report within 90 days of entry of this order or within 14 days of the resolution of mediation or of other proceedings at the Ninth Circuit, whichever is earlier. Signed by Judge Marsha J. Pechman. (SB) (Entered: 12/15/2021) |
| 03/14/2022 | 176 | JOINT STATUS REPORT signed by all parties. (Bingham, Lauren) (Entered: 03/14/2022) |
| 03/14/2022 | 177 | STATUS REPORT ORDER. The Court continues the stay in this matter and ORDERS the Parties to meet and confer and file a joint status report within 90 days of entry of this order or within 14 days of the resolution of mediation or of other proceedings at the Ninth Circuit, whichever is earlier. Signed by Judge Marsha J. Pechman. (SB) (Entered: 03/14/2022) |

| | | |
|---|---|---|
| 05/09/2022 | 178 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. (RE) (Entered: 05/10/2022) |
| 06/06/2022 | 179 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. (RE) (Entered: 06/07/2022) |
| 06/13/2022 | 180 | Joint STATUS REPORT by Defendants Matthew T Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services (Bingham, Lauren) (Entered: 06/13/2022) |
| 06/30/2022 | 181 | ORDER OF USCA (19-35565) as to 150 Notice of Appeal,, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. (RE) (Entered: 07/01/2022) |
| 07/29/2022 | 182 | MANDATE/ORDER OF USCA (19-35565) as to 150 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, Matthew T Albence, US Department of Homeland Security, William P Barr, James Janecka, David Shinn, Charles Ingram, United States Citizenship and Immigration Services, Lowell Clark, L Francis Cissna, Executive Office for Immigration Review, US Customs and Border Protection, Kevin K McAleenan, John P. Sanders. The Supreme Court has vacated the judgment of this Court, 953 F.3d 1134, and remanded this case to us for further consideration in light of Department of Homeland Security v. Thuraissigiam, 140 S. Ct. 1959 (2020), see Immigr. & Customs Enft v. Padilla, 141 S. Ct. 1041, 104142 (2021). Therefore, we remand this case to the district court with instructions to vacate the preliminary injunction and for further consideration in light of the Supreme Courts decisions in Biden v. Texas, 142 S. Ct. 2528 (2022), Garland v. Aleman Gonzalez, 142 S. Ct. 2057 (2022), and Department of Homeland Security v. Thuraissigiam, 140 S. Ct. 1959 (2020). This order shall constitute the mandate of the Court. (RE) (Entered: 07/29/2022) |
| 07/29/2022 | 183 | ORDER Vacating Preliminary Injunction and Directing Filing of Joint Status Report. The Court VACATES the preliminary injunction. (Dkt. No. 110 .) The Court further ORDERS the Parties to meet and confer and file a Joint Status Report setting forth the Parties' respective positions as to what briefing they would like to file to address the authority cited by the Ninth Circuit's Order and the Parties' proposed trial date and case deadlines that the Court should set. The Court urges the Parties to reach agreement on any proposed briefing and case deadlines, as well as a trial date. The Joint Status Report must be filed by no later than 8/19/2022. Signed by Judge Marsha J. Pechman. (SB) (Entered: 07/29/2022) |
| 08/01/2022 | 184 | APPLICATION OF ATTORNEY Emma C. Winger FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez (Fee Paid) Receipt No. AWAWDC-7648616 (Adams, Matt) (Entered: 08/01/2022) |

WAWD CM/ECF Version 1.7.0.2

| 08/01/2022 | 185 | ORDER re 184 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Emma C Winger for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, and Baltazar Vasquez by Clerk Ravi Subramanian. No document associated with this docket entry, text only. <br><br> *NOTE TO COUNSEL: Local counsel agrees to **sign all filings** and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).* (JWC) (Entered: 08/01/2022) |
|---|---|---|
| 08/19/2022 | 186 | Joint Stipulated MOTION *TO EXTEND DEADLINE TO RESPOND TO COURTS 7/29/22 ORDER*, filed by Defendants William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Charles Ingram, James Janecka, Kevin K McAleenan, John P. Sanders, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. Noting Date 8/19/2022, (Bingham, Lauren) (Entered: 08/19/2022) |
| 08/19/2022 | 187 | ORDER re Parties' 186 Joint Stipulated MOTION to Extend Deadline to Respond to Court's 7/29/2022 Order. The deadline to file the Joint Status Report setting forth the Parties' respective positions as to what briefing they would like to file to address the authority cited by the Ninth Circuit's 6/30/2022 Order and the Parties' proposed trial date and case deadlines that the Court should set is extended to 9/2/2022. Signed by Judge Marsha J. Pechman. (SB) (Entered: 08/19/2022) |
| 09/02/2022 | 188 | JOINT STATUS REPORT signed by all parties. Estimated Trial Days: 0. (Wilson, Sarah) (Entered: 09/02/2022) |
| 09/06/2022 | 189 | ORDER for Further Status Reports. The parties are required to submit a further status report on or before Friday, 9/30/2022 to propose a path forward for settlement discussions or propose the next steps for the litigation. Signed by Judge Marsha J. Pechman. (SB) (Entered: 09/06/2022) |
| 09/30/2022 | 190 | NOTICE of Appearance by attorney Jesi J Carlson on behalf of Defendants Matthew T Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K McAleenan, Marc J Moore, Kirstjen M Nielsen, John P. Sanders, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Carlson, Jesi) (Entered: 09/30/2022) |
| 09/30/2022 | 191 | JOINT STATUS REPORT signed by all parties. (Carlson, Jesi) (Entered: 09/30/2022) |
| 10/03/2022 | 192 | MINUTE ORDER. The Court has reviewed the Parties' Joint Status Report (Dkt. No. 191 ). The Parties request another 60 day extension by which to submit a Joint Status Report as required by the Court in its July 29th Order (Dkt. No. 183 ). The Court GRANTS the extension. The Joint Status Report as required by the July 29th Order must be filed by no later than 11/29/2022. No further extension of this deadline shall be granted. Authorized by Judge Marsha J. Pechman. (SB) (Entered: 10/03/2022) |
| 11/29/2022 | 193 | JOINT STATUS REPORT signed by all parties. (Carlson, Jesi) (Entered: 11/29/2022) |
| 12/01/2022 | 194 | ORDER denying Request for Referral to Mediation. This matter comes before the Court on the Parties' Joint Status Report, which includes a request for the Court to order this case to mediation. (Dkt. No. 193 .) The Court DENIES this request. The Parties must file a Joint Status Report as required by the July 29th Order by no later than 12/7/2022. |

**ER-186**

|  |  |  |
|---|---|---|
|  |  | Failure to do so may result in sanctions. Signed by Judge Marsha J. Pechman. (SB) (Entered: 12/01/2022) |
| 12/07/2022 | 195 | JOINT STATUS REPORT signed by all parties. Estimated Trial Days: 5-10. (Carlson, Jesi) (Entered: 12/07/2022) |
| 01/06/2023 | 196 | MOTION to Amend *Complaint*, filed by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Attachments: # 1 Proposed Order, # 2 Amended Complaint (redline version), # 3 Amended Complaint (clean version)) Noting Date 1/6/2023, (Korthuis, Aaron) (Entered: 01/06/2023) |
| 01/11/2023 | 197 | ORDER granting Plaintiffs' 196 Motion to Amend Complaint. The Court ORDERS Plaintiffs to file and serve the amended complaint within 14 days of the entry of this Order. Signed by Judge Marsha J. Pechman. (SB) (Entered: 01/11/2023) |
| 01/11/2023 | 198 | Fourth AMENDED COMPLAINT against defendant(s) Matthew T Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, James Janecka, Kevin K McAleenan, John P. Sanders, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services, filed by Ibis Guzman, Yolany Padilla, Blanca Orantes, Baltazar Vasquez.(Korthuis, Aaron) (Entered: 01/11/2023) |
| 02/16/2023 | 199 | CASE SCHEDULING ORDER. 10-Day Bench Trial is set for 11/4/2024 at 9:00 AM before Judge Marsha J. Pechman. Motions related to discovery due by 11/22/2023, Fact Discovery completed by 12/8/2023, Expert Discovery completed by 4/5/2024, Dispositive motions due by 4/26/2024, Motions in Limine due by 9/30/2024, Agreed Pretrial Order due by 10/22/2024, Trial briefs and Proposed Findings of Fact and Conclusions of Law to be submitted by 10/22/2024, Pretrial Conference set for 10/29/2024 at 1:00 PM. Signed by Judge Marsha J. Pechman. (SB) (Entered: 02/16/2023) |
| 03/03/2023 | 200 | MOTION to Dismiss , filed by Defendants Matthew T Albence, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, James Janecka, Kevin K McAleenan, John P. Sanders, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Attachments: # 1 Proposed Order) Noting Date 8/20/2023 4/17/2023, (Bingham, Lauren) Modified on 7/20/2023 (SB). (Entered: 03/03/2023) |
| 03/06/2023 | 201 | NOTICE of Appearance by attorney Glenda M Aldana Madrid on behalf of Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Aldana Madrid, Glenda) (Entered: 03/06/2023) |
| 04/03/2023 | 202 | RESPONSE, by Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez, to 200 MOTION to Dismiss . Oral Argument Requested. (Korthuis, Aaron) (Entered: 04/03/2023) |
| 04/13/2023 | 203 | NOTICE of Appearance by attorney David Kim on behalf of Defendants Matthew T Albence, Alex M Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, John P. Sanders, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Kim, David) (Entered: 04/13/2023) |

ER-187

8/1/24, 5:34 PM            WAWD CM/ECF Version 1.7.0.2

| 04/17/2023 | 204 | REPLY, filed by All Defendants, TO RESPONSE to 200 MOTION to Dismiss (Kim, David) (Entered: 04/17/2023) |
|---|---|---|
| 05/31/2023 | 205 | NOTICE OF WITHDRAWAL OF COUNSEL: Attorney Michael Tan for Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Rabinovitz, Judy) (Entered: 05/31/2023) |
| 07/19/2023 | 206 | Stipulated MOTION *TO HOLD IN ABEYANCE DEFENDANTS' MOTION TO DISMISS THE CREDIBLE FEAR CLASS CLAIMS*, filed by All Plaintiffs. (Attachments: # 1 Proposed Order) Noting Date 7/19/2023, (Adams, Matt) (Entered: 07/19/2023) |
| 07/20/2023 | 207 | ORDER granting Parties' 206 Stipulated MOTION to Hold in Abeyance Defendants' Motion to Dismiss the Credible Fear Class Claims. The Court will hold in abeyance its order on Defendants' Motion to Dismiss (Dkt. 200 ) for 30 days from entry of this Order. The Court will re-note the Motion to Dismiss to 8/20/2023. The Parties may request further time, but must do so by no later than 8/17/2023. Signed by Judge Marsha J. Pechman. (SB) (Entered: 07/20/2023) |
| 07/21/2023 | 208 | NOTICE of Appearance by attorney Leila Kang on behalf of Plaintiffs Ibis Guzman, Blanca Orantes, Yolany Padilla, Baltazar Vasquez. (Kang, Leila) (Entered: 07/21/2023) |
| 08/17/2023 | 209 | Stipulated MOTION *TO CONTINUE TO HOLD IN ABEYANCE DEFENDANTS MOTION TO DISMISS THE CREDIBLE FEAR CLASS CLAIMS*, filed by All Defendants. Noting Date 8/17/2023, (Bingham, Lauren) (Entered: 08/17/2023) |
| 08/17/2023 | 210 | ORDER granting Parties' 209 Stipulated MOTION TO CONTINUE TO HOLD IN ABEYANCE DEFENDANTS MOTION TO DISMISS THE CREDIBLE FEAR CLASS CLAIMS. Signed by Judge Marsha J. Pechman. (SS) (Entered: 08/17/2023) |
| 08/22/2023 | 211 | MINUTE ORDER: The Court ORDERS the Parties to meet and submit a status report regarding Parties' views on holding in abeyance or issue a ruling on portions of the Motion to Dismiss unaffected by the Stipulation and Order (Dkt. Nos. 209 , 210 ) by no later than 8/29/2023. Authorized by Judge Marsha J. Pechman. (SS) (Entered: 08/22/2023) |
| 08/29/2023 | 212 | JOINT STATUS REPORT signed by all parties. (Aldana Madrid, Glenda) (Entered: 08/29/2023) |
| 09/15/2023 | 213 | Stipulated MOTION *to Continue to Hold Defendants' Motion to Dismiss in Abeyance*, filed by All Defendants. (Attachments: # 1 Proposed Order) Noting Date 9/15/2023, (Kim, David) (Entered: 09/15/2023) |
| 09/18/2023 | 214 | ORDER granting Parties' 213 Stipulated MOTION to Continue to Hold Defendants' Motion to Dismiss in Abeyance. The Court will withhold any ruling on the Motion to Dismiss for 30 days following the entry of this Order. But, absent a demonstration of compelling reasons, the Court will not delay the ruling any further. Signed by Judge Marsha J. Pechman. (SB) (Entered: 09/18/2023) |
| 10/18/2023 | 215 | Joint MOTION Joint MOTION for Preliminary Approval of Settlement and Request for Fairness Hearing , filed by All Plaintiffs. (Attachments: # 1 Proposed Order, # 2 Exhibit 1 - Settlement Agreement, # 3 Exhibit 2 - Class Notice) Noting Date 10/18/2023, (Korthuis, Aaron) (Entered: 10/18/2023) |
| 10/30/2023 | 216 | ORDER granting Parties' 215 Joint Motion for Preliminary Approval of Settlement and Request for Fairness Hearing. The Court preliminarily approves the Agreement, provisionally finding that the terms of the Agreement are fair, reasonable, and adequate as required by Fed. R. Civ. P. 23(e)(2), and within the range of possible approval and sufficient to warrant providing notice to the Credible Fear Class. The Court directs that a |

ER-188

| | | hearing be scheduled on 1/5/2024 at 10:00 a.m. (the "Fairness Hearing") to assist the Court in finally determining whether the settlement is fair, reasonable and adequate. Signed by Judge Marsha J. Pechman.(SB) (Entered: 10/30/2023) |
|---|---|---|
| 12/04/2023 | 217 | ORDER on Defendant's 200 Motion to Dismiss. The Court DENIES the Motion as to Counts I, II, and VI. But the Court GRANTS the Motion as to Counts II and V, and DISMISSES them. Signed by Judge Marsha J. Pechman. (KRA) (Entered: 12/04/2023) |
| 12/14/2023 | 218 | Joint Stipulated MOTION *to Extend Answer Deadline*, filed by All Defendants. Noting Date 12/14/2023, (Bingham, Lauren) (Entered: 12/14/2023) |
| 12/15/2023 | 219 | ORDER granting Parties' 218 Joint Stipulated MOTION to Extend Answer Deadline. Defendants' answer deadline is extended to 1/17/2024. Signed by Judge Marsha J. Pechman. (KRA) (Entered: 12/15/2023) |
| 12/21/2023 | 220 | MOTION for Extension of Time to Complete Discovery *and file dispositive motions*, filed by All Plaintiffs. Noting Date 1/5/2024, (Adams, Matt) (Entered: 12/21/2023) |
| 12/22/2023 | 221 | Stipulated MOTION *for Final Approval of Settlement Agreement and to Dismiss Count IV*, filed by All Plaintiffs. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) Noting Date 12/22/2023, (Korthuis, Aaron) (Entered: 12/22/2023) |
| 01/02/2024 | 222 | RESPONSE, by All Defendants, to 220 MOTION for Extension of Time to Complete Discovery *and file dispositive motions*. (Bingham, Lauren) (Entered: 01/02/2024) |
| 01/05/2024 | 223 | MINUTE ORDER granting Plaintiffs' 220 Motion to Modify the Case Schedule. The Court ORDERS the Parties to meet and confer and provide a proposed case schedule by 1/31/2024. The Court will set a new case schedule after reviewing the Parties' submission. Authorized by Judge Marsha J. Pechman. (KRA) (Entered: 01/05/2024) |
| 01/05/2024 | 224 | TRANSCRIPT REQUEST by All Defendants for proceedings held on 1/5/2024. Requesting Attorney: Jesi J Carlson.<br><br>Posting of this Transcript Order form does not constitute an official request for transcript(s). If you have not already done so, you MUST contact the individual court reporter(s), Nickoline Drury (nickoline_drury@wawd.uscourts.gov, 206-370-8508) to make payment arrangements and secure your desired delivery time. (Carlson, Jesi) (Request Form lists incorrect case number) Modified to add note re incorrect case number on 1/8/2024 (KRA). (Entered: 01/05/2024) |
| 01/05/2024 | 225 | ORDER granting Parties' 221 Stipulated MOTION for Final Approval of Settlement Agreement and to Dismiss Count IV. The Court hereby approves the proposed class-wide relief set forth in the Agreement. Signed by Judge Marsha J. Pechman. (KRA) (Entered: 01/05/2024) |
| 01/05/2024 | 226 | MINUTE ENTRY for proceedings held before Judge Marsha J. Pechman- Dep Clerk: *Grant Cogswell*; Pla Counsel: *Matt Adams, Leila Kang, Aaron Korthius, Glenda Madrid*; Def Counsel: *Lauren Bingham, David Kim*; CR: *Nickie Drury*; Time of Hearing: *10:00Am*; Courtroom: *14206*;**Fairness Hearing** held on 1/5/2024. The Court holds a hearing to discuss the Stipulated Motion to Dismiss Count IV and Grant Final Approval of the class action settlement, and whether the agreement is fair, reasonable, and adequate. The rulings made on the record by the Court can be found in a written order at ECF. Dkt. 225 . Also discussed is MOTION for Extension of Time to Complete Discovery and file dispositive motions (ECF. Dkt. 220 ) which is GRANTED by the Court. The rulings made on the record can be found in a written Minute Order at ECF. Dkt. 223 . (GC) (Entered: 01/08/2024) |

ER-189

| | | |
|---|---|---|
| 01/08/2024 | 227 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Fairness Hearing and Motion to Modify Case Schedule held on 1/5/2024 before Judge Marsha J. Pechman.<br><br>Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript, contact court reporter Nickoline Drury, nickoline_drury@wawd.uscourts.gov, 206-370-8508.<br><br>Release of Transcript Restriction set for 4/8/2024, (ND) (Entered: 01/08/2024) |
| 01/16/2024 | 228 | Joint Stipulated MOTION *TO EXTEND DEADLINE TO ANSWER FOURTH AMENDED COMPLAINT*, filed by All Defendants. Noting Date 1/16/2024, (Bingham, Lauren) (Entered: 01/16/2024) |
| 01/17/2024 | 229 | ORDER granting Parties' 228 Joint Stipulated MOTION TO EXTEND DEADLINE TO ANSWER FOURTH AMENDED COMPLAINT. Defendants' answer deadline is extended to 1/19/2024. Signed by Judge James L. Robart. (KRA) (Entered: 01/17/2024) |
| 01/19/2024 | 230 | ANSWER to 198 Amended Complaint, *by all Defendants* by Matthew T Albence. (Wilson, Sarah) (Entered: 01/19/2024) |
| 01/31/2024 | 231 | Joint STATUS REPORT *AND PROPOSED RENEWED JOINT DISCOVERY PLAN SETTING TRIAL DATE & RELATED DATES* by All Defendants (Bingham, Lauren) (Entered: 01/31/2024) |
| 02/02/2024 | 232 | CASE SCHEDULING ORDER. **10-Day Bench Trial is set for 9/15/2025 at 09:00 AM before Judge Marsha J. Pechman.** Motions related to discovery due by 10/1/2024, Fact discovery completed by 11/1/2024, Disclosure of reports from expert witnesses due by 1/10/2025, Rebuttal expert disclosure/reports due by 2/14/2025, Expert discovery completed by 3/14/2025, Dispositive motions due by 5/19/2025, Motions in Limine due by 8/11/2025, Agreed Pretrial Order due by 9/2/2025, Proposed Findings of Fact and Conclusions of Law to be submitted by 9/2/2025, Pretrial Conference set for 9/9/2025 at 01:30 PM. Signed by Judge Marsha J. Pechman. (KRA) (Entered: 02/02/2024) |
| 02/02/2024 | 233 | MOTION to Certify *for Interlocutory Appeal*, filed by All Defendants. (Attachments: # 1 Proposed Order) Noting Date 2/23/2024, (Bingham, Lauren) (Entered: 02/02/2024) |
| 02/20/2024 | 234 | RESPONSE, by All Plaintiffs, to 233 MOTION to Certify *for Interlocutory Appeal*. (Kang, Leila) (Entered: 02/20/2024) |
| 02/23/2024 | 235 | REPLY, filed by All Defendants, TO RESPONSE to 233 MOTION to Certify *for Interlocutory Appeal* (Kim, David) (Entered: 02/23/2024) |
| 03/11/2024 | 236 | ORDER granting Defendant's 233 MOTION to Certify for Interlocutory Appeal. The Court GRANTS the Motion and certifies to the Ninth Circuit for interlocutory appeal the two questions Defendants identify--whether the Court has subject matter jurisdiction and whether Plaintiffs may pursue their constitutional claims. The Court STAYS this matter pending resolution of the appeal. Signed by Judge Marsha J. Pechman. (KRA) (cc: USCA via ad hoc NEF) (Entered: 03/11/2024) |

ER-190

WAWD CM/ECF Version 1.7.0.2

| 03/22/2024 | 237 | USCA CASE NUMBER (24-1736) re Receipt of your Petition for Permission to Appeal. (RE) (Entered: 03/25/2024) |
|---|---|---|
| 04/24/2024 | 238 | NOTICE OF APPEAL to Ninth Circuit (24-1736) (Order Granting Permission to Appeal - entered for clerical purposes only) re 217 Order on Motion to Dismiss by Defendants Executive Office for Immigration Review, Elizabeth Godfrey, James Janecka, US Customs and Border Protection, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (cc: USCA) (RE) (Entered: 04/25/2024) |
| 05/03/2024 | 239 | TIME SCHEDULE ORDER/USCA CASE NUMBER (24-2801) as to 238 Notice of Appeal, filed by Elizabeth Godfrey, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services, US Department of Homeland Security, US Customs and Border Protection, Executive Office for Immigration Review, James Janecka. (RE) (Entered: 05/08/2024) |
| 05/14/2024 | 240 | TRANSCRIPT DESIGNATION (#24-2801) by All Defendants. Requesting Attorney: Sarah S. Wilson. (Wilson, Sarah) (Entered: 05/14/2024) |
| 06/28/2024 | 241 | NOTICE of Appearance by attorney Bichngoc T Do on behalf of Defendants Matthew T Albence, Alex M Azar, II, William P Barr, L Francis Cissna, Lowell Clark, Executive Office for Immigration Review, Elizabeth Godfrey, Thomas Homan, Charles Ingram, James Janecka, Scott Lloyd, Kevin K McAleenan, Marc J Moore, Kirstjen M Nielsen, Office of Refugee Resettlement, John P. Sanders, Jefferson Beauregard Sessions, III, David Shinn, US Customs and Border Protection, US Department of Health and Human Services, US Department of Homeland Security, US Immigration and Customs Enforcement, United States Citizenship and Immigration Services. (Do, Bichngoc) (Entered: 06/28/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/01/2024 14:34:18 | | |
| **PACER Login:** | bichngocthido | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-cv-00928-MJP |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

ER-191