**No. 24-2801**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

YOLANY PADILLA, et al.
Plaintiffs-Appellees,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.
Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

## ADDENDUM TO APPELLANTS' BRIEF

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
SARAH S. WILSON
*Assistant Directors*
LAUREN C. BINGHAM
*Senior Litigation Counsel*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
202-616-4458
DAVID KIM
*Senior Litigation Counsel*
BICHNGOC T. DO
*Trial Attorney*

## TABLE OF CONTENTS

8 U.S.C. § 1225 ...................................................................................................... 2

8 U.S.C. § 1182(d)(5)(A) ...................................................................................... 11

8 U.S.C. § 1252 .................................................................................................... 12

**8 U.S.C. § 1225**

**(a) Inspection**

**(1) Aliens treated as applicants for admission**

An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

**(2) Stowaways**

An arriving alien who is a stowaway is not eligible to apply for admission or to be admitted and shall be ordered removed upon inspection by an immigration officer. Upon such inspection if the alien indicates an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview under subsection (b)(1)(B). A stowaway may apply for asylum only if the stowaway is found to have a credible fear of persecution under subsection (b)(1)(B). In no case may a stowaway be considered an applicant for admission or eligible for a hearing under section 1229a of this title.

**(3) Inspection**

All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers.

**(4) Withdrawal of Application for Admission**

An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States.

**(5) Statements**

An applicant for admission may be required to state under oath any information sought by an immigration officer regarding the purposes and intentions of the

applicant in seeking admission to the United States, including the applicant's intended length of stay and whether the applicant intends to remain permanently or become a United States citizen, and whether the applicant is inadmissible.

**(b) Inspection of applicants for admission**

**(1) Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled**

**(A) Screening**

**(i) In general**

If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

**(ii) Claims for asylum**

If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer under subparagraph (B).

**(iii) Application to certain other aliens**

**(I) In general**

The Attorney General may apply clauses (i) and (ii) of this subparagraph to any or all aliens described in subclause (II) as designated by the Attorney General. Such designation shall be in the sole and unreviewable discretion of the Attorney General and may be modified at any time.

3

**(II) Aliens described**

An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

**(B) Asylum interviews**

**(i) Conduct by asylum officers**

An asylum officer shall conduct interviews of aliens referred under subparagraph (A)(ii), either at a port of entry or at such other place designated by the Attorney General.

**(ii) Referral of certain aliens**

If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum.

**(iii) Removal without further review if no credible fear of persecution**

**(I) In general**

Subject to subclause (III), if the officer determines that an alien does not have a credible fear of persecution, the officer shall order the alien removed from the United States without further hearing or review.

**(II) Record of determination**

The officer shall prepare a written record of a determination under subclause (I). Such record shall include a summary of the material facts as stated by the applicant, such additional facts (if any) relied upon by the officer, and the officer's analysis of why, in the light of such facts, the alien has not established a credible fear of persecution. A copy of the officer's interview notes shall be attached to the written summary.

4

**(III) Review of determination**

The Attorney General shall provide by regulation and upon the alien's request for prompt review by an immigration judge of a determination under subclause (I) that the alien does not have a credible fear of persecution. Such review shall include an opportunity for the alien to be heard and questioned by the immigration judge, either in person or by telephonic or video connection. Review shall be concluded as expeditiously as possible, to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date of the determination under subclause (I).

**(IV) Mandatory detention**

Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.

**(iv) Information about interviews**

The Attorney General shall provide information concerning the asylum interview described in this subparagraph to aliens who may be eligible. An alien who is eligible for such interview may consult with a person or persons of the alien's choosing prior to the interview or any review thereof, according to regulations prescribed by the Attorney General. Such consultation shall be at no expense to the Government and shall not unreasonably delay the process.

**(v) "Credible fear of persecution" defined**

For purposes of this subparagraph, the term "credible fear of persecution" means that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under section 1158 of this title.

**(C) Limitation on administrative review**

Except as provided in subparagraph (B)(iii)(III), a removal order entered in accordance with subparagraph (A)(i) or (B)(iii)(I) is not subject to administrative appeal, except that the Attorney General shall provide by regulation for prompt

5

review of such an order under subparagraph (A)(i) against an alien who claims under oath, or as permitted under penalty of perjury under section 1746 of title 28, after having been warned of the penalties for falsely making such claim under such conditions, to have been lawfully admitted for permanent residence, to have been admitted as a refugee under section 1157 of this title, or to have been granted asylum under section 1158 of this title.

**(D) Limit on collateral attacks**

In any action brought against an alien under section 1325(a) of this title or section 1326 of this title, the court shall not have jurisdiction to hear any claim attacking the validity of an order of removal entered under subparagraph (A)(i) or (B)(iii).

**(E) "Asylum officer" defined**

As used in this paragraph, the term "asylum officer" means an immigration officer who—

**(i)**

has had professional training in country conditions, asylum law, and interview techniques comparable to that provided to full-time adjudicators of applications under section 1158 of this title, and

**(ii)**

is supervised by an officer who meets the condition described in clause (i) and has had substantial experience adjudicating asylum applications.

**(F) Exception**

Subparagraph (A) shall not apply to an alien who is a native or citizen of a country in the Western Hemisphere with whose government the United States does not have full diplomatic relations and who arrives by aircraft at a port of entry.

**(G) Commonwealth of the Northern Mariana Islands**

Nothing in this subsection shall be construed to authorize or require any person described in section 1158(e) of this title to be permitted to apply for asylum under section 1158 of this title at any time before January 1, 2014.

**(2) Inspection of other aliens**

**(A) In general**

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

**(B) Exception**

Subparagraph (A) shall not apply to an alien—

**(i)**

who is a crewman,

**(ii)**

to whom paragraph (1) applies, or

**(iii)**

who is a stowaway.

**(C) Treatment of aliens arriving from contiguous territory**

In the case of an alien described in subparagraph (A) who is arriving on land (whether or not at a designated port of arrival) from a foreign territory contiguous to the United States, the Attorney General may return the alien to that territory pending a proceeding under section 1229a of this title.

**(3) Challenge of decision**

The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

**(c) Removal of aliens inadmissible on security and related grounds**

**(1) Removal without further hearing**

If an immigration officer or an immigration judge suspects that an arriving alien may be inadmissible under subparagraph (A) (other than clause (ii)), (B), or (C) of section 1182(a)(3) of this title, the officer or judge shall—

**(A)**

order the alien removed, subject to review under paragraph (2);

**(B)**

report the order of removal to the Attorney General; and

**(C)**

not conduct any further inquiry or hearing until ordered by the Attorney General.

**(2) Review of order**

**(A)**

The Attorney General shall review orders issued under paragraph (1).

**(B)**

If the Attorney General—

**(i)**

is satisfied on the basis of confidential information that the alien is inadmissible under subparagraph (A) (other than clause (ii)), (B), or (C) of section 1182(a)(3) of this title, and

**(ii)**

after consulting with appropriate security agencies of the United States Government, concludes that disclosure of the information would be prejudicial to the public interest, safety, or security, the Attorney General may order the alien removed without further inquiry or hearing by an immigration judge.

**(C)**

If the Attorney General does not order the removal of the alien under subparagraph (B), the Attorney General shall specify the further inquiry or hearing that shall be conducted in the case.

**(3) Submission of statement and information**

The alien or the alien's representative may submit a written statement and additional information for consideration by the Attorney General.

**(d) Authority relating to inspections**

**(1) Authority to search conveyances**

Immigration officers are authorized to board and search any vessel, aircraft, railway car, or other conveyance or vehicle in which they believe aliens are being brought into the United States.

**(2) Authority to order detention and delivery of arriving aliens** Immigration officers are authorized to order an owner, agent, master, commanding officer, person in charge, purser, or consignee of a vessel or aircraft bringing an alien (except an alien crewmember) to the United States—

**(A)**

to detain the alien on the vessel or at the airport of arrival, and

**(B)**

to deliver the alien to an immigration officer for inspection or to a medical officer for examination.

**(3) Administration of oath and consideration of evidence**

The Attorney General and any immigration officer shall have power to administer oaths and to take and consider evidence of or from any person touching the privilege of any alien or person he believes or suspects to be an alien to enter, reenter, transit through, or reside in the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service.

**(4) Subpoena authority**

**(A)**

The Attorney General and any immigration officer shall have power to require by subpoena the attendance and testimony of witnesses before immigration officers and the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service, and to that end may invoke the aid of any court of the United States.

**(B)**

Any United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer may, in the event of neglect or refusal to respond to a subpoena issued under this paragraph or refusal to testify before an immigration officer, issue an order requiring such persons to appear before an immigration officer, produce books, papers, and documents if demanded, and testify, and any failure to obey such order of the court may be punished by the court as a contempt thereof.

**8 U.S.C. § 1182(d)(5)(A)**

The Attorney General may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

## 8 U.S.C. § 1252

**(a) Applicable provisions**

**(1) General orders of removal**

Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) and except that the court may not order the taking of additional evidence under section 2347(c) of such title.

**(2) Matters not subject to judicial review**

**(A) Review relating to section 1225(b)(1)**

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review--

**(i)**

except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,

**(ii)**

except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of such section,

**(iii)**

the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or

**(iv)**

except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

**(B) Denials of discretionary relief**

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

**(i)**

any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

**(ii)**

any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

**(C) Orders against criminal aliens**

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

**(D) Judicial review of certain legal claims**

Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

### (3) Treatment of certain decisions

No alien shall have a right to appeal from a decision of an immigration judge which is based solely on a certification described in section 1229a(c)(1)(B) of this title.

### (4) Claims under the United Nations Convention

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

### (5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

### (b) Requirements for review of orders of removal

With respect to review of an order of removal under subsection (a)(1), the following requirements apply:

### (1) Deadline

The petition for review must be filed not later than 30 days after the date of the final order of removal.

**(2) Venue and forms**

The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. The record and briefs do not have to be printed. The court of appeals shall review the proceeding on a typewritten record and on typewritten briefs.

**(3) Service**

**(A) In general**

The respondent is the Attorney General. The petition shall be served on the Attorney General and on the officer or employee of the Service in charge of the Service district in which the final order of removal under section 1229a of this title was entered.

**(B) Stay of order**

Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.

**(C) Alien's brief**

The alien shall serve and file a brief in connection with a petition for judicial review not later than 40 days after the date on which the administrative record is available, and may serve and file a reply brief not later than 14 days after service of the brief of the Attorney General, and the court may not extend these deadlines except upon motion for good cause shown. If an alien fails to file a brief within the time provided in this paragraph, the court shall dismiss the appeal unless a manifest injustice would result.

**(4) Scope and standard for review**

Except as provided in paragraph (5)(B)--

**(A)**

the court of appeals shall decide the petition only on the administrative record on which the order of removal is based,

**(B)**

the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,

**(C)**

a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law, and

**(D)**

the Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, as described in section 1158(b)(1)(B), 1229a(c)(4)(B), or 1231(b)(3)(C) of this title, unless the court finds, pursuant to subsection (b)(4)(B), that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.

**(5) Treatment of nationality claims**

**(A) Court determination if no issue of fact**

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

**(B) Transfer if issue of fact**

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

**(C) Limitation on determination**

The petitioner may have such nationality claim decided only as provided in this paragraph.

**(6) Consolidation with review of motions to reopen or reconsider**

When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.

**(7) Challenge to validity of orders in certain criminal proceedings**

**(A) In general**

If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

**(B) Claims of United States nationality**

If the defendant claims in the motion to be a national of the United States and the district court finds that--

**(i)**

no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or

**(ii)**

a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide that claim as if an action had been brought under section 2201 of Title 28.

17

The defendant may have such nationality claim decided only as provided in this subparagraph.

**(C) Consequence of invalidation**

If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 1253(a) of this title. The United States Government may appeal the dismissal to the court of appeals for the appropriate circuit within 30 days after the date of the dismissal.

**(D) Limitation on filing petitions for review**

The defendant in a criminal proceeding under section 1253(a) of this title may not file a petition for review under subsection (a) during the criminal proceeding.

**(8) Construction**

This subsection--

**(A)**

does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) of this title;

**(B)**

does not relieve the alien from complying with section 1231(a)(4) of this title and section 1253(g) of this title; and

**(C)**

does not require the Attorney General to defer removal of the alien.

**(9) Consolidation of questions for judicial review**

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction,

by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

**(c) Requirements for petition**

A petition for review or for habeas corpus of an order of removal--

**(1)**

shall attach a copy of such order, and

**(2)**

shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding.

**(d)**

Review of final orders

A court may review a final order of removal only if--

**(1)**

the alien has exhausted all administrative remedies available to the alien as of right, and

**(2)**

another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

**(e) Judicial review of orders under section 1225(b)(1)**

**(1) Limitations on relief**

Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may--

**(A)**

enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection, or

**(B)**

certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection.

**(2) Habeas corpus proceedings**

Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--

**(A)**

whether the petitioner is an alien,

**(B)**

whether the petitioner was ordered removed under such section, and

**(C)**

whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

**(3) Challenges on validity of the system**

**(A) In general**

Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of--

**(i)**

whether such section, or any regulation issued to implement such section, is constitutional; or

**(ii)**

whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

**(B) Deadlines for bringing actions**

Any action instituted under this paragraph must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure described in clause (i) or (ii) of subparagraph (A) is first implemented.

**(C) Notice of appeal**

A notice of appeal of an order issued by the District Court under this paragraph may be filed not later than 30 days after the date of issuance of such order.

**(D) Expeditious consideration of cases**

It shall be the duty of the District Court, the Court of Appeals, and the Supreme Court of the United States to advance on the docket and to expedite to the greatest possible extent the disposition of any case considered under this paragraph.

**(4) Decision**

In any case where the court determines that the petitioner--

**(A)**

is an alien who was not ordered removed under section 1225(b)(1) of this title, or

**(B)**

has demonstrated by a preponderance of the evidence that the alien is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, the court may order no remedy or relief other than to require that the petitioner be provided a hearing in accordance with section 1229a of this title. Any alien who is provided a hearing under section 1229a of this title pursuant to this paragraph may thereafter obtain judicial review of any resulting final order of removal pursuant to subsection (a)(1).

**(5) Scope of inquiry**

In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

**(f) Limit on injunctive relief**

**(1) In general**

Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

**(2) Particular cases**

Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and

convincing evidence that the entry or execution of such order is prohibited as a matter of law.

**(g) Exclusive jurisdiction**

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.