

Western Washington Office
615 Second Avenue
Suite 400
Seattle, Washington 98104

PHONE: 206-587-4009    TOLL-FREE: 800-445-5771    FAX: 206-587-4025    WEB: WWW.NWIRP.ORG

May 15, 2025

**VIA ACMS**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
The James R. Browning Courthouse
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE:  *Padilla v. U.S. Immigration and Customs Enforcement*, No. 24-2801
    Oral argument scheduled for May 21, 2025
    Panel: Judges Berzon, Friedland, and Mendoza, Jr.
    Letter Filed Pursuant to Federal Rule of Appellate Procedure 28(j)

Dear Ms. Dwyer:

   Plaintiffs-Appellees submit this letter to apprise the Court of recent policy changes that further undermine the government's claim that parole provides a meaningful "safety valve[]" against arbitrary detention. *See* Dkt. 16.1 at 20, 48–52. Those policy changes are reflected in:

• Exec. Order No. 14165, 90 Fed. Reg. 8467, 8468 (Jan. 30, 2025) (directing the Secretary of Homeland Security to "take all appropriate actions to detain, to the fullest extent permitted by law, [noncitizens] apprehended for violations of immigration law until their successful removal from the United States"; end "the practice commonly known as 'catch-and-release'"; and "[a]djust[] Parole Policies" accordingly);

• Exec. Order No. 14159, 90 Fed. Reg. 8443, 8445, 8446 (Jan. 29, 2025) (directing the same regarding detention and limiting the use of parole);

• Memorandum from Pete Flores, Customs and Border Protection ("CBP"), *Ending Catch and Release* (Jan. 20, 2025), *available at* https://immpolicytracking.org/policies/cbp-issues-memorandum-ending-catch-and-

Granger Office
121 Sunnyside Avenue
P.O. Box 270, Suite 146
Granger, Washington 98932

Tacoma Office
1119 Pacific Avenue
Suite 1400
Tacoma, Washington 98402

Wenatchee Office
620 North Emerson Avenue
Suite 201
Wenatchee, Washington 98801

NWIRP is a 501(c)(3) non-profit organization

release/ (directing CBP to "take every reasonable action to ensure that [noncitizens] that enter the United States without proper immigration documents are detained until removed" and limiting "authority to grant parole" to headquarters personnel);

- Adam Shaw, *Trump's ICE limits illegal immigrant releases amid moves to shake off Biden 'hangover'*, Fox News, Feb. 6, 2025, https://www.foxnews.com/politics/trumps-ice-limits-illegal-immigrant-releases-amid-moves-shake-off-biden-hangover.print (reporting directive that "any release of an illegal immigrant in [U.S. Immigration and Customs Enforcement ("ICE")] custody must be personally signed off on by acting ICE director" and statement of ICE official that "I expect the number of releases to fall off a cliff").

These "no-release" policies further support Plaintiffs' argument that the parole procedures fail to provide due process and are no substitute for a bond hearing before a neutral decisionmaker. *See* Dkt. 22.1 at 43–46. Indeed, these recent changes in the government's detention policies—making detention the default and release the rare exception, regardless of whether the person presents a flight risk or danger—demonstrate the inadequacy of entrusting review of detention solely to the jailing authority.

Respectfully submitted,

s/ Matt Adams
Matt Adams
Northwest Immigrant Rights Project
615 Second Ave., Ste. 400
Seattle, WA 98104
206-957-8611

*Counsel for Plaintiffs-Appellees*

cc via ACMS: All counsel of record