

39-82-9621.03

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation

*Washington, D.C. 20530*

May 17, 2025

VIA ACMS

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:  *Padilla v. U.S. Immigration and Customs Enforcement*, No. 24-2801
     Response to Plaintiffs-Appellees' Rule 28(j) Letter Filed on May 14, 2025

Dear Ms. Dwyer:

In their May 14 Rule 28(j) letter, Plaintiffs reference a DHS notice designating certain aliens encountered anywhere in the United States within two years of illegally crossing the border as subject to expedited removal. *See Designating Aliens for Expedited Removal*, 90 Fed. Reg. 8139 (Jan. 24, 2025). That notice was issued in keeping with 8 U.S.C. § 1225(b)(1)(A)(iii), which expressly recognizes the Executive's "sole and unreviewable discretion" to make such designations. 8 U.S.C. § 1225(b)(1)(A)(iii) (referring to "any or all aliens . . . designated by the Attorney General" who have not been admitted or paroled and have not "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility"). In *Thuraissigiam*, the Supreme Court even cited § 1225(b)(1)(A)(iii) to note that aliens "who have lived in the United States for up to two years may be placed in expedited-removal proceedings." *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 150 (2020) (Breyer, J., concurring in judgment).

Plaintiffs nevertheless contend that the notice "undermines" the Government's reliance on *Thuraissigiam*. Dkt. No. 40.1 at 1. They read *Thuraissigiam* as being limited to "the rights of a noncitizen apprehended 25 yards into U.S. territory" after an illegal entry. *Id.* at 2 (internal quotation marks omitted). Not so. While Thuraissigiam was in fact "stopped just 25 yards" from the border, the Supreme Court reasoned that he had "no entitlement to procedural rights other than those afforded by statute" because of his status as an inadmissible alien still "at the threshold of initial entry." *Thuraissigiam*, 591 U.S. at 103, 107. It even noted that aliens paroled "in the country for years pending removal" "are treated for due process purposes as if stopped at the border." *Id.* at 139 (internal quotation marks omitted). The mere fact that Thuraissigiam was apprehended 25 yards—as opposed to, say, miles from the border—was not a dispositive factor in the Supreme Court's analysis of § 1225(b)(1), and *Thuraissigiam* remains relevant for its broad pronouncements regarding the limited procedural rights of aliens subject to an expedited removal order.

- 2 -

Respectfully,

*/s/ David Kim*
DAVID KIM
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 532-4094
David.Kim4@usdoj.gov

*Counsel for Defendants-Appellants*

cc: via ACMS
    Counsel for Plaintiffs-Appellees